UNCYK, BORENKIND & NADLER, LLP

COUNSELORS AT LAW

555 FIFTH AVENUE - 18TH FLOOR, NEW YORK, NEW YORK 10017

(212) 575-1292 • FACSIMILE (212) 768-4469

ELI UNCYK
ALAN BORENKIND
MYRON R. NADLER

JEFFREY S. KOFSKY
MATTHEW B. MILLMAN

August 31, 2009

BY ECF AND BY REGULAR MAIL

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: Combier v. State of New York, Uncyk, Kofsky, et al.
        09 Civ. 5314 (RJH)

Dear Judge Holwell:

  I am associated with Uncyk, Borenkind & Nadler, L.L.P. (hereinafter "UBN"), counsel for Eli Uncyk and for me, two of the defendants herein, purportedly sued in our "individual" and "professional" capacities in an action commenced by Elizabeth Combier, the plaintiff *pro se*. Service was made upon both Mr. Uncyk and me by leaving copies of the complaints at the office of UBN on the afternoon of August 14, 2009.

  In lieu of serving an answer to the lengthy Amended Complaint of plaintiff, we intend to make a pre-answer motion to dismiss the complaint pursuant to Rule 12, including Rule 12(b)(6). Pursuant to this Court's Rules of Individual Practice Number 3A, we respectfully request that this Court schedule a pre-motion conference to address our prospective motion.

  Plaintiff's Amended Complaint attempts to assert six separate causes of action against, *inter alia*, the State of New York, the Appellate Division of the State of New York, New York's Chief Judge, the former Governor of the State of New York, the Presiding Justice of the Appellate Division: First Department, New York, three other present and former judges, various court attorneys, the Public Administrator of the County of New York, a minister, an architect, an insurance company, several lawyers in private practice and plaintiff's twin sister. As far as it can be discerned, the Amended Complaint alleges, in the paragraphs related to each of the six causes of action, that plaintiff's civil and constitutional rights were purportedly violated.

  By way of background, UBN, as a law firm, and not Mr. Uncyk nor I, represented Ms. Combier from approximately October, 1999 through April 2001. UBN's representation primarily consisted of defending plaintiff's interests in a) an action commenced by plaintiff's

UNCYK, BORENKIND & NADLER, LLP

Hon. Richard J. Holwell
August 31, 2009
Page -2-

sister in the Supreme Court of the State of New York, County of New York concerning a trust of which the sisters' mother ("Mrs. Tascherau") was Trustee; and b) the probate of Mrs. Tascherau's will, of which plaintiff was the named executrix and primary beneficiary, in the Surrogate's Court of the State of New York, County of New York. In December of 2005, plaintiff briefly engaged UBN specifically for the limited purpose of arguing an Order to Show Cause in Supreme Court of the State of New York, County of New York, which sought to restrain plaintiff from engaging in certain activities. All papers had already been submitted and UBN's sole role was to appear in court for oral argument. In that case, the Court ruled, off the bench, in plaintiff's favor at the end of oral argument.

Mr. Uncyk and I are, and all relevant times have been, attorneys in private practice. We are not employees or agents of the State of New York, its court system or any other defendant.

The Amended Complaint does not refer to me in any allegation at all, except that it merely identifies me in Paragraph 41 in the section entitled "Parties". Other than being identified as a defendant in Paragraph 40 of the Amended Complaint in the same section identifying "Parties", Mr. Uncyk is not mentioned in the body of the pleading, except for a single reference on page 27, which refers to a conversation that plaintiff claims that she had with Mr. Uncyk seven years before the commencement of this action.

Even affording the allegations the presumption of truth for the purpose of a Rule 12(b)(6) motion, plaintiff's Amended Complaint fails to state a cause of action and must be dismissed. To the extent that one could understand the pleading, plaintiff's supposed causes of action do not mention or concern our firm's representation of plaintiff. Plaintiff's First Cause of Action concerns, *inter alia*, a supposed constitutional claim and asserts that she was wrongly imprisoned by other defendants in April, 2009. Plaintiff's Second Cause of Action concerns, *inter alia*, her purported imprisonment in the Surrogate's Court by other defendants. The Third Cause of Action claims that others have retaliated against plaintiff for being a self-described "whistleblower". The Fourth Cause of Action asserts "municipal violations" as a result of, *inter alia*, the purported payments by a series of different courts to plaintiff's sister's lawyer. The Fifth Cause of Action asserts that plaintiff was denied equal protection under the law, primarily by the Surrogate's Court's refusal to probate Mrs. Tascherau's will. Plaintiff's Sixth Cause of Action is another purported due process claim, seemingly seeking recovery for 11 years of "torture". Although each claim is asserted against all of the "Defendants," only specific defendants are described in the details of each cause of action.

It may be construed that Mr. Uncyk and I are grouped with the unspecified "defendants" whom plaintiff seeks to hold liable for each and every cause of action. However, plaintiff specifies only *other* defendants in each of the six causes of action, with no specificity as

UNCYK, BORENKIND & NADLER, LLP

Hon. Richard J. Holwell
August 31, 2009
Page -3-

to the actions that Mr. Uncyk or I supposedly engaged in for which plaintiff is seeking tens of millions of dollars in damages. Obviously, as neither Mr. Uncyk nor I are state actors or agents, we do not have the ability to, *inter alia*, deny probate to a will or use judicial powers to imprison litigants in courtrooms; we cannot be held responsible for such novel - and meritless -- claims as "municipal violations", and purportedly violating plaintiff's due process, purported state and federal constitutional rights, and plaintiff's other miscellaneous rights.

   Our prospective motion to dismiss the Amended Complaint may contain further and/or different grounds for such dismissal.

   We understand that pursuant to this Court's rules, service of this pre-motion conference within the time provided by Rule 12(a) constitutes timely service of a motion made pursuant to Rule 12(b).

   Accordingly, we respectfully request that this Court schedule a pre-motion conference so that a motion to dismiss can be made in accord with the terms of this letter.

             Respectfully submitted,

             Jeffrey S. Kofsky

JSK/tbm
cc: Ms. Elizabeth Combier
   Kenneth T. Wasserman, Esq. (by ECF only)
   Monica Anne Connell, Esq. (by ECF only)
   Jeffrey Sheetz, Esq. (by ECF only)

Case 1:09-cv-05314-RJH-FM   Document 13   Filed 08/31/2009   Page 4 of 4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       :SS.:
COUNTY OF NEW YORK  )

       **JEFFREY S. KOFSKY**, being duly sworn, says:

       I am not a party to the action, am over 18 years of age, and reside in South Orange, New Jersey.

       On August 31, 2009, I served true copies of the annexed **LETTER REQUESTING PRE-MOTION CONFERENCE** by mailing the same in a sealed envelope, first class mail, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York and an additional copy by certified mail return receipt requested, addressed to the last known address of the addressee as indicated below:

       Ms. Elizabeth Combier
       315 East 65th Street
       New York, NY 10021

                               _____
                                   Jeffrey S. Kofsky

Sworn to before me this
31 day of August, 2009

_____
Notary Public

ALAN BORENKIND
Notary Public, State of New York
No. 4942045
Qualified in New York County
Certificate Filed in Westchester County
Commission Expires Sept. 12, 2010