

140 BROADWAY   SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000   FAX 212.972.8798   schnader.com

Carl J. Schaerf
Direct Dial 212-973-8005
Direct Fax 212-972-8798
E-mail: cschaerf@schnader.com

September 8, 2009

*Via Regular Mail and ECF*

Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **Combier v. State of New York, et al.**
      **Docket No.: 09 Civ. 5314 (RJH)**
      **Our File No.: 3009142-0006**

Honorable Sir:

    We represent defendant Guideone Insurance Company ("Guideone") in the above-captioned action. We submit this letter, pursuant to subsection 3(A) of this Court's Rules of Individual Practice, requesting a pre-motion conference regarding a pre-answer motion to dismiss. This pre-motion conference application is timely served pursuant to F.R.C.P. 12(a), and pursuant to Your Honor's rules, we will refrain from further efforts to answer or move until after this application is addressed.

    The lack of clarity with which the Amended Complaint is pleaded makes a summarization of the claims difficult, however it is fair to say that plaintiff's Amended Complaint asserts six claims. Guideone is not implicated by any of these claims. Plaintiff's First Claim appears to sound in the Federal Constitution, which, of course, cannot be violated by Guideone, a private actor. Plaintiff's Second Claim relates to her allegedly wrongful imprisonment in Surrogates Court, County of New York, and has no pleaded nexus to Guideone. Plaintiff's Third Claim resembles a whistleblower type of theory, yet ascribes no culpable conduct to Guideone. Plaintiff's Fourth Claim asserts "municipal violations" against various New York State trial and appellate courts for conduct intended to obstruct the settlement of a trust instrument, but again seemingly has nothing to do with Guideone. Plaintiff's Fifth Claim resembles a civil rights claim, but specifies no conduct on the part of Guideone that amounted to a deprivation of her civil rights. Plaintiff's Sixth Claim asserts, globally, that all defendants have acted in concert for "eleven years" to "torture" plaintiff, therein violating plaintiff's due process rights, but fails to adumbrate a single act or omission on behalf of Guideone which would be actionable. It is certainly difficult to imagine how this case can possibly survive Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).

**Schnader**
ATTORNEYS AT LAW

Hon. Richard J. Holwell
September 8, 2009
Page 2

    We gather from the Amended Complaint that Ms. Combier is angry with many State Court Judges (both at the lower and Appellate levels), as well as former Governor Spitzer, among others. We fail to grasp, however, what Guideone is claimed to have done to raise Ms. Combier's ire. Other than a brief description of Guideone in paragraph 43 of the section of the Amended Complaint entitled "Parties," the only other mention of Guideone, in paragraphs 72-73, relates to Guideone's alleged 1998 provision of "real estate financing based upon the property value of the church." If these paragraphs actually state a claim (no claim or basis for relief is actually alleged in these two paragraphs), it would have been time barred long ago.

    Notably, New York is not a direct action state relative to insurance companies, except as provided, in quite limited fashion, under Insurance Law § 3420. It is well established that the Direct Action provisions of Insurance Law § 3420 are in derogation of common law, and must be strictly construed. McNamara v. Allstate Ins. Co., 3 A.D.2d 295, 160 N.Y.S.2d 51 (4th Dept. 1957). Nothing in plaintiff's Amended Complaint comes even close to suggesting that plaintiff has the right to a Direct Action against Guideone.

    Guideone's motion to dismiss the Amended Complaint, should this Court grant us leave to submit one, may contain further and/or different grounds for dismissal than those enumerated in this pre-motion conference letter. Among other things, plaintiff's own Amended Complaint suggests the possibility of other grounds for dismissal which will require us to look to decisions rendered by other Courts (indeed, some of these jurists are defendants in this case) over time. We respectfully request that this Court schedule a pre-motion conference at its earliest convenience.

    May I thank the Court for its kind attention to this submission.

Respectfully submitted,

Carl J. Schaerf (CS-5031)
For SCHNADER HARRISON SEGAL & LEWIS LLP

CJS/sh

cc:

**VIA REGULAR MAIL**
Plaintiff (Pro Se) Elizabeth Combier
315 E 65th Street
New York, NY 10065

**ALL DEFENDANTS VIA ECF**