# Schnader
ATTORNEYS AT LAW

140 BROADWAY  SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000  FAX 212.972.8798  schnader.com

Carl J. Schaerf
Direct Dial 212-973-8005
Direct Fax 212-972-8798
E-mail: cschaerf@schnader.com

October 7, 2009

*Via Regular Mail and ECF*

Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Combier v. State of New York, et al.**
            **Docket No.: 09 Civ. 5314 (RJH)**
            **Our File No.: 3009142-0006**

Honorable Sir:

       We appear in this action on behalf of Dr. Fred Anderson ("Dr. Anderson") as well as defendant Guideone Insurance Company ("Guideone") in the above-captioned action. We previously submitted a letter, on September 8, 2009, pursuant to subsection 3(A) of this Court's Rules of Individual Practice, requesting a pre-motion conference regarding a pre-answer motion to dismiss. We now timely submit the same request on behalf of Dr. Anderson.

       As we stated with respect to Guideone, the lack of clarity with which the Amended Complaint is pleaded makes a summarization of the claims difficult. We do not see any viable claim asserted against Dr. Anderson in this rather rambling and confusing *pro se* complaint. Plaintiff's First Claim appears to sound in the Federal Constitution, which, of course, cannot be violated by Dr. Anderson, who is clergy at the Madison Avenue Presbyterian Church. Certainly any conclusion that he is a "State Actor" would raise significant questions concerning the separation of church and state. Plaintiff's Second Claim relates to her allegedly wrongful imprisonment in Surrogates Court, County of New York, and has no pleaded nexus to Dr. Anderson. Plaintiff's Third Claim resembles a whistleblower type of theory, yet ascribes no culpable conduct to Dr. Anderson. Plaintiff's Fourth Claim asserts "municipal violations" against various New York State trial and appellate courts for conduct intended to obstruct the settlement of a trust instrument, but again seemingly has nothing to do with Dr. Anderson. Plaintiff's Fifth Claim resembles a civil rights claim, but specifies no conduct on the part of Dr. Anderson that amounted to a deprivation of her civil rights. Plaintiff's Sixth Claim asserts, globally, that all defendants have acted in concert for "eleven years" to "torture" plaintiff, therein violating plaintiff's due process rights, but fails to adumbrate a single act or omission on behalf

Schnader Harrison Segal & Lewis LLP

BOSTON,MA  NEW YORK,NY  PHILADELPHIA,PA  PITTSBURGH,PA  SAN FRANCISCO,CA  WASHINGTON,DC
CANONSBURG,PA  CHERRY HILL,NJ  HARRISBURG,PA

PHDATA 3240717_2

**Schnader**
ATTORNEYS AT LAW

Hon. Richard J. Holwell
October 7, 2009
Page 2

of Dr. Anderson which would be actionable. It is certainly difficult to imagine how this case can possibly survive Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).

There seem to be some significant statute of limitations issue in this case as well.

Dr. Anderson's motion to dismiss the Amended Complaint, should this Court grant us leave to submit one, may contain further and/or different grounds for dismissal than those enumerated in this pre-motion conference letter. Among other things, plaintiff's own Amended Complaint suggests the possibility of other grounds for dismissal which will require us to look to decisions rendered by other Courts (indeed, some of these jurists are defendants in this case) over time. We respectfully request that this Court schedule a pre-motion conference at its earliest convenience.

May I thank the Court for its kind attention to this submission.

Respectfully submitted,

Carl J. Schaerf (CS-5031)
For SCHNADER HARRISON SEGAL & LEWIS LLP

CJS:cpm

cc:
**CERTIFIED RETURN RECEIPT**
**VIA REGULAR MAIL**
Plaintiff (Pro Se) Elizabeth Combier
315 E 65th Street
New York, NY 10065

**ALL DEFENDANTS VIA ECF**