# MEMO ENDORSED



OCT 14 2009

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial:
(212) 416-8965

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-14-09

October 13, 2009

*We will discuss this application at the October 28th conference.*

*Maas, USMJ,*
*10/14/09*

<u>Via Mail</u>

Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  <u>Combier v. State of New York et al.</u>
     S.D.N.Y. Case No. 09 Cv. 5314

Dear Judge Maas:

This Office represents the State of New York; former Governor Eliot Spitzer; the Supreme Court of the State of New York, Appellate Division, First Department; the State Court judges sued herein; and State Court personnel (collectively "State Defendants") sued in the above-referenced action. By orders dated August 28, 2009 and September 15, 2009, the Hon. Richard J. Holwell referred this case to Your Honor for general pre-trial purposes as well as for a report and recommendation on dispositive motions. Plaintiff <u>pro</u> <u>se</u> Elizabeth Combier moved to oppose this referral on the grounds of the Magistrate's alleged conflict of interest but her application was recently denied by Judge Holwell.

Pursuant to your Individual Practices, a pre-motion conference is required prior to any motion to dismiss. State Defendants now write to ask that this Court schedule a pre-motion conference in this case or permit State Defendants to move to dismiss the Amended Complaint on or before November 13, 2009 without requiring a pre-motion conference.

**Brief Procedural History of Case**

By letter to Judge Holwell dated June 25, 2009, prior

to the expiration of State Defendants' time to respond to the Complaint, State Defendants requested a pre-motion conference in order to obtain leave to file a pre-answer motion to dismiss. Pursuant to Judge Holwell's individual practices, a conference or leave to move was required prior to filing a motion and the request tolled the State Defendants' time to respond to the Complaint. Judge Holwell has now referred the case to Your Honor and we ask for leave to move to dismiss.

**State Defendants Have Grounds for Meritorious Motion to Dismiss**

State Defendants should be granted leave to move to dismiss as such a motion would have substantive merit. Plaintiff sues the State, various state courts, state court personnel, judges and even a former Governor, alleging a vast conspiracy to violate her constitutional rights and to deny her probate of her late mother's will, as well as to intentionally inflict emotional distress upon her. See Amended Complaint at ¶ 100, 110-117. Although the various claims asserted by plaintiff are too numerous to address each one in the context of this letter, her claims are in general subject to dismissal on a number of grounds, including but not limited to: (1) the statute of limitations; (2) Eleventh Amendment immunity; (3) absolute judicial and quasi-judicial immunity; (4) qualified immunity; (5) the Rooker-Feldman doctrine; (6) the Younger abstention doctrine; and (7) failure to state a claim upon which relief may be granted.

For these reasons, State Defendants respectfully request that this Court either schedule a pre-motion conference or waive such requirement and instead grant State Defendants until November 13, 2009 to serve and file a motion to dismiss plaintiff's Amended Complaint.

Very truly yours,

Monica Connell (MC9841)
Assistant Attorney General

cc: Elizabeth Combier, Plaintiff Pro Se *(Via Mail)*
Kenneth T. Wasserman, Esq. *(Via Mail)*
Jeffery H. Sheetz, Esq. *(Via Mail)*
Eli Uncyk, Esq. *(Via Mail)*