USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-6-10

ORIGINAL

MEMO ENDORSED

DEC 2? 2009

Elizabeth Combier
315 East 65th Street
New York NY 10065
212-794-8902

December 27, 2009

The Honorable United States District Court
Judge Richard J. Holwell
Southern District of New Yo
500 Pearl Street
New York, NY 10007-1312

The Honorable Judge Frank Maas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

All Defendants by First Class Mail and
online at Parentadvocates.org

RE:  Combier v The State of New York et al.,
     09 CIV 5314 (RJH)(FM)
     Second Amended Complaint, extension of time

*[Handwritten endorsement:]*
1) The issues regarding the docketing of affidavits of service evidently have been resolved by modifications of prior docket entries that the Pro Se Office caused to me made.
2) I have dealt with the handsman service concerns through my memo endorsement on his letter.
3) A letter from a pro se does not constitute an appearance. Accordingly, the relief requested regarding Ms. Danger is denied.

Maas, USMJ, 1/6/10

Dear Judge Maas,

All parties have been sent via first class mail exact copies of this letter and the attached documents.

On December 18, 2009 I received in the mail the attached endorsed memo (#1) written by you in response to my agreement to extend the time for the Defendants to answer my Second Amended Complaint, and the extension of time for my Answer, and the reply.

I have some concern about your endorsed memo, and I felt it necessary to bring my concern to your attention. You have written that the "docket sheet reflects the issuance of amended summonses but does not contain any entries reflecting actual service of the Second Amended Complaint."

My responsibility as the Plaintiff in the matter with Index number 09 CIV 5314 in the filing and serving of the Second Amended complaint is clearly described in the <u>Manual For Pro Se Litigants Appearing Before the United States District Court For The Southern District of New York</u> which I bought and read carefully, especially as far as service of summons and my Second Amended Complaint and Exhibits. Ms. Connell has made it very clear to me that this case will be dismissed by this Court.

1

On November 24 I followed the book on providing service of the summons and Second Amended Complaint with all Exhibits as stated on p. 60 of the Manual. Posr Posr provided service to: Mr. Jonathan Landsman at his new office with Judge Renee R. Roth at 260 Madison Avenue, NYC; Ms. Dorothy Henderson at 60 Center Street, NYC; and to The Presbytery of NYC at 475 Riverside Drive.

I was with Posr personally when he served Ms. Henderson, I was on my cell phone with him when he was at Mr. Landsman's office and then when he served the Presbytery. He met me back at the Court, and gave me the completed Summons documents, copies of which I have enclosed herein. I went to the Pro Se desk and submitted the documents at approximately 4:05 PM on November 24, 2009, the date that you gave me to complete the service of the Second Amended Complaint and all Exhibits. They stamped my copy of the affirmation of service given to me by Posr, and I assumed that they then filed the certificate of service and gave you your courtesy copy. (enclosed). All the stamped and filed documents are enclosed in this mailing to you and a copy is sent to all Defendants, as listed below as proof and for the record and my website.

I believe that all EXHIBITs were properly sent – except for EX 3A, p. 4 of EX. 8, and 10A, which are enclosed. Over the past eleven years of studying my own case as well as other cases in the law library of pro se Plaintiffs, I have made note of the fact that whenever a pro se Plaintiff writes anything, he/she is accused of being "confused"; whenever a pro se speaks, he/she is told that he/she is rambling, or incomprehensible; and, whenever a pro se sends exhibits, the receiver never gets the entire document. This pattern and practice is very clear. Therefore I have put all documents on my website, Parentadvocates.org, for the general public as well as for the record on this case.

On December 15 I called Mr. Landsman (I spoke with the receptionist at his office), Mr. Edmonds (Stated Clerk of the Presbytery – I spoke with Ms. Austin, his assistant) and Ms. Monica Connell, and all parties acknowledged receipt of the Summons and Second Amended Complaint. Ms Connell confirmed that Mr. Sheetz had, indeed, received the transcript of the April 1, 2009 Hearing in Surrogate's Court (EXHIBIT 12 – I have the audio cassettes of the almost two-hour hearing, as well).  I left a message for Mr. Landsman and Mr. Edmonds to call me about the Notice of Appearance and Answer. Subsequently, Ms. Connell has filed her Notice of Appearance for Ms. Henderson and Guide One Insurance Company has filed the Notice of Appearance for the Presbytery and for Dr. Anderson, in his official capacity.

