UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

ELIZABETH COMBIER,

                    Plaintiff          DOCKET NO. 09 CIV 5314 (RJH)(FM)

    -against-

                                        **NOTICE OF MOTION**
                                 **FOR A JUDGMENT BY DEFAULT**
THE STATE OF NEW YORK, ET AL.,      **AGAINST LAWRENCE MARK**

                    Defendants

---------------------------------------------------------x

**PLEASE TAKE NOTICE** that upon the annexed affirmation of plaintiff Elizabeth Combier, affirmed (signed) on March 22, 2010, and upon the exhibits attached thereto, and upon the pleadings herein, plaintiff will move this Court, before United States District Court Judge Richard J. Holwell, for an order pursuant to Rule 55(b) of the Federal Rules of Civil Procedure granting a default judgment against defendant Lawrence Mark.

**I declare under penalty of perjury that the foregoing is true and correct.**

Elizabeth "Betsy" Combier
315 East 65th Street, Apt. 4c
New York, NY 10065
212-794-8902
212-517-3353 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ELIZABETH COMBIER,

                Plaintiff         DOCKET NO. 09 CIV 5314 (RJH)(FM)

   -against-                **PROPOSED DEFAULT JUDGMENT**

THE STATE OF NEW YORK, ET AL.,

                Defendants
_____x

This action having been brought on June 8, 2009, amended on July 30, 2009, and again on November 24, 2009, by the filing of a summons and complaint, and a summons and complaint having been served on defendant Lawrence Mark by Steven Dlluria, a person authorized to serve summons and complaint under Fed. R. Civ. P. 4© by serving personally Lawrence Mark, Defendant, on August 20, 21, and 22, 2009 at 2110 Quaker Ridge Road, Croaton-on-Hudson, New York 10520, and proof of service having been filed with the Court on August 26, 2009, and it now appearing that this defendant has not appeared, answered or made any motion herein.

Upon reading the attached affirmation of Elizabeth Combier dated March 22, 2010 and the certificate of J. Michael McMahon, Clerk of the Court, noting the default of the defendant Lawrence Mark for failure to appear, answer, or plead in the above-entitled action, it is

**ORDERED, ADJUDGED** and **DECREED** that this matter be referred to United States District Court Magistrate Judge Frank Maas, for an inquest to determine the amount of

damages sustained by plaintiff including interest and costs, and that the Court shall enter judgment accordingly.

_____
United States District Judge

Dated: New York, New York
      March \_\_\_\_, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Elizabeth Combier

                              Plaintiff,                    09 Civ. 5314 (RJH)

       - against -                           **CLERK'S CERTIFICATE**

The State of New York et. al

                              Defendant.
------------------------------------------------------------x

       I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on _The Second Amended Complaint (date) Nov. 24 2009_ with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by serving _Lawrence Mark_ (name) (STATE SPECIFICALLY HOW SERVICE WAS MADE ON DEFENDANT), and proof of such service thereof was filed on _(date) Nov 24 2009_

       I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated:   New York, New York
           March 23, 2010

                                                  J. MICHAEL MCMAHON
                                                  Clerk of the Court

                                          By: _____
                                                    Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ELIZABETH COMBIER,

                    Plaintiff          DOCKET NO. 09 CIV 5314 (RJH)(FM)

      -against-

THE STATE OF NEW YORK, SUPREME COURT
OF THE STATE OF NEW YORK APPELLATE
DIVISION FIRST DEPARTMENT, HON, JOHN T.
BUCKLEY, in his individual and official capacity, HON.
KARLA MOSKOWITZ, in her individual and official
Capacity, ELIOT SPITZER, in his individual and official
Capacity, ERIC REISS, in his individual and official
Capacity, LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity, HON. JONATHAN LIPPMAN,
in his individual and official capacity as the former
Presiding Judge of the New York Supreme Court,
Appellate Division, First Department, HON RENEE
R. ROTH, in her individual and official capacity
as the former Manhattan Surrogate Court Judge,
HON. TROY WEBBER, in her individual and
official capacity, BARBARA LEVITAN, in her
individual and official capacity, MARY SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK, individually, JULIA DANGER,
individually, ELI UNCYK, in his individual and
professional capacity, JEFF KOFSKY, in his individual
and professional capacity, JONATHAN LANDSMAN, in his
individual and professional capacity, DOROTHY HENDERSON
in her individual and professional capacity, GUIDE ONE
INSURANCE COMPANY, PRESBYTERY OF NEW YORK CITY,

