Defendants' unlawful acts committed *ultra vires* by the state actors under color of state law, and private actors, climaxed in the scheduling of a trial without a jury in Surrogate Court before Defendants TROY WEBBER and MARY SANTAMARINA on August 4, 2009. This trial was scheduled without a foundation in fact or law to retaliate against Plaintiff for her writing about Defendants and the violation of state and federal laws from 1998 to the present. Upon information and belief Plaintiff has been harassed by Defendants for her commitment to exposing the actions of Defendant ANDERSON, Pastor of Madison Avenue Presbyterian Church ("MAPC") and The Presbytery of New York City as they conspired to use the church property – including the manse and any other property designated by Defendants as collateral - to finance real estate deals and fraudulently bill the congregation two or three times the proper amount for building repairs.

86. Defendants had eleven years to order that DANGER file a Verification of the Objections to Probate of the 1997 Will of Plaintiff's mother, Julia Taschereau ("Will") who died during the night of March 15-16 1998. Defendant WASSERMAN in February 2000, yet did not do so until a Verification was presented and approved by Surrogate Court as valid on August 4, 2009, the first day of trial, nine years too late, and subject to laches.

87. Defendants also acted in concert to ignore the fact that the Samuel Strauss Trust at Banker's Trust Company ended in July 1999 with the signing of a notarized agreement between DANGER and COMBIER, and there was no Trust in existence from that date, yet the matter "Danger v Combier" remained in the Unified Court System until October 1, 2009.

88. On April 1, 2009, Plaintiff was locked in Surrogate courtroom 510 by Surrogate Webber with Defendants Wasserman, Schram and Santamarina, and was threatened with contempt of court if she posted the tape recording of the April 1 hearing on her website, or in the media, and her statements concerning her compliance with discovery and inspection requests for eleven years were ignored.

89. Defendants have shown frivolous conduct and flagrant disregard, actionable negligence and fraud pursuant to §130-1.1:

(a) that is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

(b) that is undertaken primarily to delay or prolong the resolution of the litigation, and to harass or maliciously injure another;

(3) that asserts material factual statements that are false.

On the question of federal courts acting as an intervenor in a state court action (The Constitutional Law of the United States):

"It is, however, not quite correct to say that the two judicial systems are "entirely independent in their sphere of action." It is true that the state courts are wholly without power in any way to control the operations of the federal courts, but the reverse is not true. . .Furthermore the federal courts possess the right to protect their own jurisdictional rights or the rights of parties to suits before them by restraining orders forbidding proceedings in the state courts.

...the federal courts have not hesitated to enjoin proceedings in state courts where this has been necessary to preserve their own jurisdictional rights, or to protect individuals in their federal rights. ...A court of the United States is not prevented from enforcing its own judgments by the statute which forbids it to grant a writ of injunction to stay proceedings in a state court." Where, however, the act ordered is one unconnected with his official state duties, the fact that an individual is a state functionary would not exempt him from the mandatory power of the federal courts."

90. Plaintiff Pro Se requests this Court's notice of the following: that Plaintiff has tried her best to file a pleading that is in accordance with Rule 8(a)(2), and asks that this court review the complaint in light of this as a best effort made in good faith; and that any consideration of a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted requires that a Court accept as true all well-pled factual allegations within and outside the pleadings, since a motion to dismiss for failure to state a claim tests only the legal sufficiency of a complaint, and a plaintiff is thus required to allege only enough facts to state a claim to relief that is plausible on it's face. Plaintiff has, she alleges, met this standard to the best of her ability and the instant second amended complaint cannot be dismissed.

91. Defendants have shown a conscious disregard for the rights and reputation of Plaintiff and acted  so recklessly as to amount to such disregard. New York State public policy prohibits insurance indemnification for punitive damage awards and prohibits insurance coverage for punitive damages assessed against New York insureds.

92. As a result of Plaintiff's reporting as required by journalists and reporters in the press, on fraudulent conduct of Defendants in the Surrogate Court inside and outside the Court from 1992 to the present, Plaintiff was and continues to be subjected to the intentional infliction of emotional harm, verbal assault, ethical misconduct, denial of her rights to free speech and assembly, retaliatory harassment and constitutional torts involving rights to liberty, property and freedom of the press from prior restraint.

Plaintiff respectfully submits her statement on RICO IN THE NEW YORK STATE

UNIFIED COURT SYSTEM in Exhibit 13 which is attached to this Amended

Complaint.

**FIRST CAUSE OF ACTION**
**Violation/Interference with Constitutionally Protected Rights – 1st, 5th, 7th & 14th**
**Amendments; 42 U.S.C §1983 et seq.; Freedom of Speech and Association; Due**
**Process and Equal Protection Rights; Undeniable Right to a Trial By Jury**

93. Plaintiff repeats an re-alleges each and every allegation contained in paragraphs 1

through 92 as though fully set forth herein.

94. Since 2005 there has been a conspiracy established involving the Defendants with the

sole purpose of denying the probate of the 1997 Will of Julia Taschereau. The conduct

and actions of Defendants in retaliating against Plaintiff and subjecting her to assault,

ethical misconduct, violations of her due process, press, and equal rights under the U.S.

Constitution and the laws of the State and City of New York, were and continue to be –

including the imprisonment in the Webber Courtroom on April 1, 2009 and the threats of

"contempt of court" for posting anything on Plaintiff's website or blog – unlawful,

oppressive and a malicious attempt to retaliate against her for having exercised her

Constitutional Right of Free Speech as a private citizen regarding matters of public

concern and to deprive her of that right in violation of 42 U.S.C §1983, TITLE 42

CHAPTER 21 SUBCHAPTER I § 1985(2), (3), the First, Fifth, Seventh and Fourteenth

Amendments to the Constitution, Civil Rights Law §79-h, Article I, § 8 of the New York

State Constitution, Title 28: part iv; chapter 85; § 1343, and 28 U.S.C. §1331,28 U.S.C

§1367, Judiciary Codes of Conduct, Judiciary Law §487, and other State law claims as

they relate to Plaintiff's right to a trial by jury,  freedom of speech, assembly, open

courts, and rights of liberty and property as well as freedom from malice in law, malicious prosecution, and the intentional infliction of emotional harm.

95. Defendants' infringement upon and violation of Plaintiff's rights protected under the statutes listed above was and is intended to harm Plaintiff as a reporter/whistleblower of fraud and corruption, and to place a chilling effect upon the exercise of such rights by Plaintiff and other persons as is their right, as provided by the U.S. Constitution and exercise of such rights.

96. Defendants' conduct and actions are intentional, malicious, taken with deliberate indifference and or reckless disregard for the natural and probable consequences – given the already documented heart failure of Plaintiff on July 21, 2006, upon receiving the changing of the Will of her mother by the Surrogate Court – and without lawful justification or reason.

97. Defendants Webber, Wasserman and Santamarina cannot claim Eleventh Amendment immunity as there is no personal or subject matter jurisdiction for their verbal harassment, imprisonment, defamation, slander, libel, changing the 1997 Taschereau Will without cause or reason, and pursuing a non-existant case called "Danger v Combier".

104. Defendants Webber, Santamarina, and Wasserman's conduct and actions were committed by individuals who were final policy makers and acting under the color of law.

98. Defendants Webber, Santamarina, Danger and Wasserman's conduct and actions created a hostile environment in the Court so that Plaintiff would suffer harmful consequences starting in March 1998 and continuing without interruption until the

present, June 2009, and therefore created a continuing violation as well as a pattern and practice of abuse.

99. Defendants failed to intervene, prevent, or correct the conduct and actions that deprived Plaintiff of her Constitutional rights, and indeed, changed the Index number of "Danger v Combier" to place the case in the Surrogate and the Supreme Court without jurisdiction in revenge for Plaintiff's work as a reporter/advocate.

100. As a direct result of Defendants actions described herein, Plaintiff has suffered and continues to suffer fear, trauma, emotional distress, mental anguish, loss of income, and loss of her health.

101. As a result of the Defendants' eleven-year crusade to maliciously harm Plaintiff, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish  and is entitled to damages sustained to date and continuing in excess of $2 million dollars as well as punitive damages and costs.

