UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 0 7 MAY 2010
```

PRO SE OFFICE

_____ x

ELIZABETH COMBIER,

                          Plaintiff          DOCKET NO. 09 CIV 5314 (RJH)(FM)

     -against-

                                             **NOTICE OF MOTION
                                              TO VACATE
THE STATE OF NEW YORK,  SUPREME COURT          THE APRIL 26 ORDER
OF THE STATE OF NEW YORK APPELLATE            FOR RE-CONSIDERATION
DIVISION FIRST DEPARTMENT, HON, JOHN T.         OF THE
BUCKLEY, in his individual and official capacity, HON.   DISQUALIFICATION
KARLA MOSKOWITZ, in her individual and        OF JUDGE FRANK MAAS**
Capacity, ERIC REESE, in his individual and official
Capacity, LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity,ELIOT SPITZER, in his individual and  official
capacity, as the former Attorney General of the state of
New York, HON. JONATHAN LIPPMAN, in his individual
and official capacity as the former Presiding Judge of
the New York Supreme Court, Appellate Division, First
Department, HON RENEE R. ROTH, in her individual
and official capacity as the former Manhattan Surrogate Judge,
HON. TROY WEBBER, in her individual and official
capacity, BARBARA LEVITAN, in her individual and
official capacity, MARIA SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK,  individually, JULIA DANGER,
alleged Objectant,  ELI UNCYK, in his individual
and professional capacity, JEFF KOFSKY,
in his individual and professional capacity, JONATHAN
LANDSMAN, in his individual and professional capacity,
DOROTHY HENDERSON in her individual and
professional capacity, GUIDE ONE INSURANCE
COMPANY, PRESBYTERY OF NEW YORK CITY,

                          Defendants

_____ x

1

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Elizabeth Combier, affirmed on May 7, 2010 and upon the exhibits attached thereto and the pleadings herein, as well as the timely submission, plaintiff will move this Court before the Honorable Judge Richard J. Holwell to vacate the April 26, 2010 Order denying Plaintiff's request to re-consider disqualifying Magistrate Judge Frank Maas due to: (1) the fact that Plaintiff never filed such a Motion for Re-Consideration with Judge Holwell, and (2) due to the reversible error made by Judge Holwell in denying a re-consideration that was a request made by letter to Judge Maas; and (3) the fact that the error shows prejudice against Plaintiff and disdain for the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
May 7, 2010

Elizabeth Combier
315 East 65th Street
New York, NY 10065
212-794-8902

Copies sent by mail to:
Jeffery H. Sheetz
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016

Monica Connell
Office of
Attorney General of the State of New York
120 Broadway, 24th fl.

2

New York, NY 10271

Kenneth Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Eli Uncyk and Jeffrey Kofsky
555 Fifth Avenue, 18th fl
New York, NY 10017

Julia Danger
47, Avenue Mathurin Moreau
Paris, France 75019

Lawrence Mark
2110 Quaker Ridge Road
Croton-on-Hudson NY 10520

Francesca Sabadie
1 Walworth Avenue
Scarsdale, NY 10583

Carl J. Schaerf
Schnader Harrison Segal & Lewis LLP
Attorney for Guide One Insurance Company and Dr. Fred
Anderson (not noticed)
140 Broadway, Suite 3100
New York, NY 10005-1101

Jonathan Landsman
260 Madison Avenue
New York, NY 10016

Courtesy Copy to:
Magistrate Judge Frank Maas
500 Pearl Street
New York, NY 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

ELIZABETH COMBIER,

                      Plaintiff        DOCKET NO. 09 CIV 5314 (RJH)(FM)

    -against-

THE STATE OF NEW YORK,  SUPREME COURT
OF THE STATE OF NEW YORK APPELLATE
DIVISION FIRST DEPARTMENT, HON, JOHN T.
BUCKLEY, in his individual and official capacity, HON.
KARLA MOSKOWITZ, in her individual and official
Capacity, ERIC REESE, in his individual and official
Capacity, LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity,ELIOT SPITZER, in his individual and  official
capacity, as the former Attorney General of the state of
New York, HON. JONATHAN LIPPMAN, in his individual
and official capacity as the former Presiding Judge of
the New York Supreme Court, Appellate Division, First
Department, HON RENEE R. ROTH, in her individual
and official capacity as the former Manhattan Surrogate Judge,
HON. TROY WEBBER, in her individual and official
capacity, BARBARA LEVITAN, in her individual and
official capacity, MARIA SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK,  individually, JULIA DANGER,
alleged Objectant,  ELI UNCYK, in his individual
and professional capacity, JEFF KOFSKY,
in his individual and professional capacity, JONATHAN
LANDSMAN, in his individual and professional capacity,
DOROTHY HENDERSON in her individual and
professional capacity, GUIDE ONE INSURANCE
COMPANY, PRESBYTERY OF NEW YORK CITY,

                     Defendants
————————————————————————x

**AFFIRMATION IN
SUPPORT OF MOTION
TO VACATE
THE APRIL 26 ORDER
FOR RE-CONSIDERATION
OF THE
DISQUALIFICATION
OF JUDGE FRANK MAAS**

