PLEASE DOCKET
AND PLACE IN
COURT FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH COMBIER,

                                Plaintiff,            Case No. 09 CV 5314 (RJH) FM)

    -against-

THE STATE OF NEW YORK, et al.,

                              Defendants.
-----------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANT JULIA DANGER

       Defendant Julia Danger submits this memorandum of law in support of her motion to dismiss the complaint herein, pursuant to Fed.Rules .Civ.Proc. Rule 12(b) (6), for failure to state a claim.

**Preliminary Statement**

       This is an action for intentional and negligent infliction of emotional distress, false imprisonment, whistleblower retaliation, defamation, state and municipal violations, New York State Civil Rights Law, 42 U.S.C. §1985, abuse of process, due process violations and malicious prosecution by Elizabeth Combier ("Combier") against 26 defendants relating to Combier's experience as a party in

1

two litigated matters in which she was opposed by me, her twin sister, Julia Danger [1]:

    a) a will contest in Surrogate's Court, New York County, entitled, *In re: Estate of Julia Taschereau*, bearing Index No. 1042/98, in which Ms. Combier is the proponent of a purported last will of our mother, and I am opposing the will. Initially the surrogate assigned to the case was Surrogate Renee Roth. [2] Surrogate Roth revoked the preliminary letters testamentary that had earlier been awarded to Ms. Combier, because of Ms. Combier's failure to account to the court, as she had been ordered to do. *See, Estate of Julia Taschereau*, NYLJ 5-18-06, p. 30, col 5. The proceeding was later assigned to Surrogate Troy Webber. [3] The trial of this case commenced on August 4, 2009 and ended on September 14, 2009 before Surrogate Webber. Surrogate Webber has not yet rendered a decision following the trial of this proceeding.

    b) *Danger v. Combier*, a case in which I alleged that Ms. Combier converted trust funds from our mother. The dismissal of the complaint by Justice Karla Moskowitz [4], then a justice of the Supreme Court, New York County, was affirmed by the Appellate Division, First Department on October 1, 2009. *Danger v. Combier*, 66 A.D.3d 404, 885 N.Y.S.2d 594 (1st Dept. 2009).

---

[1] I am named a defendant in this instant *Combier v. State of New York* action.
[2] Renee Roth is named a defendant in this instant *Combier v. State of New York* action.
[3] Troy Webber is named a defendant in this instant *Combier v. State of New York* action.
[4] Karla Moskowitz is named a defendant in this instant *Combier v. State of New York* action.

2

Statement of Facts

While Danger strongly contests the factual allegations contained in the Second Amended Complaint, she will not submit a counter statement of facts because the facts alleged in the complaint are assumed to be true, for purposes of the Rule 12(b) (6) motion to dismiss. *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004).

ARGUMENT

POINT I

THE POTENTIAL FEDERAL CLAIM AGAINST DANGER IS FRIVOLOUS, AND CANNOT WITHSTAND A MOTION TO DISMISS

Plaintiff appears to have made the potential claim arising out of federal law, being the Third Cause of Action, designated "Whistleblower Retaliation." It is not clear as to whether this Third Cause of Action arises under the federal Whistleblower Protection Act of 1989, 5 U.S.C. §1213, or the New York State Whistleblower Law, Labor Law §740(2)(a). Nevertheless, even if, *arguendo*, the claim is considered a federal claim, the allegations are properly considered as immaterial, wholly insubstantial and frivolous, and made solely to obtain jurisdiction, which will not withstand a motion to dismiss. Barco-Sandoval v. Gonzales, 516 F.3d 35, 41 N. 6 (2d Cir. 2008) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n. 10 (2006)).

3

Specifically, the frivolous, immaterial allegations relating to any federal Whistleblower Protection Act violation that cannot withstand a motion to dismiss include: conspiracy to deny probate of Taschereau's will and by her actions relating to the *Danger v. Combier* lawsuit (Second Amended Complaint, ¶119)

Consequently, plaintiff's claim for whistleblower retaliation, if considered to be grounded in federal law, must be dismissed.

## POINT II

### THE REMAINING CLAIMS ARE ANCILLARY STATE CLAIMS, WHICH ARE BETTER RELEGATED TO THE STATE FORUM

All the remaining claims against Danger - emotional distress, false imprisonment, defamation,[5] state and municipal violations, New York State Civil Rights Law, abuse of process, and malicious prosecution are state claims, unsupported by either federal question or diversity jurisdiction. The only jurisdictional predicate for them is found in the form of ancillary jurisdiction. *See, Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926). There is no basis for

---

[5] It is noted that, after the commencement of the instant lawsuit, Combier filed a lawsuit against Wasserman and Danger in Supreme Court, New York County, entitled, *Combier v. Wasserman*, bearing Index No. 112808/09. That action, for defamation and other claims arising out of the same two litigated matters that are the subject of the instant lawsuit, was dismissed on the grounds of the attorney's privilege during the course of litigation, by a decision and order, dated November 6, 2009 (Sherwood, J.).

this court to retain jurisdiction over these ancillary claims. *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir. 1984).

