PLEASE DOCKET AND PLACE IN COURT FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH COMBIER,

                    Plaintiff,         Case No. 09 CV 5314 (RJH) FM)  #93

    -against-                            DECLARATION

THE STATE OF NEW YORK, et al.,

                  Defendants.
-----------------------------------------------------------x

JULIA DANGER respectfully declares the following under the penalties of perjury, pursuant to 28 U.S.C. §1746:

    1.    I am a defendant in the above-referenced action. I submit this affidavit in support of my motion, pursuant to Fed.R.Civ.P. Rule 12(b)(6), to dismiss the Second Amended Complaint, on the grounds of failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction.

    2.    The complaint alleges six claims for relief, for alleged violations of plaintiff's rights under the United State Constitution and federal civil rights and other statutes, relating to plaintiff's position as a party in two litigated matters' in which she was opposed by me, her twin sister, Julia Danger [1]:

    a)    a will contest in Surrogate's Court, New York County, entitled, *In re Estate of Julia Taschereau*, bearing Index No. 1042/98, in which Ms. Combier is the proponent of a purported last will of our mother, and Ms. Danger is opposing the will. The trial of this case commenced on August 4, 2009 and

---

[1] I am named a defendant in this instant *Combier v. State of New York* action.

08/01 2010 VEN 19:11 FAX 01 42 08 47 79 JAFRA IMPORT EXPORT

ended on September 14, 2009 before Surrogate Troy Webber [2]. In this proceeding, the preliminary letters testamentary that had earlier been awarded to Ms. Combier, were revoked by Surrogate Renee Roth, because of Ms. Combier's failure to account to the court, as she had been ordered to do. [3] *See, Estate of Julia Taschereau*, NYLJ 5-18-06, p. 30, col 5.  Surrogate Webber has not yet rendered a decision following the trial of this proceeding; and

      b) *Danger v. Combier*, a case in which I alleged that Ms. Combier converted trust funds from our mother.  The dismissal of the complaint by Justice Karla Moskowitz [4], then a justice of the Supreme Court, New York County, was affirmed by the Appellate Division, First Department on October 1, 2009.  *Danger v. Combier*, 66 A.D.3d 404, 885 N.Y.S.2d 594 (1st Dept. 2009).

    3.    I deny the outrageous allegations against me in the Second Amended Complaint, relating to the events leading up to and part of the two litigations. I am not mentally unstable, I never abused my mother in any way and, indeed, we had a loving relationship. I am neither a thief nor an alcoholic and all of Combier's other allegations against me are fictitious, wholly insubstantial and frivolous. More relevant to the instant motion, however, and for reasons stated in greater detail in the accompanying memorandum of law,

---

[2] Troy Webber is named a defendant in this instant *Combier v. State of New York* action.
[3] Renee Roth is named a defendant in this instant *Combier v. State of New York* action.
[4] Karla Moskowitz is named a defendant in this instant *Combier v. State of New York* action.

the allegations do not state a claim for relief, and do not come within the subject matter jurisdiction of this court.

4. I wish to raise two additional issues in this declaration. First, the alleged transcript of proceedings before Surrogate Webber on April 1, 2009, annexed as exhibit 12 to the Second Amended Complaint, is not the official transcript of those proceedings. The attached exhibit is unsigned by the court reporter. In addition, on or about September 8, 2009, Surrogate Webber had earlier cautioned Ms. Combier for annexing an unofficial transcript of the April 1, 2009 hearing as an Exhibit to a motion of Ms. Cobmier. *See, Estate of Julia Elizabeth Taschereau, Deceased (1042/98)*, NYLJ, 9/8/09, page 29 (col. 5). On that day, September 8, 2009, Surrogate Webber provided to the parties the only official transcript of the April 1, 2009 hearing. Exhibit 12 to the Second Amended Complaint is not the official transcript handed to the parties by Surrogate Webber, but is rather the transcript that Surrogate Webber had cautioned Ms. Combier against using.

5. In addition, this Court should be aware that Ms. Combier filed an action against me and Mr. Wasserman in Supreme Court, New York County, entitled *Elizabeth Combier v. Kenneth Wasserman and Julia Danger*, bearing Index No. 112808/09. That action, for defamation, personal injury, breach of contract

3

and the violation of NYS Judiciary Law §487, was dismissed by a decision and order, dated November 6, 2009 (Sherwood, J.). [5]

6.  The basis for Justice Sherwood's dismissal of Ms. Combier's complaint was that the allegations concern statements directly related to a judicial proceeding, which statements were protected by an absolute privilege, citing, *inter alia*, *Pecue v. West*, 233 N.Y. 316, 319 (1922); *Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 171 (1st Dept. 2007); *Pomerance v. McTiernan*, 51 A.D.3d 526, 528 (1st Dept. 2008).

7.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  Paris, France
        January 8, 2009

_____
Julia Danger

---

[5] Because Ms. Combier later represented to Justice Sherwood that she had not been served with the motion papers, the order and decision was recalled on November 19, 2009 (Sherwood, J.), pending a hearing to determine whether the motion was properly served. Following a hearing held December 17, 2009, Justice Sherwood found that the service was proper, and he reinstated the November 6, 2009 order.

4