It is evident to me that both Mr. Lawrence Mark and Mr. Jonathan Landsman are not complying with the Rules of this Court. Mr. Mark was properly served the original Summons and Complaint, the Amended Complaint, and the Second Amended Complaint, with all Exhibits. He is a Defendant in the case at bar because he has collaborated with Mr. Wasserman, Mr. Schram, Ethel Griffin, and the Surrogate Court Defendants as well as Ms. Danger, to steal my mother's valuable property and withhold it from me. I brought a camera as well as Posr with me when I visited Croton in November 2005 and took pictures of the jewelry, composition of Arturo Toscanini, and valuable letters belonging to my mother's estate that Mr. Mark stored in his cold, unprotected garage. This property

was given to Ethel Griffin in July 2006 by Judge Roth who ordered that my mother's Will did not exist for 5 days (all my hospital records from Lenox Hill Hospital July 21-24, 2006 will be made available to all Defendants and this Court). After the five days, Judge Roth made the Will magically re-appear, but now the property in Croton was under the control and administration of Ethel Griffin who is still in control today. I have no information that any property was cared for and preserved. However, Mr. Mark was properly served all papers in a timely fashion, and I have requested previously that your Honor order him to respond, or that I may file a Default Judgment against him. I request for a second time that this court allow me to file a Default Judgment against Mr. Lawrence Mark.

Similarly, Mr. Jonathan Landsman has knowingly violated the Rules of this Court. Mr. Landsman was my attorney, and during the time that he was working with me, he abused me physically and verbally, and collaborated with the Surrogate's Court in making up legal actions that were frivolous, and without foundation. I wrote him letters about this, and I also wrote Judge Lippman. In 2005 Judge Roth ordered me to pay Mr. Landsman almost $8,000, or I would never get my documents back that he was holding and she would put me on trial. Ms. Dorothy Henderson called me several times with Mr. Landsman, urging me to pay Landsman's fees "or else there will be no probate". I refused then and I refuse now the extortion and fraud that I was and still am subjected to by Mr. Landsman as part of the scheme to have me lose all the property left to me by my mother.

Mr. Landsman now works in the same office with former Surrogate's Court Judge Renee Roth. I assume – or, at least hope – that my papers have moved from 42nd street to 260 Madison Avenue, with him. Nonetheless, he is not complying with the Rules of this Court, and I request that this Court start a proceeding for a Default Judgment against Mr. Landsman for not responding to my summons and complaint, properly served in a timely manner, in his office. (See Amended summons and complaint, enclosed herein).

On December 23, 2009 I personally made a visit to the Pro Se desk, and a person there pulled the entire file of this case. She showed me the stamped and filed Affirmation of Service that Posr filled out and told me that the error was theirs - that there was a docketing mistake - and that she would take care of the error on the docket sheet immediately. As of late evening on Sunday, December 27, 2009, this has not been fixed. Therefore, I am sending to you a copy of the stamped and filed affirmation of service on all Defendants of the Second Amended Complaint and all Exhibits and I would request that you let me know how to fix the error of the Pro Se desk personnel.

There seems to be a docketing error with the Notice of Appearance of Julia Danger as well. I am including a copy of the letter that Julia Danger sent to you, Judge Maas, which you copied for me after I told you that I had not received it. In this letter Ms. Danger says she has also written Judge Holwell, so I am sending the letter that she sent to me that was sent to Judge Holwell. Ms. Danger has made a Notice of Appearance in this letter, On November 24, 2009 I asked the Pro Se desk at the Court why Julia Danger was not listed as making a Notice of Appearance, and I told the people at this desk that she had written

3

Judge Holwell, and they told me that "Judge Holwell must be holding her letter in his Chambers."

This makes no sense. Please inform the people who docket documents to put Ms. Julia Danger on the docket of this case as representing herself pro se. She is a Defendant in this matter. She has been sent copies of all documents and the schedule that you have ordered for the Answer and reply to my Second Amended Complaint.

Enclosed in this mailing:
1. Judge Maas' endorsed memo dated December 16, 2009.
2. Stamped Affirmations of Service to all Defendants.
3. EXHIBITS 3A, 7 (p. 4), 8 (entire Will), 10A.
4. Copy of Ms. Danger's letter to Judge Maas, with memo from Judge Maas.
5. Copy of the letter sent by Ms. Danger to Judge Holwell

Thank you for your consideration and attention to the matters described above,

Respectfully,

Elizabeth Combier
PRO SE
315 East 65th Street
New York, NY 10065

Copies sent with all enclosures by First Class Mail to:

Monica Anne Connell
Attorney for all State Defendants
120 Broadway, 24th floor
New York, NY 10271

Carl Schaerf
Attorneys For Dr. Anderson, Guide One, Presbytery of NYC
Schnader, Harrison, Segal & Lewis
140 Broadway, Suite 3100
New York, NY 10005

Jeffery H. Sheetz
Attorneys for Schram, Griffin
Greenfield, Stein & Senior, LLP
600 Third Avenue, 11th Floor
New York, NY 10016

Kenneth T. Wasserman, Atty., at Law

4