                    Defendants

_____x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————x

ELIZABETH COMBIER,

                            Plaintiff        DOCKET NO. 09 CIV 5314 (RJH)(FM)

    -against-                             AFFIRMATION IN SUPPORT OF
                                             JUDGMENT BY DEFAULT
THE STATE OF NEW YORK, ET AL.,     AGAINST DEFENDANT
                                             LAWRENCE MARK

                            Defendants
———————————————————————————x

State of New York  )
                    ) ss.:
County of New York )

Plaintiff Elizabeth Combier, proceeding pro se, hereby affirms under penalty of perjury that the following is true:

1. I am Elizabeth Combier the Petitioner herein and reside at 315 East 65th Street, NY, NY 10065 in the County of New York.

2. As Plaintiff in the above-captioned action pending in the US District Court for the Southern District of New York under Docket No. 09 CIV 5314 (RJH), I am familiar with all the facts and circumstances in this action

3. I make this Affirmation pursuant to Rule 55.2 of the Federal Rules of Civil Procedure, the **Default Judgment Procedure** of Judge Richard Holwell, as well as Federal rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against Lawrence Mark.

1

4. The Motion was made necessary by Magistrate Judge Frank Maas endorsing Plaintiff's request for a pre-motion conference on the default judgment and four other issues with the following statements:

a) *"Given the volume of motions in this case, we need to deal with applications in a logical order."* (First sentence, endorsement, letter sent to Magistrate Maas, EXHIBIT 1), denying Plaintiff her right, pursuant to Federal Rules of Civil Procedure, for a response from a Defendant to a Summons and Complaint that is properly served in a timely manner; Defendant Lawrence Mark was properly served August 20, 21, and 22, 2009, and service on all Defendants of the summons and complaint was filed in this Court on August 26, 2009;

b) *"After I deal with the motions to dismiss I will deal with any remaining issues in due course":* this is a denial of Plaintiff's right to pursue her case in this court, as Defendant Mark's larceny attaches to the actions of all the Defendants named in the instant complaint. None of the named Defendants have any immunity from prosecution due to the unverified Objections To Probate never being corrected so that the Surrogate Court could take jurisdiction. Judge Maas has no discretionary power in discarding the matter of a default judgment arising from accurate and timely service and execution of a summons and complaint, as in the case herein cited, and he cannot decide to dismiss the instant complaint without first reviewing why Defendant Mark held the estate of a non-relative away from the plaintiff, daughter of Julia Taschereau, for twelve years.

c) Magistrate Maas would not hear Plaintiff's request that she made at the conference on October 28, 2009, to pursue Defendant Mark's lack of response (see the transcript of October 28, 2009 in plaintiff's OPP papers filed February 16, 2010); similarly Magistrate

2

Maas ignored Plaintiff's request for a default judgment of Defendant Mark made in a letter sent by Plaintiff to all Defendants and to Magistrate Maas on December 27, 2009 (EXHIBIT 2).

d) Defendant Mark told Plaintiff on March 5, 2010 at approximately 4:45PM that he had received the documents sent to him by Plaintiff, that indeed he never wanted to keep the Plaintiff's property but he was forced to keep it. (EXHIBIT 3 has pictures dated November 2005 of the Julia Taschereau estate withheld from Plaintiff for twelve years by Defendant Lawrence Mark, in his garage in Croton-on-Hudson, New York). EXHIBIT 4 are copies of letters that are part of the Taschereau estate which Defendant Julia Danger says Defendant Mark has in his garage, but the letters are missing and plaintiff alleges that in August 1997 Defendant Danger stole these valuable letters from the apartment of Julia Taschereau, and they belong with the estate).