## SECOND CAUSE OF ACTION
### Intentional and NegligentInfliction of Emotional Distress , Verbal Harassment, and False Imprisonment With Unjustified Threats of Future Harm

102. Plaintiff repeats and re-alleges each of the allegations as set forth above in paragraphs 1 through 101 inclusive, of this Complaint, with the same force and effect as though herein fully set forth.

103. Plaintiff was subjected to imprisonment inside the Courtroom of the Surrogate Webber on April 1, 2009, and Plaintiff was subjected to emotional and psychological dangers and intimidation. Webber told Plaintiff that if she posted the tape or transcript on her website that she [Webber] would hold her in "contempt of court". The SCPA does not have an entry for such a threat. Defendants intended to confine Plaintiff on April 1, 2009;

the Plaintiff was conscious of the confinement; the Plaintiff did not consent to the

confinement; the confinement was not otherwise privileged. Plaintiff has been subjected

to extreme and outrageous conduct by Defendants, whose intent is to cause – or

recklessly disregard the substantial probability of causing – severe emotional distress;

severe emotional distress to the plaintiff is shown to be proximately caused by the

Defendants' conduct; Damages have been severe, to Plaintiff's heart, and her well-being,

after heart failure on July 21, 2006. These acts created an unreasonable risk of causing

the Plaintiff emotional distress; the Plaintiff's emotional distress was foreseeable; the

defendants' conduct was the cause of the Plaintiff's emotional distress; and facts show

there is a breach of direct duty of care to the Plaintiff which results in the Plaintiff's being

unreasonably placed in fear of physical harm.

104. On October 26, 2007, and November 5, 2007, Surrogate Roth also imprisoned

Plaintiff in the same Courtroom in order to intimidate, harass, and threaten Plaintiff into

giving up seeking the Probate of the 1997 Will of Julia Taschereau. Roth told Plaintiff on

or about October 12, 2007, that if she did not come to her courtroom for a deposition on

the Danger v Combier case, she [Roth] would not Probate the 1997 Will of Taschereau.

105. On October 25, 2007, Plaintiff went to her doctor's office, crying, and told her

doctor that she was severely traumatized by the Surrogate Court and Kenneth

Wasserman, and was afraid for her life, after her heart failure in July of 2006. Her doctor

wrote a note to the Judge, saying that it was imperative that Plaintiff not be alone with

Wasserman, but keep her two associates, Alan and Marcia, with her at all times.

106. Seconds after entering the courtroom Room 510, Plaintiff was pushed inside by

Court officer with badge number 4689, and her two colleagues were prevented from

entering. Then, Plaintiff's cell phone was grabbed from her hand so that she could not call for help. Judge Roth laughed at her when she asked for her two associates and showed the doctor's note. Roth told her, "if you do not submit to this deposition right now I will not probate your mother's Will". Court officer with badge number 4689 put his hand on his gun. Plaintiff felt as if she would have a physical traumatic event, but she had to sit down. She continued until 3PM, and was attacked by Wasserman for saying she was not feeling well. The Court demanded another day, November 5.

107. On November 5 the same events occurred. However, Plaintiff brought with her the CPLR and SCPA, to show the Judge that the Uniform Rules were being broken and that her rights were being denied. Defendant Santamarina and law secretary Dorothy Henderson laughed. They both insisted that as Plaintiff was not an Attorney, she was stupid and could not cite the law with any understanding.

108. The deposition was on issues concerning the Samual Strauss Trust at Banker's Trust, which Judge Roth had thrown out of her court in July 2006 because she had no subject matter jurisdiction over the Trust, which had ended in 1999 and was not part of the Taschereau estate.

109. Defendants used the tactic of imprisonment, harassment via personal attacks and intimidation in order that Plaintiff give up fighting for her mother's 1997 Will, stop writing about the corruption of the courts and at MAPC, and be forever silent.

110. As a result of this retaliation, intimidation, and abuse, Plaintiff has been irrevocably harmed both emotionally and physically, and demands judgment against Defendants an amount more than $5 million, or to be determined by a jury of her peers, who she prays will understand the torture that eleven years of this treatment has cause her and her

family, all without basis in fact or law, and without personal or subject matter jurisdiction.

**THIRD CAUSE OF ACTION**
**WHISTLEBLOWER RETALIATION**
**18 U.S.C. §1986 Action For Neglect To Prevent; Defamation**

111. Plaintiff repeats and re-alleges each of the allegations as set forth above in paragraphs 1 through 110 inclusive, of this Complaint, with the same force and effect as though herein fully set forth.

112. Plaintiff has been a reporter of news for more than thirty years, and an advocate for those without a voice for almost as long. She has written reports on the fraud and corruption of the Courts for almost eight years, and spoke on Capitol Hill about this matter in May 2007. This report is online and on YouTube.

113. Guide One Insurance Company, the insurer of Madison Avenue Presbyterian Church, and the entity that pays Mr. Wasserman at least partially, to harass me, Plaintiff, was so furious with the information that Plaintiff had on the fraud at MAPC that the President filed for an Order of Prior Restraint against her [Plaintiff] in November, 2005. Plaintiff wrote a brief on her First Amendment rights and won dismissal within ten minutes in Supreme Court. Defendants have painted a picture of Plaintiff as a person who cared nothing for her mother, to the extent that she left her mother destitute while using the money to enjoy a wealthy lifestyle paid by Plaintiff's credit cards; this falsity was published to Plaintiff's Church and members, and the publication of the lies were made with malice, recklessness, gross negligence, and gross irresponsibility..

114. After all the 10 years of writing about this matter and Defendants' actions, not one individual has sued Plaintiff for libel, because they all know that Plaintiff is correct in

what she publishes. DEFENDANTS are required to provide relief for the actions that are in violation of the U.S. and State Constitutions, yet have not done anything but attack Plaintiff for what they should be doing.

115. One day after the death of her mother on March 16, 1998, Plaintiff received a telephone call from Mr. Kenneth Wasserman, telling her in a threatening tone that she "will be sorry that she ever received the apartment" from her mother.

116. From that day to the present, Wasserman has made himself a respondent in every matter that Plaintiff has been involved in. She discovered secret memos from Wasserman at the Appellate Division, First Department, saying Wasserman was a "RESPONDENT-APPOINTMENT-PRO SE in the case involving the Church's withholding of the ashes of her mother from Plaintiff. Mr. Wasserman told the Church to do that.

117. Defendant Danger said in her deposition that she knew nothing about the undo influence of Plaintiff, that she was told about it by her Attorney, who was told about this from the Executor-in-training, the choir director of the Church, John Weaver, and his wife Maryanne.

118. Wasserman interrupted Danger to say that she wouldn't know about it because it was legal stuff, and she lived in France. However, this argument fails to stand up to scrutiny, as Danger stayed in the apartment of Julia Taschereau whenever she came from France for a visit, every summer. Plaintiff did not live with her mom, and only protected her from assassination at the hands of Danger, who beat her mother continuously.

119. The specific forms of retaliation against Plaintiff take the following forms:

- setting up a case called "Danger v Combier" by placing the case into the Supreme Court computer, and never serving Plaintiff, due to the Settlement Agreement being signed in 1999 and the Trust ended at that time;

- changing the 1997 Will of Taschereau to not existing, so that the property could be given away to Ethel Griffin;

- breach of contract in "Danger v Combier" incurring more than $100,000 in legal fees from Plaintiff for a case not based on fact or law;

- three years of harassing telephone calls from Defendants Santamarina and Wasserman

- imprisonment alone in the Courtroom of Roth, then Webber, to be threatened with Contempt and denial of probate of the 1997 Will.

120. As a result of this retaliation,  Defendants ordered, on July 17, 2009, a Trial on the validity of the Taschereau Will suddenly to take place on August 4, 2009 in Surrogate Court without a jury. Plaintiff has been irrevocably harmed both emotionally and physically, and demands judgment against Defendants an amount not less than $15 million, or to be determined by a jury of her peers, who she prays will understand the torture that eleven years of this treatment has cause her and her family, all without basis in fact or law, and without personal or subject matter jurisdiction.