**I, Elizabeth Combier, affirm under penalty of perjury that:**

1. I, Elizabeth Combier, am the plaintiff in the above entitled action, and respectfully move this Court to vacate the April 26, 2010 Order (EXHIBIT 1) denying Plaintiff's request to reconsider the disqualification of Magistrate Judge Frank Maas, as (1) this request was made in a letter to Magistrate Maas, not in the form of a Motion, (2) this request was made for the first time to Magistrate Judge Frank Maas and was not asking for re-consideration by Judge Holwell and (3) this request was not submitted to Judge Holwell. Plaintiff submitted to Judge Holwell a Motion For Default Judgment that has not been addressed by this Court.

**Plaintiff asked in a letter for the recusal of** Magistrate Judge Frank Maas due to his finding that the Federal Rules of Civil Procedure are "illogical" to follow in the case captioned above, due to previous errors concerning a witness in this case, and due to the fact that Plaintiff wrote an article that was published in <u>Black Star News</u> about Magistrate Judge Maas' prior errors of judgment and civil procedure. This article has been previously submitted to this Court. The Order that Judge Holwell addresses in his April 26, 2010 Order (EXHIBIT 2) denying Plaintiff's Motion To Oppose Referral To Magistrate Judge Frank Maas is dated 10/8/09 and was received by Plaintiff on 10/10/09.

Plaintiff's March 22, 2010 letter (EXHIBIT 3) is the first
request made directly to Judge Maas concerning his conflict
of interest and prejudice in this case.

In the prior order issued by this Court, a basis for denial
of Plaintiff's request is that "media criticism rarely
justifies recusal" citing United States v. Bayless 201 F.3d
116, 129 (2d Cir. 2000).

Plaintiff is a reporter and a National spokesperson on the
issue of judicial accountability, and is not only "media"
but *is also a Plaintiff in the case at bar*, and *a witness
in the case at bar is the individual that Judge Maas
presided over at trial in error*. Plaintiff and her witness
are therefore subject to the rulings of Judge Maas, the
very same Judge that she spoke and wrote about as taking on
a trial without jurisdiction. Plaintiff has subsequently
found out that this witness, Posr Posr, was subjected to
judgment by Judge Holwell, as well, in a prior matter
brought to this Court several years ago.

Plaintiff's Federal Complaint brought to this Court alleges
very serious violations of her Constitutional rights by the
Defendants as well as claims that the State of New York and
the named State Defendants acted in concert with the non-
State Defendants, including her Church and the Church
Pastor, to deliberately prosecute her for whistleblowing a

racketeering scheme all parties were involved in, that harmed Plaintiff, her health, and her family.

Causes of action contained within Plaintiff's Complaint and Amended Complaint are, therefore, the Separation of Church and State, the eleven-year intentional infliction of emotional harm, and the violations of (a) the Rule of Law, (b) proper judicial conduct, and (c) judiciary law, rules, and procedures, among others.

The final certificate showing proof of service upon all Defendants in the above captioned matter was stamped and filed in this Court on August 27, 2009.

On August 26, 2009 this Court Referred the case to Magistrate Judge Maas for General Pre-trial ruling. Suddenly, this Court ordered that Magistrate Maas write a Recommendation and Report (see prior motion and docket sheet) despite the default of fourteen Defendants, and the lack of Answer from any of the twenty-four Defendants named in the Amended Complaint. (see prior Motion, and docket sheet). Then, this court Ordered that Magistrate Maas dispose of all non-dispositive motions. This was rescinded, quickly, by this court (see docket sheet).

WHEREFORE, plaintiff will move this Court before the Honorable Judge Richard J. Holwell to vacate the April 26, 2010 Order denying Plaintiff's request to re-consider

disqualifying Magistrate Judge Frank Maas due to: (1) the fact that Plaintiff never filed such a Motion for Re-Consideration with Judge Holwell, and (2) due to the reversible error made by Judge Holwell in denying a re-consideration that was a request made by letter to Judge Maas; and (3) the fact that the error shows prejudice against Plaintiff and disdain for the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
May 7, 2010

Elizabeth Combier
315 East 65th Street
New York, NY 10065
212-794-8902

Copies sent by mail to:
Jeffery H. Sheetz
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016

Monica Connell
Office of
Attorney General of the State of New York
120 Broadway, 24th fl.
New York, NY 10271

Kenneth Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Eli Uncyk and Jeffrey Kofsky
555 Fifth Avenue, 18th fl
New York, NY 10017

Julia Danger

47, Avenue Mathurin Moreau
Paris, France 75019

Lawrence Mark
2110 Quaker Ridge Road
Croton-on-Hudson NY 10520

Francesca Sabadie
1 Walworth Avenue
Scarsdale, NY 10583

Carl J. Schaerf
Schnader Harrison Segal & Lewis LLP
Attorney for Guide One Insurance Company and Dr. Fred
Anderson (not noticed)
140 Broadway, Suite 3100
New York, NY 10005-1101

Jonathan Landsman
260 Madison Avenue
New York, NY 10016

Courtesy Copy to:
Magistrate Judge Frank Maas
500 Pearl Street
New York, NY 10004

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/10
```