Furthermore, to the extent that this court finds jurisdiction over any federal claim against a defendant other than Danger, it should not choose, in its discretion, to entertain the ancillary claims against Danger, because those ancillary claims against Danger would not be relevant to the retained claim against another party. *Dahlberg v. Becker*, 581 F.Supp. 855, 865 (N.D.N.Y. 1984).

Consequently, this court should not retain jurisdiction over the non-federal ancillary claims in the Second Amended Complaint.

POINT III

THE ANCILLARY CLAIMS AGAINST DANGER EXHIBIT ADDITIONAL PROBLEMS THAT REQUIRE THEIR DISMISSAL

The ancillary claims exhibit additional problems that require their dismissal. The complaint's vague and conclusory allegations against Danger (i.e., she abused her mother, stole items, was mentally unstable, etc. and participated in the practice, custom and policy of bad faith, harassment, defamation and unlawful use of the New York State Unified Court System by the state and non-state Defendants to further a corrupt scheme against Plaintiff's person and property) are immaterial, made solely to obtain jurisdiction, and are wholly insubstantial and frivolous. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 41 N. 6 (2d Cir. 2008) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006)).

5

To the extent the Second Amended Complaint is said to include a conspiracy claim, such a claim does not impact the complaint's required dismissal as against Danger. The mere use of the term "conspiracy", coupled with vague allegations and conclusions does not transform a private actor into a state actor, and is insufficient to state a claim upon which relief may be granted under Rule 12(b) (6). *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

Additionally, while infliction of emotional harm is randomly thrown into the mix, it is noted that the standard for such an allegation is "rigorous, and difficult to satisfy," because the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (1993); *Netzer v. Continuity Graphic Associates*, 963 F.Supp. 1308, 1327 (1997).

Plaintiff is acting *pro se* herein, requiring that the complaint is to be construed liberally, and that the plaintiff cannot be held to the same high standards applicable to a practicing lawyer. *See, Haines v. Kerner*, 404 U.S.519, 521 (1972). Nevertheless, legal conclusions, deductions or opinions couched as factual allegations are not to be given a presumption of truthfulness. *Sash v. Rosahn*, No. 08 Cv. 4032, 2009 WL 1683877, S.D.N.Y., June 16, 2009 at *2. A plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

08/01 2010 VEN 19:11 FAX 01 42 08 47 79 JAFRA IMPORT EXPORT ⌀007/015

elements of a cause of action will not do.  *Bell Atlantic v. Twombly*, No. 05-1126, 2007 WL 1461066 at *8 (U.S. May 21, 2007).

Finally, it is noted the alleged transcript of proceedings before Surrogate Webber on April 1, 2009, annexed as exhibit 12 to the Second Amended Complaint, is not the official transcript of those proceedings.  The attached exhibit is unsigned by the court reporter.  In addition, on or about September 8, 2009, Surrogate Webber cautioned Ms. Combier for annexing an unofficial transcript of the April 1, 2009 hearing as an Exhibit to a motion of Ms. Combier. *See, Estate of Julia Elizabeth Taschereau, Deceased (1042/98)*, NYLJ, 9/8/09, page 29 (col. 5).  On that day, September 8, 2009, Surrogate Webber provided to the parties the only official transcript of the April 1, 2009 hearing.  Exhibit 12 to the Second Amended Complaint is not the official transcript handed to the parties by Surrogate Webber, but is rather the transcript that Surrogate Webber had cautioned Ms. Combier against using.

Consequently, the Second Amended Complaint should be dismissed in its entirety.

Conclusion

The motion of defendant Julia Danger, pursuant to Fed.Rules Civ.Proc. Rule 12(b)(6), to dismiss the Second Amended Complaint herein, should be granted in its entirety.

Dated: Paris, France
       January 8, 2010

By: *Julia Danger*
    Julia Danger
    47 Avenue Mathurin Moreau
    75019 Paris, France

TO:  Elizabeth Combier
     Plaintiff Pro Se
     315 East 65th Street, Apt. 4C
     New York, NY 10065

     Kenneth Wasserman
     Attorney at Law
     350 Fifth Avenue, Suite 4810
     New York, NY 10118

     Monica Connell, Esq.
     Assistant Attorney General
     Attorney for State Defendants
     120 Broadway
     New York, NY 10271

     Jeffery H. Sheetz, Esq.
     Greenfield, Stein & Senior, LLP
     Attorney for Griffin and Shram
     600 Third Avenue 11th Floor

8

New York, NY 10016

Eli Uncyk, Esq.
Uncyk, Borenkind & Nadler, LLP
Attorney for Uncyk and Kofsky
555 Fifth Avenue 18th Floor
New York, NY 10017

Carl J. Schaerf, Esq.
Schnader Harison Segal & Lewis LLP
Attorney for Guide One and Anderson
140 Broadway, Suite 3100
New York, NY 10005-1101

Francisca A. Sabadie
Defendant Pro Se
One Walworth Avenue
Scarsdale, New York 10583

Jonathan M. Landsman, Esq
Defendant Pro Se
260 Madison Avenue
New York, NY  10016.