5. The Summons issued by this Court that was served on Defendant Mark on August 20, 21, and 22 2009 (EXHIBIT 5) says the following:

"A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

*(plaintiff's name, address, and telephone number are listed on the attached Complaint)*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court."

This court cannot deny plaintiff her right to have an answer to her complaint sent to her by Defendant Lawrence Mark in accordance with Federal Rules of Civil Procedure, and

3

therefore plaintiff requests that the Default Judgment against Defendant Mark be granted in its' entirety, along with any other relief that is just and proper.

6. **Nature of the Claim**:

Plaintiff started investigating the actions cited in her complaint as a RICO, when she was discharged from Lenox Hill Hospital on July 24, 2006 following heart failure caused by Surrogate Court Judge Renee Roth (the July 19 2006 order of Judge Renee Roth which changed the 1997 Will of Julia Taschereau so that it did not exist for approximately five days; see Complaint, EX. 2). Plaintiff alleges that the association-in-fact enterprise described in the Complaint, and the services of Defendant Kenneth Wasserman, were paid for by Guide One Insurance Company along with funds set aside by Dr. Fred Anderson ("Anderson") who is Pastor of Madison Avenue Presbyterian Church, ("MAPC"), with the full knowledge and consent of the MAPC Session and the Presbytery of New York City. Judicial Notice should be taken that the New York State Department of State has no listing for a company with the name of "Guide One Insurance" ever being registered to do business in New York State, even under an assumed name.

The RICO was arranged by Anderson and set up by Defendant Kenneth Wasserman ("Wasserman") and Julia Danger ("Danger") the day of death of Julia Taschereau on March 15 1998. Anderson, Wasserman, and Danger needed a co-conspirator to hold the estate of Julia Taschereau away from Plaintiff while they, the named Defendants in the case at bar, established as fact the defamatory lies of Kenneth Wasserman concerning Plaintiff's character. The person so designated could not be Defendant Francesca Sabadie, with whom Danger lived when in the United States. Sabadie served the RICO

4

association by giving Danger an address in New York State from which Wasserman could claim that the Surrogate's Court and New York State Supreme Court had jurisdiction over her (he never made this claim at any time in any court, however). Wasserman, Anderson, Sabadie, Defendant Julia Danger, Guide One Insurance Company ("Guide One") and Defendant the Presbytery of New York City ("Presbytery") as well as the State Defendants brought in after Plaintiff filed motions to get her mother's ashes back, all joined in with Wasserman's strategy to bring into the RICO Defendant Lawrence Mark, whose role it was, and is to the present day, to assist the Defendants as they stole the Taschereau estate and denied Plaintiff her rights to ownership.

On March 17, 1998, as stated in the complaint, Wasserman called Plaintiff at the Taschereau apartment, and accused her of many crimes of abuse and fraud. Wasserman then conveyed all of this to Anderson, who set the ball rolling to harm Plaintiff and take away the Taschereau property by making up that Danger had filed three lawsuits against Plaintiff, and that Plaintiff had stolen money "up to six figures" he said that Wasserman had factual knowledge of, as well as Plaintiff's abuse of, and theft from, her mother and the Trust Fund at Bankers Trust that was never part of the Taschereau estate. (EXHIBIT 6). Defendant Mark used these lies to justify his taking and keeping the property from Plaintiff. Upon information and belief, Defendant Mark was promised a percentage of the estate once the Surrogate Court ruled that Plaintiff could not be the owner, and Mark was also told that he would never be subjected to any prosecution for his larceny by the other named Defendants in the instant case.