## FOURTH CAUSE OF ACTION
## 42 U.S.C. §1983 – STATE AND MUNICIPAL VIOLATIONS; 18 U.S.C. §241, §242, §201, §641, §1341 ,§1343, §1443 , §§1512, 1513, 1515
## Deprivation of Rights Under Color of Law; Misrepresentation
## New York State Civil Rights Law §§70, 76-a, 79-h

121. Plaintiff repeats and re-alleges the allegations et forth in paragraphs 1 through 120 inclusive, of this Complaint, with the same force and effect as though herein fully set forth.

122. Defendant Danger signed and notarized an agreement that is binding, settling the Samuel Strauss Trust in June, 1999. Later that year Wasserman secretly filed a case "Danger v Combier" that in effect said that this contract was no good. This false representation was made as a statement of fact, as was the fact that Julia Taschereau was a Co-Trustee of the Samuel Strauss Trust, yet Wasserman said the only Trustee was Banker's Trust; Defendants statements were untrue and known to be untrue as they relate to "Danger v Combier" as a valid case, or the "Objections To Probate" being also valid even though the paper was not verified until August 2009; Defendants made the statements so that Plaintiff was forced to act upon them, to her injury for doing so.

123. However, the Surrogate, Supreme, and now Appellate Courts paid Wasserman to pursue this case costing Plaintiff hundreds of thousands of dollars in legal fees.

124. Defendants, acting under color of law, have engaged in a course of action and behavior rising to the level of a policy and condoned practice, and this has deprived Plaintiff of her rights secured by the Constitution and laws in violation of 42 U.S.C. §1983.

125. It can be said that to condone lies, false documentation, the changing of Index numbers, lawsuits without foundation and/or evidence is contrary to Municipal Law and Public Officers Law.

126. Defendant Danger has, upon information and belief, played along with the Defendants Wasserman, Santamarina, and Webber, to see what, if any, harm she is able to do to her sister, Plaintiff, who she has hated for her entire life. Plaintiff defended their mother against the brutal emotional and physical assaults of Julia Danger, an alcoholic. Danger signed the agreement ending the Strauss Trust in June, 1999, took the money,

then permitted Defendant Wasserman to fabricate lies about Plaintiff that cost her more

than $500,000 in attorney fees, loss of income, and emotional trauma.

127. As a result of the Defendants' eleven-year crusade to maliciously harm Plaintiff,

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages, as well as damages for mental anguish  and is entitled to damages sustained to

date and continuing in excess of $2 million dollars as well as punitive damages and costs.

### FIFTH CAUSE OF ACTION
### 42 U.S.C. §1985 and Abuse of Process

128. Plaintiff repeats and re-alleges the allegations et forth in paragraphs 1 through 127

inclusive, of this Complaint, with the same force and effect as though herein fully set

forth.

129.  Defendants, and each of them conspired to deprive Plaintiff of her First, Fifth,

Seventh and Fourteenth Amendment rights, and jointly caused such deprivation of rights

by acting in concert to unlawfully and silence Plaintiff as described above. EXHIBIT 12

130. Such actions by Defendants denied Plaintiff equal protection under the law, based

on Plaintiff being a reporter and whistleblower. All of these rights are guaranteed to the

Plaintiff under U.S.C. §§ 1983, 1985, and the Fourteenth Amendment of the US

Constitution.

131. Each of the Defendants knowingly separately and in concert acted willfully,

knowingly and purposefully with the specific intent to deny Plaintiff the relief she

requested, namely to probate her mother's Will. The regularly issued civil process known

as "Probate" has been denied Plaintiff for eleven years; Defendants have intended to do

harm without excuse or justification; Defendants have used this process in a perverted

manner to obtain a collateral objective, the unlawful interference with Plaintiff's person and property.

132. Defendants Wasserman, Webber, and Santamarina knowingly acted to harm Plaintiff outside of the scope of their jurisdiction and without authorization of law.

133. As a result of the Defendants' eleven-year crusade to maliciously harm Plaintiff, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish  and is entitled to damages sustained to date and continuing in excess of $10 million dollars as well as punitive damages and costs.

## SIXTH CAUSE OF ACTION
### Violations of due process,
### and Malicious Prosecution

134. Plaintiff repeats and re-alleges the allegations et forth in paragraphs 1 through 139 inclusive, of this Complaint, with the same force and effect as though herein fully set forth.

135 Plaintiff alleges that Defendants willingly and recklessly have acted together to deny Plaintiff her Constitutional rights to due process for eleven years, all to gain control over valuable property. For nine years Plaintiff was subjected to malicious prosecution without the proceeding "Danger v Combier" or "Wasserman's "Objections To Probate" having probable cause at their commencement.

136. Defendants have ignored all the documents and motions submitted by Plaintiff to show that everything she has done is honest, with integrity, and beyond reproach.

142. As a result of this retaliation, intimidation, and abuse, Plaintiff has been irrevocably harmed both emotionally and physically, and demands judgment against Defendants an

amount more than $5 million, or to be determined by a jury of her peers, who she prays

will understand the torture that eleven years of this treatment has cause her and her

family, all without basis in fact or law, and without personal or subject matter

jurisdiction.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter judgment and an Order:

A] First Cause of Action: in excess of $2 million dollars as well as punitive damages, and costs.

B] Second Cause of Action: in excess of $5 million dollars as well as punitive damages, and costs.

C] Third Cause of Action: in excess of $15 million dollars as well as punitive damages, and costs.

D] Fourth Cause of Action: in excess of $2 million dollars as well as punitive damages, and costs.

E] Fifth Cause of Action: in excess of $10 million dollars as well as punitive damages, and costs.

F] A declaratory judgment stating that Defendants willfully violated Plaintiff's rights secured by federal and state laws as alleged herein.

G] Injunctive relief: an injunction requiring Defendants to correct, and caese all present and past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to act in violation of federal and state law as stated herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

H] Awarding Plaintiff punitive  damages against all individual defendants.

I] An Order granting such other legal and equitable relief as the court deems just and proper.

## JURY TRIAL IS DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

45

Dated: New York, New York
      November 23,, 2009

Respectfully Submitted,

Elizabeth Combier
Plaintiff Pro Se
315 East 65th Street
New York, NY 10065
212-794-8902

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ELIZABETH COMBIER,

                   Plaintiff          DOCKET NO. 09 CIV 5314 (RJH)(FM)


       -against-                        **AFFIRMATION OF SERVICE**

THE STATE OF NEW YORK,  SUPREME COURT
OF THE STATE OF NEW YORK APPELLATE
DIVISION FIRST DEPARTMENT, HON, JOHN T.
BUCKLEY, in his individual and official capacity, HON.
KARLA MOSKOWITZ, in her individual and official
Capacity, ELIOT SPITZER, in his individual and official
Capacity, ERIC REISS, in his individual and official
Capacity,LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity, HON. JONATHAN LIPPMAN,
in his individual and official capacity as the former
Presiding Judge of the New York Supreme Court,
Appellate Division, First Department, HON RENEE
R. ROTH, in her individual and official capacity
as the former Manhattan Surrogate Court Judge,
HON. TROY WEBBER, in her individual and
official capacity, BARBARA LEVITAN, in her
individual and official capacity, MARY SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK, individually, JULIA DANGER,
individually, ELI UNCYK, in his individual and
professional capacity, JEFF KOFSKY, in his individual
and professional capacity, JONATHAN LANDSMAN, in his
individual and professional capacity, DOROTHY HENDERSON
in her individual and professional capacity, GUIDE ONE
INSURANCE COMPANY, PRESBYTERY OF NEW YORK CITY,

                        Defendants

_____x

**I, Elizabeth Combier, affirm under penalty of perjury** that

I have served a copy of the Notice of Motion, Affirmation

In Support of Default Judgment of Defendant Lawrence Mark,

and all exhibits, upon the Attorneys and Defendants named

in the caption at the addresses listed below by First Class

Mail sent from the United States Post Office on March 22,

2010.

I declare under penalty of perjury that the foregoing is

true and correct.