---------------------------------------------

ELIZABETH COMBIER,

                              Plaintiff,

        -against-

THE STATE OF NEW YORK, et al.,

                              Defendants.

09 Civ. 5314 (RJH)

**ORDER**

Plaintiff's Motion for Reconsideration [**24**] of the Court's October 2, 2009 order denying her request to disqualify Magistrate Judge Frank Maas is denied.

SO ORDERED.

Dated: New York, New York
        April 26, 2010

                                        Richard J. Holwell
                                        United States District Judge

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————x

ELIZABETH COMBIER,

                Plaintiff           DOCKET NO. 09 CIV 5314 (RJH)


    -against-                               **NOTICE OF MOTION
TO RECUSE MAGISTRATE
JUDGE FRANK MAAS
DUE TO HIS VIOLATION
OF PLAINTIFF'S DUE
PROCESS RIGHTS
AND FEDERAL RULES
OF CIVIL PROCEDURE**

THE STATE OF NEW YORK,  SUPREME COURT
OF THE STATE OF NEW YORK APPELLATE
DIVISION FIRST DEPARTMENT, HON, JOHN T.
BUCKLEY, in his individual and official capacity, HON.
KARLA MOSKOWITZ, in her individual and official
Capacity, ERIC REESE, in his individual and official
Capacity, LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity,ELIOT SPITZER, in his individual and
official capacity, as the former Attorney General
of the State of New York, HON. JONATHAN LIPPMAN,
in his individual and official capacity as the former
Presiding Judge of the New York Supreme Court,
Appellate Division, First Department, HON RENEE
R. ROTH, in her individual and official capacity
as the former Manhattan Surrogate Court Judge,
HON. TROY WEBBER, in her individual and
official capacity, BARBARA LEVITAN, in her
individual and official capacity, MARIA SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK,  individually, JULIA DANGER,
alleged Objectant,  ELI UNCYK, in his individual
and professional capacity, JEFF KOFSKY,
in his individual and professional capacity,THEODORE
PRUDON, in his individual and professional capacity,
GUIDE ONE INSURANCE COMPANY,

                Defendants
——————————————————————————x

1

**PLEASE TAKE NOTICE** that upon the annexed affirmation of

Elizabeth Combier, affirmed on October 26, 2009 and upon

the exhibits attached thereto and the pleadings herein, as

well as the timely submission, plaintiff will move this

Court before Magistrate Judge Frank Maas for the Honorable

Magistrate Judge Frank Maas to recuse himself from the case

at bar due to his recent actions that are without merit,

are prejudicial to the procedural and constitutional due

process rights of Plaintiff, and are in violation of

Federal Rules of Civil Procedure.


I declare under penalty of perjury that the foregoing is

true and correct.

Dated: New York, NY                    Elizabeth Combier
October 26, 2009                       315 East 65th Street
                                       New York, NY 10065
Copies sent by mail to:                212-794-8902
Jeffery H. Sheetz
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016

Barbara Levitan
Surrogate's Court
31 Chambers Street
New York, NY 10007

Hon. Renee R. Roth
165 West 66th Street
New York, NY 10023

2

NYS Supreme Court, First Department
Appellate Division
27 Madison Avenue
New York, NY 10010

Dan Ramos, John T. Buckley, Karla Moskowitz
And Lauren Holmes
NYS Supreme Court, Appellate Division
First Department
27 Madison Avenue
New York, NY 10010

Attorney General of the State of New York
120 Broadway
New York, NY 10004

Eric Reiss
60 Center Street, Room 242
New York, NY 10007

Eliot Spitzer
985 5th Avenue
New York, NY 10028

Theodore Prudon
135 West 70th Street, #6C
New York, NY 10025

Dr. Fred Anderson
1165 Fifth Avenue
New York, NY 10028

Hon. Jonathan Lippman
NYS Unified Court System
Office of Court Administration
25 Beaver Street
New York, NY 10004

Kenneth Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Eli Uncyk and Jeffrey Kofsky
555 Fifth Avenue, 18th fl
New York, NY 10017

Monica Anne Connell

Attorney for Webber, Santamarina
New York State Office of the Attorney General (24th Floor)
120 Broadway, 24th Floor
New York, NY 10271