5

Sometime before March 31, 1998, Defendants located Lawrence Mark in Croton on Hudson, and arranged for the stolen property to be held by him in his garage so that Plaintiff could not administer the estate as requested by Taschereau in the 1997 Will. Mark attended the Julia Taschereau memorial service at MAPC on March 30, 1998 and introduced himself to the Plaintiff for the first time. Plaintiff had never met him before, and upon information and belief, he was there as a member of the association-in-fact enterprise complained about in the Complaint cited herein. The following day, Plaintiff was thrown out of the Church membership without her consent or knowledge, and this unconstitutional act was followed by several letters saying that the Church needed to distance itself from the lawsuits and conflict between the twins Jill and Betsy, so both twins would be placed on the ineligible list of MAPC. This decision affected only Plaintiff, who was very active in the life and ministry of MAPC up until the death of her mother, while Danger moved to Paris France in 1972, and never worshipped at MAPC. (EXHIBIT 7).

On or about July 26, 1998, at approximately 10:45AM, Wasserman removed all property of any value from the Taschereau apartment located at 201 East 77th Street (apt. #18D). Plaintiff came to the apartment after receiving a telephone call by a person in the building that Wasserman was inside. As Plaintiff opened the door, Wasserman was wheeling out the building cart stuffed with boxes and items from the rooms of the apartment. Plaintiff asked him what he was doing, and he told her words to the effect "You have no right to this property and I'm going to make sure that you never get any of it, and I'm not finished, and will be back". He screamed this into Plaintiff's ear, four inches away. Plaintiff was frightened. Wasserman wheeled the property to the elevator and left.

Upon information and belief, Wasserman went to Croton-on-Hudson sometime thereafter with all or most of the property and placed it in the hands of Lawrence Mark. Pictures of the garage and the property stored there were taken on or about November 23, 2005, by Plaintiff and a photographer in the presence of Mr Mark and his wife. (EXHIBIT 3).

A few days after Plaintiff complained to her Attorneys none of whom would help her get the property placed into a safe storage place, nor would they request that the Surrogate's Court order the return of the priceless letters written to Plaintiff's grandfather – and part of the Taschereau estate – copies of which Danger brought with her to her August 8, 2000 deposition. (Exhibit 4).

Plaintiff made several calls and two visits to Mark during the 2000-2005 years, requesting that Mark place the property in a safe place, outside of the garage, as there were valuable but fragile letters that must be preserved. Mark insisted that he was doing what he was told to do by Wasserman, and could not help nor listen to anything that Plaintiff said. I told Mr. Mark that Wasserman had not filed objections to probate in a verified petition and therefore the Surrogate Court had no jurisdiction, but Mark was not supposed to listen to me.

Wasserman and Peter Schram for Public Administrator Ethel Griffin have control now over this property, and never permitted an appraisal of the property, presumably because they know that Wasserman and/or Danger, Mark, took items from the estate that was stolen on July 26, 1998, and, the damages to the property will have to be assessed, but they do not want that to happen. During the visit of plaintiff and a photographer in November 2005 to the Mark garage, Mark insisted that he had heard from Wasserman

7

that Plaintiff stole from her mother, and forced her to write a Will, and she had to be prevented from getting the property, so he had to keep her from getting any of it.

In 2006, Plaintiff filed a citation that was signed by Surrogate Roth ("ROTH") to appraise the property, and Plaintiff and a once again went to Croton-on-Hudson, this time stopping at the police headquarters. The police refused to take a complaint, so Plaintiff and her witness went to the Mark house to serve the Citation. Mark assaulted the witness/process server, who nonetheless touched Mark with the citation. Plaintiff never agreed to have Mark keep the Taschereau estate in his garage. (EXHIBIT 8)

A few weeks later, Roth ordered the property given to the Public Administrator, Ethel Griffin, bypassing the Successor Executor, Kenneth Brown (EXHIBIT 9). Wasserman claimed that he could not locate Mr. Brown, but Mr. Brown testified at the bench trial in Surrogate's Court August-September 2009 that he had never heard from Mr. Wasserman until Wasserman contacted him for the trial.