Dated: New York, NY

March 22, 2010

315 East 65th Street
New York, NY 10065
212-794-8902

Jeffery H. Sheetz
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016

Kenneth Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Eli Uncyk and Jeffrey Kofsky
555 Fifth Avenue, 18th fl
New York, NY 10017

Monica Anne Connell
New York State Office of the Attorney General (24th Floor)
120 Broadway, 24th Floor
New York , NY 10271

Julia Danger
47 Avenue Mathurin Moreau
Paris France 75019

Lawrence Mark

2110 Quaker Ridge Road
Croton-on-Hudson NY 10520

Francesca Sabadie
1 Walworth Avenue
Scarsdale, NY 10583

Carl J. Schaerf
Schnader Harrison Segal & Lewis LLP
Attorney for Guide One Insurance Company
140 Broadway, Suite 3100
New York, NY 10005-1101

Jonathan Landsman
260 Madison Avenue, 17th Fl.
New York, NY 10016

Original and Courtesy Copy of the letter to Magistrate
Maas:
United States District Court Judge Richard J. Holwell
500 Pearl Street Room 1950
New York, NY 10007

Courtesy copy and original letter
Magistrate Judge Frank Maas
500 Pearl Street
New York, NY 10007

CASREF, PRO-SE

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:09-cv-05314-RJH-FM

Combier v. The State Of New York et al
Assigned to: Judge Richard J. Holwell
Referred to: Magistrate Judge Frank Maas
Cause: 42:1983 Civil Rights Act

Date Filed: 06/08/2009
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Elizabeth Combier**
                                  represented by   **Elizabeth Combier**
315 East 65th Street
New York, NY 10065
PRO SE

V.

**Defendant**

**The State Of New York**
        represented by   **Monica Anne Connell**
New York State Office of the Attorney
General (24th Floor)
120 Broadway, 24th Floor
New York , NY 10271
212-416-8965
Fax: 212-416-6009
Email: Monica.Connell@oag.state.ny.us
*LEAD ATTORNEY*

**Defendant**

**Hon. Troy Webber**
*in her official capacity*
        represented by   **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Troy Webber**
*in her individual capacity*
        represented by   **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Maria Santamarina, Esq**
*in her individual capacity*
        represented by   **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Maria Santamarina, Esq**
*in her official capacity*
        represented by   **Monica Anne Connell**
(See above for address)

*LEAD ATTORNEY*

**Defendant**

**Kenneth Wasserman**
*in his official capacity*

represented by **Kenneth T. Wasserman**
Kenneth T. Wasserman, Atty., at Law
350 Fifth Avenue
Suite 4810
New York , NY 10018
(212)-244-3399
Fax: (212)-244-0980
Email: ktw@kenwasserman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kenneth Wasserman**
*in his individual capacity*

represented by **Kenneth T. Wasserman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Julia Danger**
*Individually*

**Defendant**

**Supreme Court of the State of New York**
**Appellate Division First Department**

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. John T. Buckley**
*in his individual capacities*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. John T. Buckley**
*in his official capacities*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Karla Moskowitz**
*in her individual capacities*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Karla Moskowitz**
*in her official capacities*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Eric Reiss**
*in his individual capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Eric Reiss**
*in his official capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Lauren Holmes**
*in her individual capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Lauren Holmes**
*in her official capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Dan Ramos**
*in his individual capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Dan Ramos**
*in his official capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Eliot Spitzer**
*in his individual capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Eliot Spitzer**
*in his official capacity as the former Attorney
General of the State of New York*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Jonathan Lippman**
*in his individual capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Jonathan Lippman**
*in his official capacity as the former presiding
Judge of the NY Supreme Court, Appellate
Division, First Department*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Renee R. Roth**
*in her individual capacity*

represented by **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Hon. Renee R. Roth**
*in her official capacity as the former*
*Manhattan Surrogate Court Judge*

represented by   **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Barbara Levitan**
*in her individual capacity*

represented by   **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Barbara Levitan**
*in her official capacity*

represented by   **Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Ethel Griffin**
*in her individual capacity*

represented by   **Jeffery H. Sheetz**
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016
(212) 818-9600
Fax: (212) 818-1264
Email: jsheetz@gss-law.com
*LEAD ATTORNEY*

**Defendant**

**Ethel Griffin**
*in her official capacity*

represented by   **Jeffery H. Sheetz**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Peter Schram**
*in his individual capacity*

represented by   **Jeffery H. Sheetz**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Peter Schram**
*in his official capacity*

represented by   **Jeffery H. Sheetz**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Dr. Fred Anderson**
*in his individual capacity*

represented by   **Carl J. Schaerf**
Schnader, Harrison , Segal & Lewis
140 Broadway, Suite 3100
New York , NY 10005
(212)973-8000
Fax: (212)972-8798
Email: cschaerf@schnader.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Fred Anderson**
*in his professional capacity*

represented by **Carl J. Schaerf**
(See above for address)

**Defendant**

**Francesca Sabadie**
*Individually*

represented by **Francesca Sabadie**
One Walworth Avenue
Scarsdale, NY 10583
PRO SE

**Defendant**

**Lawrence Mark**
*Individually*

**Defendant**

**Eli Uncyk**
*in his individual capacity*

represented by **Eli Uncyk**
Uncyk, Borenkind & Nadler, LLP
555 Fifth Avenue
18th Floor
New York , NY 10017
(212) 575-1292
Fax: (212) 768-4469
Email: euncyk@ubnlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eli Uncyk**
*in his professional capacity*

represented by **Eli Uncyk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeff Kofsky**
*in his individual capacity*

represented by **Eli Uncyk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeff Kofsky**
*in his professional capacity*

represented by **Eli Uncyk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Theodore Prudon**
*in his individual capacity*
*TERMINATED: 11/24/2009*

**Defendant**

**Theodore Prudon**
*in his professional capacity*
*TERMINATED: 11/24/2009*

**Defendant**

**Guide One Insurance Company**                  represented by **Carl J. Schaerf**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Jonathan Landsman**
*in his individual and professional capacity*

**Defendant**

**Dorothy Henderson**                            represented by **Monica Anne Connell**
*in her individual and professional capacity*    (See above for address)

**Defendant**

**Presbytery of New York City**                  represented by **Carl J. Schaerf**
                                                 (See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2009 | 1 | COMPLAINT against The State Of New York, Troy Webber(in her official capacity), Troy Webber(in her individual capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity), Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger. (Filing Fee $ 350.00, Receipt Number 690336)Document filed by Elizabeth Combier.(mro) (Entered: 06/09/2009) |
| 06/08/2009 | | SUMMONS ISSUED as to The State Of New York, Troy Webber(in her official capacity), Troy Webber(in her individual capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity), Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger. (mro) (Entered: 06/09/2009) |
| 06/08/2009 | | Magistrate Judge Frank Maas is so designated. (mro) (Entered: 06/09/2009) |
| 06/15/2009 | 2 | NOTICE OF APPEARANCE by Kenneth T. Wasserman on behalf of Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity) (Wasserman, Kenneth) (Entered: 06/15/2009) |
| 07/08/2009 | 3 | NOTICE OF APPEARANCE by Monica Anne Connell on behalf of The State Of New York, Troy Webber(in her official capacity), Troy Webber(in her individual capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity) (Connell, Monica) (Entered: 07/08/2009) |
| 07/09/2009 | 4 | AFFIDAVIT OF SERVICE of Summons and Complaint, Troy Webber (in her official capacity) served on 6/9/2009, answer due 6/29/2009; Maria Santamarina, Esq (in her individual capacity) served on 6/9/2009, answer due 6/29/2009; Service was accepted by Jane Passanant; and Kenneth Wasserman (in his individual capacity) served on 6/9/2009, answer due 6/29/2009. and by hand to Kenneth Wasserman. Document filed by Elizabeth Combier. (djc) (Entered: 07/13/2009) |
| 07/09/2009 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint; Julia Danger served on 7/9/2009, answer due 7/29/2009. Service was accepted by registered mail. Document filed by Elizabeth Combier. (djc) (Entered: 07/13/2009) |