Julia Danger
47, Avenue Mathurin Moreau
Paris, France 75019

Lawrence Mark
21 Quaker Ridge Road
Croton-on-Hudson NY 10520


Francesca Sabadie
1 Walworth Avenue
Scarsdale, NY 10583

Carl J. Schaerf
Schnader Harrison Segal & Lewis LLP
Attorney for Guide One Insurance Company and Dr. Fred
Anderson (not noticed)
140 Broadway, Suite 3100
New York, NY 10005-1101

4

**EXHIBIT 3**

Elizabeth Combier
Editor, Parentadvocates.org
Editor, New York Court Corruption
315 East 65th Street 4C
New York, NY 10065
212-794-8902
212-517-3353 (fax)

March 22, 2010

Magistrate Judge Frank Maas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE: Combier v The State of New York et al.,
    09 CIV 5314 (RJH) (FM)
    Request for pre-motion conference on the recusal of Magistrate Maas

Dear Judge Maas,

All Defendants and their representatives have been mailed copies of this letter.

The purpose of this letter is to request a pre-motion conference in order to request your recusal from this case, Index number 09 CIV 5314.

On March 9, 2010 you endorsed a letter that I wrote in order to address several issues outstanding in the instant case, namely:

1. Default Judgment against Lawrence Mark
2. Sanctions against Kenneth Wasserman and the striking of his motion papers
3. A new cause of action pursuant to the altering of relevant documents by Defendant Mary Santamarina to create jurisdiction where there was none
4. Plaintiff's request for summary judgment on the issue of jurisdiction
5. the trashing of the docket sheet, creating prejudice against Plaintiff

Your Honor endorsed this letter with:

*"Given the volume of motions in this case, we need to deal with applications in a logical order. After I deal with the motions to dismiss, I will deal with any remaining issues in due course. In the interim I note that it is not the practice of this Court to docket letters, unless a Judge specifically so directs or they are memo endorsed (as this letter is)"*

I request that you recuse yourself from the instant case, for showing prejudice against me, the Plaintiff, and denying me equal representation before this Court.

Let me explain. As you already know, I asked Judge Holwell to recuse you several months ago because I wrote an article about your convicting an African American man in 2004 at a trial over which you had no jurisdiction to preside. He requested a new trial and got it, due to the fact that he was right and you had no jurisdiction in that matter to be the judge at trial. I wrote an article that was published in Black Star News. Presently, whenever this man makes a visit to the Court, he is followed by two Federal marshalls 100% of the time. The general public will, I believe, be outraged that the federal marshalls are paid to sit in the cafeteria, walk the halls, stand a few feet away in the elevator when we go anywhere. As I am writing a story on this man, I have documented this for several years. Last time we were in the cafeteria I offered the two marshalls some juice, but they refused. It's a game that has no winners.

This case brought before you now also deals with the issue of jurisdiction, and the "plausibility" of my complaint. I allege that all the Defendants named in my second amended complaint worked together to deny me my Constitutionally protected rights to a trial by jury, due process, equality before the law, freedom of speech, assembly, religion, and more. For twelve years my voice has never been heard.

The property left to me by my mother has been sitting in a garage and home of Defendant Lawrence Mark in Croton-on-Hudson. You can see in your courtesy copy of the Default judgment request that I mailed to Judge Holwell, pictures of the property as I recorded it on or about November 23, 2005, inside the Mark garage. The property has not been taken care of, and I am certainly not in control of this. Mr. Mark was served the summons and complaint by a licensed service provider on August 20, 21, and 22, 2009. He has been sent all papers filed in this Court ever since. Yet he never answered, in direct violation of the Local Rules of this Court and the Federal Rules of Civil Procedure.

In your endorsement on March 9, 2010 of my letter to you cited herein, you say that any consideration of a default judgment of Defendant Mark is not "logical". I am not an attorney, your honor, I am a reporter of court corruption, so if I do not define your words correctly, I apologize in advance. That being said, it seems to me that you are considering the dismissal of my complaint on "implausibility" while discarding the Defendant's assertions of proof that indeed, he has had the estate property in his garage for twelve years? This is not "logical", nor is this pursuant to any law. Your decision is certainly contrary to the Federal Rules of Civil Procedure as stated in the Local Rules of this Court and on the Summons issued by the pro se desk. Defendant Mark told me on March 5, 2010 during our conversation (I tape all my conversations) that he had received all the documents, but never opened them, and he did not want the property, but was forced to keep it. Mark had told me previously that the people who told him to keep the property from me were Defendants Wasserman and Schram. It is not logical, your Honor, to ignore the default of Mark before you dismiss the Motions for Summary Judgment submitted by defendants. I have, therefore, filed a Motion For Default Judgment with Judge Holwell, and I will appeal any "illogical" decision to the Court of Appeals.