Upon information and belief, including the statements made at trial by Wasserman, Mark continues to store the property belonging to Plaintiff in his garage at his home in Croton-on-Hudson, and this is larceny.

Plaintiff called Defendant Mark at his home on March 5, 2010. Mark admitted receiving the documents sent to him by Plaintiff, and told plaintiff that he wanted to have a pre-motion conference before Judge Maas after he returned from a trip on March 23, 2010. Defendant Sabadie requested a pre-motion conference after she returned from a trip on April 12, 2010.

On March 9, 2010, Magistrate Judge Frank Maas endorsed a letter to all parties saying that no pre-motion conference to address the default of Defendant Mark, sanctions

8

against Kenneth Wasserman, a new cause of action for the altering of documents by Mary Santamarina, plaintiff's request for summary judgment on the issue of immunity and jurisdiction, and the repairing of the incorrect docket sheet, would occur because this would not be "logical".

Plaintiff is not an attorney and is a pro se litigant who has, it appears, no rights in this Court. In fact, this Court and the Defendants in this matter are outraged that plaintiff has documented the past twelve years so well of the conspiracy designed to steal and plunder her mother's estate and make sure that the 1997 Will of Julia Taschereau is never probated and that plaintiff never receives any of the property. Judge Maas' statement that plaintiff's request for corrections to the docket and to obtain a default judgment of Defendant Lawrence Mark is not "logical" is, in itself, a denial of plaintiff's constitutional rights to equal representation before the law, as well as a violation of the Local Rules of this Court and Federal Rules of Civil Procedure.

**7. The basis for subject matter jurisdiction over the action:**

Plaintiff alleges that DEFENDANTS, with flagrant disregard for Plaintiff's Constitutionally protected rights, wantonly, recklessly, maliciously, knowingly and purposefully, acting *ultra vires* individually under a ministerial cloak and in conspiracy with each other under color of state law, have deprived Plaintiff of her protected rights. Plaintiff's action filed on June 8, 2009 and amended on July 30 and November 24, 2009, cites violations of civil rights, namely freedom of speech, religion, assembly, liberty, property, the obstruction of justice and the denial of her right to due process, and the lower courts' lack of subject matter jurisdiction over the Objections To Probate or personal jurisdiction over Julia Danger, in whose name all the Defendants say they have

9

acted in concert. Plaintiff can prove that all the actions taken by the Defendants were arbitrary, capricious, performed with malice, and deliberate, with a focus on denying Plaintiff her Constitutional rights pursuant to 28 U.S.C. Section 1331, namely her 1st, 5th, 7th and 14th Amendment rights.

This Court has subject matter jurisdiction over the April 1, 2009 threat of Defendant Troy Webber to find Plaintiff in contempt for posting the transcript of the hearing on Plaintiff's website, Parentadvocates.org, and her blog, New York Court Corruption. Most importantly, this Court and no other Court can give Plaintiff relief from the predicate acts pursuant to 42 U.S.C.§1983– including the changing of the Taschereau Will which almost killed Plaintiff on July 21, 2006 – as the courts have maliciously, deliberately, knowingly and recklessly violated the rights of Plaintiff again, under color of law, in concert with the defendants named in the instant case, all without jurisdiction for their predicate acts. This is a civil action seeking injunctive relief, monetary relief, including past and on-going economic loss, compensatory and punitive damages, costs and fees for violations of Constitutionally protected rights brought pursuant to: the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution; 42 U.S.C §1983, § 1985(2), (3); §1986; 28 U.S.C. § 1331, §1343, §1367, §1443; 18 U.S.C. §201, §241, §242, §641; 18 U.S.C. §1341, §1343; 18 U.S.C. §1505, §1512, §1513, and §1515; 18 U.S.C.A.§1951, §1952, and §1957; 18 U.S.C. §1961; SCPA §203, §302 1(a), §303 and §502; Civil Rights Law §§70, 76-a, and 79-h; Article I, § 8, §11 of the New York State Constitution; Judiciary Codes of Conduct, Judiciary Law §487, and other State law claims codified in the New York State Constitution as well as in the New York Civil Practice Law and Rules ("CPLR") as they relate to: procedures to assure fairness and

equity in the Courts of New York State; prohibition of obstruction of justice, tampering with witnesses and contracts, conversion of property and fraud; support for freedom of speech and assembly; freedom from malice in law, from abuse of process and malicious prosecution, and from the intentional infliction of emotional harm.