| 07/09/2009 | 6 | AFFIDAVIT OF SERVICE. The State Of New York served on 7/9/2009, answer due 7/29/2009. Service was accepted by personal svce. Document filed by Elizabeth Combier. (djc) (Entered: 07/13/2009) |
| --- | --- | --- |
| 07/30/2009 | | SUMMONS ISSUED as to The State Of New York, Troy Webber(in her official capacity), Troy Webber(in her individual capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity), Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger. (ae) (Entered: 07/31/2009) |
| 07/30/2009 | 7 | AMENDED COMPLAINT amending 1 Complaint, against Supreme Court of the State of New York Appellate Division First Department, John T. Buckley, John T. Buckley, Karla Moskowitz, Karla Moskowitz, Eric Reiss, Eric Reiss, Lauren Holmes, Lauren Holmes, Dan Ramos, Dan Ramos, Eliot Spitzer, Eliot Spitzer, Jonathan Lippman, Jonathan Lippman, Renee R. Roth, Renee R. Roth, Barbara Levitan, Barbara Levitan, Ethel Griffin, Ethel Griffin, Peter Schram, Peter Schram, Fred Anderson, Fred Anderson, Francesca Sabadie, Lawrence Mark, Eli Uncyk, Eli Uncyk, Jeff Kofsky, Jeff Kofsky, Theodore Prudon, Theodore Prudon, Guide One Insurance Company, The State Of New York, Troy Webber(in her official capacity), Troy Webber(in her individual capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity), Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger.Document filed by Elizabeth Combier. Related document: 1 Complaint, filed by Elizabeth Combier.(mro) (Entered: 08/03/2009) |
| 08/21/2009 | 8 | NOTICE OF APPEARANCE by Jeffery H. Sheetz on behalf of Ethel Griffin(in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram(in his individual capacity), Peter Schram(in his official capacity). (mbe) (Entered: 08/24/2009) |
| 08/24/2009 | 9 | NOTICE OF APPEARANCE by Eli Uncyk on behalf of Jeff Kofsky(in his individual capacity), Jeff Kofsky(in his professional capacity) (Uncyk, Eli) (Entered: 08/24/2009) |
| 08/24/2009 | 10 | NOTICE OF APPEARANCE by Eli Uncyk on behalf of Eli Uncyk(in his individual capacity), Eli Uncyk(in his professional capacity) (Uncyk, Eli) (Entered: 08/24/2009) |
| 08/26/2009 | 11 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions and settlement). Referred to Magistrate Judge Frank Maas. (Signed by Judge Richard J. Holwell on 8/28/2009) (jpo) (Entered: 08/26/2009) |
| 08/26/2009 | 12 | AFFIDAVIT OF SERVICE of Amended Complaint, and Amended Summons served on Supreme Court of the State of New York Appellate Division First Department, John T. Buckley, John T. Buckley, Karla Moskowitz, Karla Moskowitz, Eric Reiss, Eric Reiss, Lauren Holmes, Lauren Holmes, Dan Ramos, Dan Ramos, Eliot Spitzer, Eliot Spitzer, Jonathan Lippman, Jonathan Lippman, Renee R. Roth, Renee R. Roth, Barbara Levitan, Barbara Levitan, Ethel Griffin, Ethel Griffin, Peter Schram, Peter Schram, Fred Anderson, Fred Anderson, Francesca Sabadie, Lawrence Mark, Eli Uncyk, Eli Uncyk, Jeff Kofsky, Jeff Kofsky, Theodore Prudon, Theodore Prudon, Guide One Insurance Company, The State Of New York, Troy Webber(in her official capacity), Troy Webber (in her individual capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity), Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger. on 8/21/2009. Document filed by The State Of New York, Troy Webber(in her official capacity), Supreme Court of the State of New York Appellate Division First Department, John T. Buckley(in his individual capacities), John T. Buckley(in his official capacities), Karla Moskowitz(in |

her individual capacities), Karla Moskowitz(in her official capacities), Eric Reiss(in his individual capacity), Eric Reiss(in his official capacity), Lauren Holmes(in her individual capacity), Lauren Holmes(in her official capacity), Troy Webber(in her individual capacity), Dan Ramos(in his individual capacity), Dan Ramos(in his official capacity), Eliot Spitzer(in his individual capacity), Eliot Spitzer(in his official capacity as the former Attorney General of the State of New York), Jonathan Lippman(in his individual capacity), Jonathan Lippman(in his official capacity as the former presiding Judge of the NY Supreme Court, Appellate Division, First Department), Renee R. Roth(in her individual capacity), Renee R. Roth(in her official capacity as the former Manhattan Surrogate Court Judge), Barbara Levitan(in her individual capacity), Barbara Levitan(in her official capacity), Maria Santamarina, Esq(in her individual capacity), Ethel Griffin (in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram(in his individual capacity), Peter Schram(in his official capacity), Fred Anderson(in his individual capacity), Fred Anderson(in his professional capacity), Francesca Sabadie, Lawrence Mark, Eli Uncyk(in his individual capacity), Eli Uncyk(in his professional capacity), Maria Santamarina, Esq(in her official capacity), Jeff Kofsky(in his individual capacity), Jeff Kofsky(in his professional capacity), Theodore Prudon(in his individual capacity), Theodore Prudon(in his professional capacity), Guide One Insurance Company, Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger. (mbe) (Entered: 08/27/2009)

| 08/31/2009 | 13 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - PRE-CONFERENCE STATEMENT(LETTER). Document filed by Jeff Kofsky(in his individual capacity), Jeff Kofsky(in his professional capacity).(Uncyk, Eli) Modified on 10/8/2009 (KA). (Entered: 08/31/2009) |
| 08/31/2009 | 14 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - PRE-CONFERENCE STATEMENT. Document filed by Eli Uncyk(in his individual capacity), Eli Uncyk(in his professional capacity).(Uncyk, Eli) Modified on 10/8/2009 (KA). (Entered: 08/31/2009) |
| 09/08/2009 | 15 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - PRE-CONFERENCE STATEMENT(LETTER). Document filed by Guide One Insurance Company.(Schaerf, Carl) Modified on 10/8/2009 (KA). (Entered: 09/08/2009) |
| 09/15/2009 | 16 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Dispositive Motion (i.e., motion requiring a Report and Recommendation). All such motions. Referred to Magistrate Judge Frank Maas. (Signed by Judge Richard J. Holwell on 9/15/09) (tro) (Entered: 09/15/2009) |
| 09/22/2009 | 17 | NOTICE OF MOTION TO OPPOSE REFERRAL TO MAGISTRATE JUDGE FRANK MAAS DUE TO CONFLICTS OF INTEREST. Document filed by Elizabeth Combier. (tro) (Entered: 09/24/2009) |
| 09/28/2009 | 18 | NOTICE OF APPEARANCE by Francesca Sabadie. (mbe) (Entered: 09/29/2009) |
| 10/07/2009 | 19 | PRE-CONFERENCE STATEMENT. Document filed by Fred Anderson(in his individual capacity), Fred Anderson(in his professional capacity), Guide One Insurance Company.(Schaerf, Carl) (Entered: 10/07/2009) |
| 10/08/2009 | 20 | ORDER denying 17 Motion. Plaintiff's Motion to Oppose Referral to Magistrate Judge Frank Maas due to Conflicts of Interest is hereby DENIED. Plaintiff's motion is denied and the case remains assigned to Judge Maas for a Report and Recommendation. (Signed by Judge Richard J. Holwell on 10/2/09) (tro) (Entered: 10/08/2009) |