Defendant Mark is key to the complaint that I filed, and he must be heard from, and not protected by your Honor because this does not seem "logical". You must recuse yourself,

your honor, for suggesting that you will consider motions that say my complaint is "implausible" while at the same time you don't see the relevance of hearing from the person who has my mother's property, and is holding on to it illegally. None of the State actors have jurisdiction to rule that Mark can keep this property to disintegrate in his garage for twelve years, and my rights are violated if this issue is "illogical" from this Court's perspective. All of the Defendants in my complaint are parts to a whole conspiracy, and each contributes something to the conclusion, which is the disintegration of my mom's estate in Lawrence Mark's garage for twelve years, and this complaint. I fail to see how your continued refusal to acknowledge the fact of this property being made into trash honors my rights and is logical. I would like a pre-motion conference for you to explain. At this pre-motion conference perhaps someone could address the fact that Lawrence Mark and Julia Danger, two key players in the RICO, are not listed on the docket. Monica Connell has Julia Danger's email address and is in touch with her, but refuses to give it to me so that I cannot do anything but mail all the notices and motion papers.

Additionally, your Honor refers to the papers submitted by the Defendants as "Motions To Dismiss", when indeed, all of the Defendants submitted defective Motions For Summary Judgment without a separate list of undisputed facts. They disregarded your request on October 28, 2009, not to do this. The Manual handed out by the District Court Pro Se office describes the difference between a Motion to Dismiss and a Motion For Summary Judgment very clearly. Please hear my voice in the proceedings before you.

The changing of the first page of the April 1, 2009 transcript by, it seems, Ubicus at the request of Defendant Santamarina, and supported by Monica Connell and the other defendants, is, to me, a crime. However, the record will show that the change to the first page is proof of the scrambling that the defendants are doing to gain jurisdiction where they never had any. Wasserman never submitted a verified petition to any Court, and the Objections were never verified until the first day of trial on August 4, 2009, at which point I should have been given the right to have a trial by jury, or have a stay of trial while I went to the Court of Appeals with my appeal. The changed transcript does not give jurisdiction to the Surrogate Court.

Therefore, it is not "logical", your Honor, for you deny me a right to address the changing of the record by defendants, and their submission of defective Motions For Summary Judgment. You have not given me a chance to respond to the new information given after I submitted my Opposition papers. This is not "logical", it is prejudicial to my rights before this Court.

My record of this case will include the fact that on October 28, 2009 at the beginning of the conference I asked for a court reporter and your honor told me that there would be only a tape recording. I was told the name of the recording person, "Sean", and given his number. I called the transcription office and was told that there was no reporter there by the name "Sean", by Adrian. Then, I called back, and magically found "Sean", who told me what to do to get a transcript. Then Mr. Blum, the Supervisor, called me and left a screaming message that there was no transcript, and what was I talking about. I tried to

explain that your court told me what to do, but Mr. Blum blamed me anyway for asking for the transcript. I persisted, and finally paid the organization in Westchester who does transcripts, to make the transcript, after Mr. Blum sent them the tape from the Court. This is logical only if your Honor believes that all pro se litigants should be harassed. I just happen to be persistent.

The docketing of my case has not been logical at all. The docket did not say that the Amended Summons and Complaint were filed, only the Summons, (entry #36) and then your Honor endorsed a letter saying that I was to blame for not serving the Amended Complaint! You then agreed with Jonathan Landsman that his name was not on the served papers, even though the pro se desk gives me the papers, I do not create a summons out of my own computer. Your Honor gave Landsman extra time to file his Motion for Summary Judgment, which seems to have been at the request of former Judge Renee Roth, to protect him now that I refused her attempts at extortion. Her law Department attorney, Defendant Mary Santamarina, called me for several years at home, threatening me and screaming that I better give Julia Danger money, and then Landsman money to get my own papers back, after he pursued a case that never existed. Your honor, this is not logical. The proof is the recordings made of these telephone calls. This Court, your Honor, is well known for being the most disparaging toward pro se litigants, of which I am a proud member. Mr. D'Agostino, the Supervisor of the docketing Department, told me on March 5, 2010, that my Opposition papers were not docketed because these papers were lying on someone's desk somewhere. You can now see that parts of my papers, and only parts, were docketed after the replies of the Defendants, so that entry #76 is wedged between entries numbered 68 and 69. This is simply not logical, your Honor. Fortunately my book and my docket sheet posted online will be the "correct" one, for all to see. Nonetheless, it is not logical to be treated in this manner.

In conclusion, I request a pre-motion conference on your recusing yourself before deciding on the dismissal of my complaint due to the perspective that you purport to have, that the Federal Rules of Civil Procedure, the preservation of a correct record of the papers filed in this Court, and honoring my rights to be heard as a pro se litigant, are "illogical". Thank you for your consideration and attention.