8. **The basis for personal jurisdiction over defendant Mark**:

Pursuant to Federal Rules of Civil Procedure 9(b), and the requirements of stating a RICO claim, Plaintiff has included the specific acts of Defendant Mark ("Mark") above, and in her Complaint. Personal jurisdiction was assumed by this Court upon the personal service of Defendant Mark at his home at 2110 Quaker Ridge Road in Croton-on-Hudson by process server "Steven DIluria" who works for the company hired by Plaintiff to serve Mark and Sabadie. The Affidavit of Service for the Summons and Complaint served on Mark and the other Defendants were properly and timely filed in the United States District Court on August 26, 2009, and docketed on the docket sheet on August 27, 2009. The Court accepted the service as complete. (EXHIBIT 5; and, Docket sheet number 12)

9. Defendant Mark is not an infant or minor, is not mentally incompetent, and is not in the military service of the United States.

10. All papers subsequent to the personal service of the summons and complaint have been sent to Mark, and Plaintiff has the proof that the Motion in Opposition To the Motions To Dismiss and For Summary Judgment was sent to Mark on February 16, 2010. In this Opposition Motion, Plaintiff included the transcript of the Oct. 28, 2009 hearing in front of Magistrate Judge Maas wherein Plaintiff told Maas that Mark was in default, and there is an entry in the docket sheet (Entry #40) of a letter sent to Mark on December 26, 2009 and received by him on December 30, 2009 that specifically mentions the default of

11

Mark. On March 5, 2010, plaintiff called Defendant Mark at his home and spoke with him about the summons and complaint, which he has received, he said. He offered to attend a pre-motion conference at the Court after March 23, 2010. More than sufficient notice has been given to Mark that he must respond to Plaintiff's Summons and Complaint pursuant to Federal Rules of Civil Procedure with an Answer or a Motion to Dismiss. He has deliberately refrained from doing anything, and therefore knowingly violated the Rules of this Court.

11. A certificate of Default stating that the defendant was properly served with the complaint and has failed to answer and failed to appear, signed and stamped by the Clerk of the Court, is attached, as per the pro se Manual.

12. Plaintiff is not an Attorney, and understands that her costs in pursuing the rights denied to her as far as Attorney fees are intricately related to the other actors named as defendants in the case at bar; Plaintiff requests a minimum of $50,000 from defendant Mark, for plaintiff's attorney fees, in addition to the return of the estate property belonging to Julia Taschereau with the damages to the property added in to the final amount. Mark and all the other named Defendants are liable, Plaintiff claims, for all damages to the estate found by an independent forensic appraiser.

13. A copy of the complaint is attached as Exhibit 10 pursuant to Judge Holwell's Default Judgment procedures, without the exhibits that were attached, and filed in this court (EXHIBITS 1-13 are available online at:

http://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=7661)

14. A proposed form of default judgment is attached pursuant to the pro se manual.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ELIZABETH COMBIER,

                      Plaintiff         DOCKET NO. 09 CIV 5314 (RJH)(FM)

    -against-                   **STATEMENT OF DAMAGES**

THE STATE OF NEW YORK, ET AL.,

                      Defendants

_____x

Principal amount sued for is the value of the Estate of Julia Taschereau as it would have been valued at in July 1998, to which damages must be added to the date of return to Plaintiff.

Damages, and interest on the property must be determined by a forensic investigator.

Costs and Disbursements

Filing Fee for this action…………………………..$350.00

Process Server fee for service…………………… $300.00

TOTAL (as of March 22, 2010): Not Available until the property is assessed