| 10/08/2009 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 13 HAS BEEN REJECTED. Note to Attorney Eli Uncyk : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (KA) (Entered: 10/08/2009) |
|---|---|---|
| 10/08/2009 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 14 HAS BEEN REJECTED. Note to Attorney Eli Uncyk : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (KA) (Entered: 10/08/2009) |
| 10/08/2009 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 15 HAS BEEN REJECTED. Note to Attorney Eli Uncyk : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (KA) (Entered: 10/08/2009) |
| 10/14/2009 | 21 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Monica Connell dated October 13, 2009 re: For these reasons, State Defendants respectfully request that this Court either schedule a pre-motion conference or waive such requirement and instead grant State Defendants until November 13, 2009 to serve and file a motion to dismiss plaintiff's Amended Complaint. ENDORSEMENT: We will discuss this application at the October 28th conference. (Signed by Magistrate Judge Frank Maas on 10/14/2009) (rw) (Entered: 10/14/2009) |
| 10/15/2009 | 22 | ORDER, Conference set for 10/28/2009 at 11:30 AM in Courtroom 20A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Frank Maas. (Signed by Magistrate Judge Frank Maas on 10/13/09) (cd) (Entered: 10/15/2009) |
| 10/19/2009 | 24 | MOTION to Reconsider denial of referral to Frank Maas due to Conflicts of Interest, to address the default of defendants; MOTION for Leave to File Second Amended Complaint. Attached is Affirmation in Support. Document filed by Elizabeth Combier. (djc) (Entered: 10/23/2009) |
| 10/20/2009 | 23 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Elizabeth Combier dated 10/19/09 re: pro se plaintiff requests an adjournment of the 10/28/09 conference. ENDORSEMENT: I will consider changing the date of the conference if Ms. Combier submits proof from her medical provider that she has scheduled a medical exam which conflicts with the conference and which cannot be changed. Any such proof is to be received by my chambers by noon on 10/26/09. In my judgment, any motion for reconsideration of my recusal would be frivolous. Moreover, the issue of a second amended complaint is within the scope of Judge Holwell's referral to me. Accordingly, neither of these alleged justifications warrants any further delay. (Signed by Magistrate Judge Frank Maas on 10/20/09) (dle) (Entered: 10/20/2009) |
| 10/23/2009 | 25 | ENDORSED LETTER addressed to Judge Frank Maas from Elizabeth Combier dated 10/8/09 re: Dear Judge Maas: This is the notice of my medical exam for injuries sustained in an accident. I must have the October 28 conference changed. I am available November 16, 2009. Thank you for your consideration. ENDORSEMENT: I understand that this appointment has been changed. Accordingly the conference before me will proceed as previously scheduled. (Signed by Magistrate Judge Frank Maas on 10/23/09) (djc) (Entered: 10/23/2009) |
| 10/26/2009 | 26 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Elizabeth |

| | | | |
|---|---|---|---|
| | | | Combier dated 10/26/2009 re: Please re-schedule for November 16, 2009 as I cannot make the conference on October 28, or, I will have to pay the City of New York to adjourn my scheduled Dr. appointment. ENDORSEMENT: Denied. Ms. Combier's "Notice of Scheduled Physical Examination" says on its face, "Any cancellations of medical examination appointments must be made with This office at least three days prior to the appointment." Accordingly, as of October 21, when she delivered her "proof" of an irrecusable conflict, Ms. Combier had ample time to reschedule. (Signed by Magistrate Judge Frank Maas on 10/26/2009) (jpo) (Entered: 10/27/2009) |
| 10/26/2009 | ✉ | 31 | MOTION for Recusal of Magistrate Judge Frank Maas Due to his Violation of Plaintiff's Due Process Rights and Federal Rules of Civil Procedure. Attached is Affirmation in Support.Document filed by Elizabeth Combier.(djc) (Entered: 10/29/2009) |
| 10/27/2009 | | 27 | NOTICE OF APPEARANCE by Monica Anne Connell on behalf of The State Of New York, Troy Webber(in her official capacity), Supreme Court of the State of New York Appellate Division First Department, John T. Buckley(in his individual capacities), John T. Buckley(in his official capacities), Karla Moskowitz(in her individual capacities), Karla Moskowitz(in her official capacities), Eric Reiss(in his individual capacity), Eric Reiss(in his official capacity), Lauren Holmes(in her individual capacity), Lauren Holmes(in her official capacity), Troy Webber(in her individual capacity), Dan Ramos(in his individual capacity), Dan Ramos(in his official capacity), Eliot Spitzer(in his individual capacity), Eliot Spitzer(in his official capacity as the former Attorney General of the State of New York), Jonathan Lippman(in his individual capacity), Jonathan Lippman(in his official capacity as the former presiding Judge of the NY Supreme Court, Appellate Division, First Department), Renee R. Roth(in her individual capacity), Renee R. Roth(in her official capacity as the former Manhattan Surrogate Court Judge), Barbara Levitan(in her individual capacity), Barbara Levitan(in her official capacity), Maria Santamarina, Esq(in her individual capacity), Maria Santamarina, Esq(in her official capacity) (Connell, Monica) (Entered: 10/27/2009) |
| 10/28/2009 | | 28 | ENDORSED LETTER from Julia Danger dated 10/26/2009 re: Counsel writes to advise that she will not be able to attend the conference on 10/28/2009. ENDORSEMENT: Ms. Danger is cautioned that any further communication with the Court will be returned unread unless copies are also sent to the plaintiff and all other parties or their counsel. So Ordered. (Signed by Magistrate Judge Frank Maas on 10/28/2009) (jfe) (Entered: 10/28/2009) |
| 10/28/2009 | | 29 | NOTICE OF APPEARANCE by Carl J. Schaerf on behalf of Fred Anderson(in his individual capacity), Guide One Insurance Company (Schaerf, Carl) (Entered: 10/28/2009) |
| 10/28/2009 | | 30 | ORDER: Plaintiffs motion to disqualify Assistant Attorney General Connell from representing the State defendants is denied. By November 13, 2009, Plaintiff shall serve and file her second amended complaint. By December 11, 2009, Defendants shall serve and file their motions to dismiss. Memoranda in support of those motions shall be limited to twenty-five double-spaced pages, with the exception of the State defendants, who may submit a single memorandum limited to thirty-five double-spaced pages. By January 22, 2010, Plaintiff shall serve and file her opposition papers. Plaintiffs memorandum shall be limited to thirty-five double-spaced pages. By February 5, 2010, Defendants may serve and file reply papers. All memoranda shall be limited to ten double-spaced pages. All parties are reminded that because this case is brought pro se, the parties' papers should not be filed electronically using CM/ECF. Instead, copies of any documents submitted to the Court must be sent to all other parties via United States mail. (Signed by Magistrate Judge Frank Maas on 10/28/2009) Copies Mailed By Chambers.(jfe) (Entered: |