Elizabeth Betsy Combier

CC via First class priority mail:
Francesca Sabadie
Monica Connell
Lawrence Mark
Julia Danger
Francesca Sabadie
Kenneth Wasserman
Jonathan Landsman
Eli Uncyk and Jeffrey Kofsky
Jeffrey Sheetz
Carl Schaerf

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-9-10

MEMO ENDORSED

Elizabeth Combier
315 East 65th Street
New York NY 10065
212-794-8902

Magistrate Judge Frank Maas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
FAX: 212-805-6724

March 7, 2010

*Given the volume of ~~documents~~ motions in this case, we need to deal with applications in a logical order. After I deal with the motions to dismiss, I will deal with any remaining issues in due course. In the interim ~~it~~ I note that it is not the practice of this Court to docket letters, unless a Judge specifically so directs or they are memo endorsed (as this letter is)*

RE: Combier v The State of New York et al.,
09 CIV 5314 (RJH)(FM)
Request for default judgment

All Defendants and their representatives have been faxed/emailed/sent by priority mail copies of this letter. The purpose of this letter is to request a pre-motion conference, pursuant to this Court's individual practices (see Rule 2. Motions), to discuss the issues below:

1. Default Judgment against Lawrence Mark
2. Sanctions Against Kenneth T. Wasserman and the Striking of his Motion Papers
3. A new cause of action for the deliberate altering of the record by Mary Santamarina in order to provide Defendants jurisdiction
4. Plaintiff's request to submit a Motion For Summary Judgment on the issue of Jurisdiction in the Supreme and Surrogate courts over the Objections to Probate and over Danger v Combier
5. The errors, omissions, and prejudice of the docket sheet and the docketing of Plaintiff's papers in this case.

*F. Maas, USMJ, 3/9/10*

1. On March 7, 2010 I wrote a letter to your Honor and sent this letter to all Defendants explaining the reasons for my requesting a pre-motion conference on the issue of the default of Defendant Lawrence Mark. He has withheld my mother's property from me for twelve years, it is stored in his garage, and there are serious questions of theft in addition to this larceny of Defendants Wasserman, Mark, Danger, and the other Defendants. I once again request a pre-motion conference in accordance with your Rules on submitting to this court a Default Judgment of Lawrence Mark.

2. Kenneth Wasserman turned his Motion To Dismiss into a Motion For Summary Judgment, and this court requested all Defendants not do. He deliberately chose to bring into this Court a matter that will be litigated in the State Courts, namely his fraud and deceit in the lawsuit with the caption Combier v Wasserman, Danger. He is desperately trying to obtain jurisdiction for his filing unverified Objections in 2000. I request a pre-motion conference on striking his papers (and Danger and Sabadie, written by him), and sanctions.

First of all, Wasserman's Motion For Summary Judgment is defective in that he does not address my causes of action, he did not file a separate list of the non-disputed facts, as

required according to Federal Rules of Civil Procedure 56, and he did not ask for a pre-motion conference before your Honor, as you require. Certainly the issue of the stolen estate property and the jurisdiction of the New York State courts over the Objections are material facts that must be addressed. I believe that there is a triable issue of liability over the former issue, but there is no disputing the fact that there never was any jurisdiction assumed by any court over the Objections To Probate nor Danger v Combier.

Secondly, the dismissal of Combier v Wasserman, Danger, is based on fraud and the perjury of Wasserman. I filed the lawsuit Combier v Wasserman, Danger, as is my right, after being subjected to the lies and deceit of Wasserman for twelve years, pursuant to Judiciary Law §487. This is not the first case filed against Wasserman for deceiving the courts of New York State. (See Seldon v Wasserman). I filed my case on September 9, 2009, and both Wasserman and Danger were served. On October 7, 2009 I bought the Request For Judicial Intervention. The Judge "assigned" to the case, Judge O. Peter Sherwood, received a call from Wasserman soon after. Barbara Dowd, the law clerk in Judge Sherwood's court, contacted Julia Danger about a conference that I asked for in my RJI for November 18, 2009. She never contacted me, but Danger sent me her letter in response to Dowd.

I had received only a Notice, from Wasserman, without any exhibits or motion, so I went to the Supreme Court on October 15 and spoke with personnel there. The source there told me that as Wasserman had not filed anything in the court, and as I had received no exhibits or motion, I had to wait for Wasserman to file something, and I actually could say to the court that I had not received anything. My sources told me that on October 14, 2009 the case had been put into e-file, despite the fact that I have no access to e-file. I downloaded the documents and name of the person who filed it on e-file, which was stored in the computer in Room 103B at 60 Center Street.