| | | 10/28/2009) |
|---|---|---|
| 10/28/2009 | | Minute Entry for proceedings held before Magistrate Judge Frank Maas: Discovery Hearing held on 10/28/2009. (mro) (Entered: 11/02/2009) |
| 11/12/2009 | 32 | STIPULATION that plaintiff shall submit her second amended complaint to the USDC and all parties on or before 11/24/09. Plaintiff agrees to extend the time for all motions to dismiss to 12/22/09. JUDGE'S ENDORSEMENT: Application Granted. So Ordered. (Signed by Magistrate Judge Frank Maas on 11/11/09) (dle) (Entered: 11/12/2009) |
| 11/24/2009 | | AMENDED SUMMONS ISSUED as to The State Of New York, Troy Webber(in her official capacity), Supreme Court of the State of New York Appellate Division First Department, John T. Buckley(in his individual capacities), John T. Buckley(in his official capacities), Karla Moskowitz(in her individual capacities), Karla Moskowitz(in her official capacities), Eric Reiss(in his individual capacity), Eric Reiss(in his official capacity), Lauren Holmes(in her individual capacity), Lauren Holmes(in her official capacity), Troy Webber(in her individual capacity), Dan Ramos(in his individual capacity), Dan Ramos(in his official capacity), Eliot Spitzer(in his individual capacity), Eliot Spitzer(in his official capacity as the former Attorney General of the State of New York), Jonathan Lippman(in his individual capacity), Jonathan Lippman(in his official capacity as the former presiding Judge of the NY Supreme Court, Appellate Division, First Department), Renee R. Roth(in her individual capacity), Renee R. Roth(in her official capacity as the former Manhattan Surrogate Court Judge), Barbara Levitan(in her individual capacity), Barbara Levitan(in her official capacity), Maria Santamarina, Esq (in her individual capacity), Ethel Griffin(in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram(in his individual capacity), Peter Schram(in his official capacity), Fred Anderson(in his individual capacity), Fred Anderson(in his professional capacity), Francesca Sabadie, Lawrence Mark, Eli Uncyk(in his individual capacity), Eli Uncyk(in his professional capacity), Maria Santamarina, Esq(in her official capacity), Jeff Kofsky(in his individual capacity), Jeff Kofsky(in his professional capacity), Theodore Prudon(in his individual capacity), Theodore Prudon(in his professional capacity), Guide One Insurance Company, Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger. (mro) (Entered: 11/25/2009) |
| 11/24/2009 | 33 | SECOND AMENDED COMPLAINT amending 7 Amended Complaint against Jonathan Landsman, Dorothy Henderson, Presbytery of New York City, The State Of New York, Troy Webber(in her official capacity), Supreme Court of the State of New York Appellate Division First Department, John T. Buckley(in his individual capacities), John T. Buckley(in his official capacities), Karla Moskowitz(in her individual capacities), Karla Moskowitz(in her official capacity), Eric Reiss(in his individual capacity), Eric Reiss(in his official capacity), Lauren Holmes(in her individual capacity), Lauren Holmes(in her official capacity), Troy Webber(in her individual capacity), Dan Ramos(in his individual capacity), Dan Ramos(in his official capacity), Eliot Spitzer(in his individual capacity), Eliot Spitzer(in his official capacity as the former Attorney General of the State of New York), Jonathan Lippman(in his individual capacity), Jonathan Lippman(in his official capacity as the former presiding Judge of the NY Supreme Court, Appellate Division, First Department), Renee R. Roth(in her individual capacity), Renee R. Roth(in her official capacity as the former Manhattan Surrogate Court Judge), Barbara Levitan(in her individual capacity), Barbara Levitan(in her official capacity), Maria Santamarina, Esq(in her individual capacity), Ethel Griffin(in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram(in his individual capacity), Peter Schram(in his official capacity), Fred Anderson(in his individual capacity), Fred Anderson(in his professional capacity), Francesca Sabadie, Lawrence Mark, Eli Uncyk |

| | | |
|---|---|---|
| | | (in his individual capacity), Eli Uncyk(in his professional capacity), Maria Santamarina, Esq(in her official capacity), Jeff Kofsky(in his individual capacity), Jeff Kofsky(in his professional capacity), Guide One Insurance Company, Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity), Julia Danger (individually).Document filed by Elizabeth Combier. Related document: 7 Amended Complaint filed by Elizabeth Combier.(mro) Modified on 1/22/2010 (mro). (Entered: 11/25/2009) |
| 11/24/2009 | 34 | SUMMONS RETURNED EXECUTED as to the Second Amended Complaint. Jonathan Landsman served on 11/24/2009, answer due 12/15/2009; Dorothy Henderson served on 11/24/2009, answer due 12/15/2009. Service was accepted by Ann Hughes, Law Clerk for Hon. Figueroa. Presbytery of New York City served on 11/24/09, answer due 12/15/09. Service was accepted by Shirley Fleming, Administrative Assistant. Document filed by Elizabeth Combier. (mbe) Modified on 12/29/2009 (mbe). Modified on 1/4/2010 (ae). Modified text "as to the Second Amended Complaint" on 2/23/2010 (ad). (Entered: 12/29/2009) |
| 12/16/2009 | 35 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Monica Connell dated 12/15/2009 re: Requesting that the time for all defendants to serve and file their answers or motions to dismiss be extended until January 8, 2010. ENDORSEMENT: Application granted. Ms. Combiers opposition papers will be due 2/12/2010, and any reply papers will be due 2/26/2010. (Signed by Magistrate Judge Frank Maas on 12/16/2009) (jpo) (Entered: 12/16/2009) |
| 12/16/2009 | 36 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Elizabeth Combier dated 12/16/2009 re: Requesting an extension of time to reply until February 26, 2010. ENDORSEMENT: I previously have addressed the motion schedule in my memo endorsement on Ms. Connell's letter, which used the same time periods in which to papers as I originally fixed. The docket sheet reflects the issuance of amended summonses, but does not contain any entries reflecting actual service of the Second Amended Complaint. (Signed by Magistrate Judge Frank Maas on 12/16/2009) (jpo) (Entered: 12/16/2009) |
| 12/16/2009 | | Set Deadlines/Hearings: Motions due by 1/8/2010. (jpo) (Entered: 12/22/2009) |
| 12/17/2009 | 37 | NOTICE OF APPEARANCE by Monica Anne Connell on behalf of Dorothy Henderson (mro) (Entered: 12/17/2009) |
| 12/22/2009 | 38 | NOTICE OF APPEARANCE by Carl J. Schaerf on behalf of Presbytery of New York City, Fred Anderson(in his individual capacity), Fred Anderson(in his professional capacity), Guide One Insurance Company (mro) (Entered: 12/23/2009) |
| 01/06/2010 | 39 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Jonathan M. Landsman dated 1/4/10 re: counsel requests until January 22, 2009 to file motion papers. ENDORSEMENT: Mr. Landsman's motion shall be due 1/22; Ms. Combier's opposition papers shall be due 2/16; any reply papers shall be due 2/24/10; (Signed by Magistrate Judge Frank Maas on 1/6/10) (djc) (Entered: 01/07/2010) |
| 01/06/2010 | 40 | ENDORSED LETTER addressed to Judge Richard J. Holwell from Elizabeth Combier dated 12/27/09 re: requests that Ms. Danger be added on the docket of this case as representing herself pro se. ENDORSEMENT: 1. The issues regarding the docketing of affidavits of service evidently have been resolved by modifications of prior docket entries that he Pro Se Office caused to be made. 2. I have dealt with the Landsman service concerns through my memo endorsement on his letter. 3. A letter from a pro se does not constitute an appearance. Accordingly, the relief requested regarding Ms. |

| | | | |
|---|---|---|---|
| | | | Danger is denied. (Signed by Magistrate Judge Frank Maas on 1/6/10) (djc) (Entered: 01/07/2010) |
| 01/08/2010 | ✑ | 41 | MOTION BY STATE DEFENDANTS' TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT. Document filed by State Defendants.(mro) Modified on 1/11/2010 (mro). (Entered: 01/11/2010) |
| 01/08/2010 | | 42 | MEMORANDUM OF LAW in Support re: 41 MOTION to Dismiss. Document filed by State Defendants. (mro) (Entered: 01/11/2010) |
| 01/08/2010 | ✑ | 43 | NOTICE OF MOTION to Dismiss the Second Amended Complaint. *Declaration of Kenneth T. Wasserman attached. Document filed by Kenneth Wasserman(in his official capacity).(tro) (Entered: 01/11/2010) |
| 01/08/2010 | | 44 | MEMORANDUM OF LAW in Support re: 43 MOTION to Dismiss. Document filed by Kenneth Wasserman(in his official capacity). (tro) (Entered: 01/11/2010) |
| 01/08/2010 | ✑ | 45 | NOTICE OF MOTION to Dismiss the Second Amended Complaint. Document filed by Presbytery of New York City, Fred Anderson(in his individual capacity), Fred Anderson (in his professional capacity), Guide One Insurance Company.(tro) (Entered: 01/11/2010) |
| 01/08/2010 | | 46 | MEMORANDUM OF LAW in Support re: 45 MOTION to Dismiss. Document filed by Presbytery of New York City, Fred Anderson(in his individual capacity), Fred Anderson (in his professional capacity), Guide One Insurance Company. (tro) (Entered: 01/11/2010) |
| 01/08/2010 | ✑ | 47 | MOTION to Dismiss Plaintiff's Second Amended Complaint. Document filed by Ethel Griffin(in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram (in his individual capacity), Peter Schram(in his official capacity).(Received in the night deposit box on 1/8/10 at 7:42pm)(mro) (Entered: 01/11/2010) |
| 01/08/2010 | | 48 | MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss. Document filed by Ethel Griffin(in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram(in his individual capacity), Peter Schram(in his official capacity). (Received in the night deposit box on 1/8/10 at 7:42pm)(mro) (Entered: 01/11/2010) |
| 01/11/2010 | | 49 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MOTION to Dismiss. Document filed by Elizabeth Combier. (Uncyk, Eli) Modified on 1/12/2010 (db). (Entered: 01/11/2010) |
| 01/11/2010 | | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Eli Uncyk to MANUALLY RE-FILE Document Motion, Document No. 49. This case is not ECF. (db) (Entered: 01/12/2010) |
| 01/12/2010 | | 50 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MOTION to Dismiss. Document filed by Jeff Kofsky(in his individual capacity). (Uncyk, Eli) Modified on 1/13/2010 (db). (Entered: 01/12/2010) |
| 01/12/2010 | | 51 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MOTION to Dismiss. Document filed by Jeff Kofsky(in his professional capacity). (Uncyk, Eli) Modified on 1/13/2010 (db). (Entered: 01/12/2010) |
| 01/12/2010 | | 52 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MOTION to Dismiss. Document filed by Eli Uncyk(in his individual capacity). (Uncyk, Eli) Modified on 1/13/2010 (db). (Entered: 01/12/2010) |