My sources, including Mr. Tom Garrett and Mr. Hayes in the Motion Support Office, then told me that this computer is only for the "general public", but the actual e-file was stored on the computer at the Law and Equity desk in Room 141B, next door. I asked to access the case on the computer in Room 141B, and that's when I read the Motion For Summary Judgment that was on e-file but not stamped by the court. I also looked in the file. There were no exhibits anywhere. As of October 15, 2009, nothing was filed by Wasserman in the court file. The Motion Support office had no calendar submission date listed at all. I asked for and received all documentation of this. The personnel in this office told me that if Wasserman came in on October 16 to file his papers for submission on Oct. 19, that he would be told to give me a new date for my reply. I never heard from him or the Judge until I received a call from Judge Sherwood's courtroom on or about November 10 that the case was dismissed. The part clerk called me and told me that there would be no conference because the case was dismissed by the Judge on November 6, 2009 after Wasserman submitted papers for a Summary Judgment. I was told not to show up, there was no case, it was over. I went to the court and saw that the calendar in the Motion Support office had been changed, and a submission date was on there for Oct. 19. This was put in after October 16, without anyone informing me. Evidently, according to my sources, on October 16, 2009 Wasserman filed and stamped his Motion For Summary Judgment and filed and stamped his Request for Judicial Intervention. Immediately below the statement that no other RJI was filed in the case (my RJI was filed and stamped on Oct. 7), Mr. Wasserman's signature appears, stamped October 19.

Mr. Wasserman was told, evidently, to give me until October 26 to respond to his papers, (I did not appear at the Oct. 19 submission because my youngest daughter had surgery that morning, 9AM, on her neck). I was never told about this.

Then on or about November 10 I was informed that on November 6, 2009 Judge Sherwood had dismissed the case. I called the court to demand the conference on November 18 as stated on my RJI, and was told not to show up by the part clerk. I showed up anyway, and the case was listed on the calendar outside of Judge Sherwood's courtroom. I documented this with a picture taken on my cell phone . I called Wasserman he was on the calendar but he told me he would not come in.

I argued that Wasserman never had been given jurisdiction any judicial proceeding. I told Judge Sherwood that simply placing unverified papers in a courtroom does not obtain jurisdiction. If this was the way the court worked, I could write a paper naming people I had issues with and walk through the hallways of the court and drop them off in each courtroom, thus gaining jurisdiction of all the judges in the Supreme Court. On this basis, he recalled his order, and set December 17 2009 as the hearing date.

On December 17 the transcript shows that Wasserman and Judge Sherwood would not permit me to say anything, and Wasserman deceived the Court once again. But Judge Sherwood had already heard my argument about Wasserman and his fraud. The transcripts of the November 18 and December 17 2009 hearings are being presented to the Chief Administrative Judge of the Supreme Court and the Senate Judiciary Committee on Thursday, March 11, 2010. This case is outside of this court's jurisdiction at this point and is not part of my Complaint. Wasserman is clearly and desperately trying to prove he and the State actors had immunity for actions cited in my Complaint.

If your Honor admits Wasserman's (and Danger and Sabadie's papers, which he wrote) Motion papers as part of the record in this matter, I respectfully ask for a pre-motion conference to oppose this, and to request that this court allow me to submit a Motion to Strike Wasserman, Danger, and Sabadie's papers from the record, and sanction Wasserman, Danger, and Sabadie for submitting papers with the case Combier v Wasserman, Danger as not part of the instant case.

3. Defendants cited the altered transcript stamped "August 13, 2009" as the only "official" record of the April 1, 2009 hearing. (Motions of Connell, Wasserman, Danger, Sabadie, Landsman). I have argued in my Opposition papers that the only change made from my "official" transcript, made by Ubicus from the "official" tape of the Surrogate Court, not the copy I made, was *the front page*. Defendants Wasserman, Danger, Sabadie, Webber, Santamarina and Levitan are obviously trying to give themselves immunity and freedom from liability by changing the titles of the people appearing in Surrogate's Court on April 1, 2009. Wasserman even threatens me in his papers to agree with him. This Court must not permit this.

On Tuesday March 2, 2010 I spoke with Ubicus about the change made to the transcript, and I was told that "the court", namely Mary Santamarina, had told them what to put on the front page.

On or about June 9, 2009, Mark Sabel in Room 303 at Manhattan Surrogate's Court also told me that Mary Santamarina was certifying the transcript with Ubicus.

The sole purpose for the above mentioned Defendants to change the front page of the transcript is to give jurisdiction where there never was any. For twelve years I have been the proponent of the Will of Julia Taschereau, and Wasserman even uses this term for me in his papers. I am not a "respondent". Wasserman is not the "Attorney for Petitioner" because he never filed any petition in any court. The reason why Santamarina would leave Mr. Peter Schram off of the front page is to erase him from the courtroom that day, April 1, 2009, due to the fact that she knows he had no business appearing there in the first place.

I request a pre-motion conference to discuss a new cause of action because of Monica Connell's submission of an altered, and false, representation into the record in order to gain jurisdiction for her clients.

4. I request a pre-motion conference to discuss my submission of a Motion For Summary Judgment on the issue of jurisdiction of Surrogate's Court over the Objections to Probate written by Wasserman in February 2000.