| 01/12/2010 | 53 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MOTION to Dismiss. Document filed by Eli Uncyk(in his professional capacity).(Uncyk, Eli) Modified on 1/13/2010 (db). (Entered: 01/12/2010) |
| 01/12/2010 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Eli Uncyk to MANUALLY RE-FILE Documents Motion to Dismiss, Document Nos. 50-53. This case is not ECF. These documents are not electronically filed. MANUALLY RE-FILE THESE DOCUMENTS. (db) (Entered: 01/13/2010) |
| 01/20/2010 | 54 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute:* All Motions to Dismiss. Referred to Magistrate Judge Frank Maas. Motions referred to Frank Maas. (Signed by Judge Richard J. Holwell on 1/15/2010) (jmi) (Entered: 01/20/2010) |
| 01/22/2010 | 55 | ***STRICKEN DOCUMENT. Deleted document number 54 from the case record. The document was stricken from this case pursuant to 54 Order Referring Case to Magistrate Judge . ORDER striking document from the Record....that Document No. 54 is stricken from the record. The Order of Reference dated 1/15/2010, which inadvertently categorized defendants' motions to dismiss as "non-dispositive" motions, is hereby stricken. The motions to dismiss remain referred to Magistrate Judge Maas for a Report and Recommendation pursuant to the Court's 9/15/2009 Order of Reference. (Signed by Judge Richard J. Holwell on 1/21/2010) (tro) (Entered: 01/22/2010) |
| 01/22/2010 | | ***STRICKEN DOCUMENT. Deleted document number 54 from the case record. The document was stricken from this case pursuant to 54 Order Referring Case to Magistrate Judge. (tro) (Entered: 01/22/2010) |
| 01/25/2010 | 56 | MOTION to Dismiss the plaintiff's Second Amended Complaint pursuant to Rule 12(b) of the FRCP. Document filed by Jonathan M. Landsman.(mro) Modified on 2/23/2010 (ad). Modified on 2/23/2010 (ad). (Entered: 01/25/2010) |
| 01/27/2010 | 57 | MOTION to Dismiss the complaint pursuant to Rule 12(b)(6) of the FRCP. Document filed by Francesca Sabadie.(mro) (Entered: 01/28/2010) |
| 01/27/2010 | 58 | MEMORANDUM OF LAW in Support re: 57 MOTION to Dismiss. Document filed by Francesca Sabadie. (mro) (Entered: 01/28/2010) |
| 01/27/2010 | 59 | DECLARATION of Francisa A. Sabadie in Support re: 57 MOTION to Dismiss. Document filed by Francesca Sabadie. (mro) (Entered: 01/28/2010) |
| 01/27/2010 | 60 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Elizabeth Combier on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) Modified on 1/28/2010 (mro). (Entered: 01/28/2010) |
| 01/27/2010 | 61 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Jeffery H. Sheetz on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) Modified on 1/28/2010 (mro). (Entered: 01/28/2010) |
| 01/27/2010 | 62 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Monica Connell on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) Modified on 1/28/2010 (mro). (Entered: 01/28/2010) |
| 01/27/2010 | 63 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Julia Danger on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) (Entered: 01/28/2010) |

| 01/27/2010 | 64 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Carl J. Schaerf on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) Modified on 1/28/2010 (mro). (Entered: 01/28/2010) |
|---|---|---|
| 01/27/2010 | 65 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Eli Uncyk on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) (Entered: 01/28/2010) |
| 01/27/2010 | 66 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Kenneth A. Waserman on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) (Entered: 01/28/2010) |
| 01/27/2010 | 67 | AFFIRMATION OF SERVICE of Motion, Memorandum of Law, Declaration served on Jonathan M. Landsman on 1/12/10. Service was made by First Class Mail. Document filed by Francesca Sabadie. (mro) (Entered: 01/28/2010) |
| 02/03/2010 | 68 | NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS PURSUANT TO LOCAL CIVIL RULE 12.1. Document filed by Eli Uncyk(in his individual capacity), Eli Uncyk (in his professional capacity), Jeff Kofsky(in his individual capacity), Jeff Kofsky(in his professional capacity). (mro) (Entered: 02/03/2010) |
| 02/17/2010 | 76 | Elizabeth Combier Opposition to Motions to Dismiss and to Motions for Summary Judgment. Document filed by Elizabeth Combier. (Attachments: # 1 Exhibit 1-3, # 2 Exhibit 3 con't, # 3 Exhibit 4-9)(mbe) (Entered: 03/12/2010) |
| 03/01/2010 | 69 | MEMORANDUM OF LAW in Further Support re: 45 MOTION to Dismiss. Document filed by Presbytery of New York City, Fred Anderson(in his individual capacity), Fred Anderson(in his professional capacity), Guide One Insurance Company. (mro) (Entered: 03/02/2010) |
| 03/01/2010 | 70 | REPLY MEMORANDUM OF LAW in Support re: 47 MOTION to Dismiss. Document filed by Ethel Griffin(in her individual capacity), Ethel Griffin(in her official capacity), Peter Schram(in his individual capacity), Peter Schram(in his official capacity). (mro) (Entered: 03/02/2010) |
| 03/02/2010 | 71 | REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT. Document filed by State Defendants. (mro) (Entered: 03/03/2010) |
| 03/02/2010 | 72 | REPLY DECLARATION OF MONICA CONNELL IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS. Document filed by State Defendants. (mro) (Entered: 03/03/2010) |
| 03/04/2010 | 73 | REPLY MEMORANDUM OF LAW in Further Support re: 43 MOTION to Dismiss. Document filed by Kenneth Wasserman(in his official capacity), Kenneth Wasserman(in his individual capacity). (mro) (Entered: 03/05/2010) |
| 03/04/2010 | 74 | DECLARATION of Kenneth T. Wasserman in Support re: 43 MOTION to Dismiss. Document filed by Kenneth Wasserman(in his individual capacity), Kenneth Wasserman(in his individual capacity). (mro) (Entered: 03/05/2010) |
| 03/09/2010 | 75 | ENDORSED LETTER addressed to Magistrate Judge Frank Maas from Elizabeth Combier dated 3/7/2010 re: All Defendants and their representatives have been faxed/emailed/sent by priority mail copies of this letter. The purpose of this letter is to request a pre-motion conference, pursuant to this Court's individual practices (see Rule 2. Motions), to discuss the issues. ENDORSEMENT: Given the volume of motion in this |

case, we need to deal with applications in a logical order. After I deal with the motion to dismiss, I will deal with any remaining issues in due course. In the interim I note that it is not the practice of this Court to docket letters, unless a Judges specifically so directs or they are memo endorsed (as this letter is). (Signed by Magistrate Judge Frank Maas on 3/9/2010) (jmi) Modified on 3/12/2010 (jmi). Modified on 3/16/2010 (jmi). (Entered: 03/12/2010)