5.The docket sheet has errors, and omissions, that are prejudicial to me and my pursuit of justice in the instant case. I submitted my Opposition papers to the Motion To Dismiss/For Summary Judgment on February 16, 2010. I have a copy of the stamp from this Court, and copies of the proof of delivery to all the Defendants and their representatives. My papers have never been docketed by this Court. On February 23, 2009, I appeared at the Pro Se desk and asked where the papers were, and spoke with Mr. D'Agostino, supervisor. I also requested that he fix errors in the record. On Friday, March 5, 2010, in the morning at approximately 10:45AM, and again at 11:30AM, I called the pro se desk and asked to speak with Mr. D'Agostino, the Supervisor of Docketing. He told me to hold on while he spoke with your Honor's staff about where the papers were. He told me that a person in your Honor's chambers told him that one of the two copies of my papers and exhibits had been sent down to the pro se office for docketing, and he "would try to find out which desk they were sitting on." Until now, no one has called me back with this information.

Julia Danger wrote a letter to Judge Richard Holwell on August 21, 2009 that has never been docketed, and no Judge should keep correspondence from a party before the Court hidden from the other parties.

Monica Connell refuses to give the email address of Julia Danger. She is preventing Plaintiff from giving information to Danger in a timely fashion. She should be told to give this information to the court and to Plaintiff, even though she does not represent Danger, or this Court should order Danger to provide the email address.

I request a pre-motion conference to discuss my submission of a motion putting the entire record in this matter on PACER, so that the record can be repaired and I am equally represented before the Law.

Please schedule a pre-motion conference after March 23, 2010 to address each of these issues.

Thank you.

Respectfully,

Elizabeth Combier

Copies emailed to:

Monica Connell
Jeffrey Sheetz
Carl Schaerf
Kenneth Wasserman
Eli Uncyk and Jeffrey Kofsky
Jonathan Landsman
Francesca Sabadie

Sent by First Class Mail:

Julia Danger
Lawrence Mark
Courtesy Copy to Judge Richard Holwell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ELIZABETH COMBIER,

                        Plaintiff          DOCKET NO. 09 CIV 5314 (RJH)

        -against-
                                           **AFFIRMATION OF SERVICE**

THE STATE OF NEW YORK,  SUPREME COURT
OF THE STATE OF NEW YORK APPELLATE
DIVISION FIRST DEPARTMENT, HON, JOHN T.
BUCKLEY, in his individual and official capacity, HON.
KARLA MOSKOWITZ, in her individual and official
Capacity, ERIC REESE, in his individual and official
Capacity, LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity,ELIOT SPITZER, in his individual and
official capacity, as the former Attorney General
of the State of New York, HON. JONATHAN LIPPMAN,
in his individual and official capacity as the former
Presiding Judge of the New York Supreme Court,
Appellate Division, First Department, HON RENEE
R. ROTH, in her individual and official capacity
as the former Manhattan Surrogate Court Judge,
HON. TROY WEBBER, in her individual and
official capacity, BARBARA LEVITAN, in her
individual and official capacity, MARIA SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK,  individually, JULIA DANGER,
ELI UNCYK, in his individual and professional
capacity, JEFF KOFSKY, in his individual and
professional capacity, JONATHAN LANDSMAN,
in his individual and professional capacity,
DOROTHY HENDERSON in her individual and
professional capacity, GUIDE ONE INSURANCE
COMPANY, PRESBYTERY OF NEW YORK CITY,

                        Defendants
_____x

**I, Elizabeth Combier, affirm under penalty of perjury** that

I have served a copy of the Notice of Motion and

Affirmation in Support of Motion To Vacate The April 26

Order For Re-Consideration Of The Disqualification Of Judge

Maas and all Exhibits upon the Attorneys and Defendants

named in the caption at the addresses listed below by First

Class Mail sent from the United States Post Office on May

7, 2010.

I declare under penalty of perjury that the foregoing is

true and correct.

Dated: New York, NY

     May  7, 2010
                  315 East 65th Street
                  New York, NY 10065
                  212-794-8902

Jeffery H. Sheetz
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016

Kenneth Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Eli Uncyk and Jeffrey Kofsky
555 Fifth Avenue, 18th fl
New York, NY 10017

Monica Connell
Office of the
Attorney General of the State of New York
120 Broadway, 24th fl.
New York, NY 10271

Julia Danger
47 Avenue Mathurin Moreau
Paris France 75019

Lawrence Mark
2110 Quaker Ridge Road
Croton-on-Hudson NY 10520

Francesca Sabadie
1 Walworth Avenue
Scarsdale, NY 10583

Carl J. Schaerf
Schnader Harrison Segal & Lewis LLP
Attorney for Guide One Insurance Company
140 Broadway, Suite 3100
New York, NY 10005-1101

Jonathan Landsman
260 Madison Avenue, 18th floor
New York, NY 10016

Courtesy Copy also mailed to United States District Court
Magistrate Judge Frank Maas
500 Pearl Street
New York, NY 10007