# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAUL CLARK, BRUCE CLARK, and
IRAIDA CLARK,

   Plaintiffs,

   v.

MICHAEL T. CONAHAN, et al.,

   Defendants,

CIVIL ACTION NO. 3:09-CV-2535

(JUDGE CAPUTO)

## ORDER

**NOW**, this  25th  day of August, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendant Mark Ciavarella's Motion to Dismiss (Doc. 24) is **GRANTED in part and DENIED in part** as follows:

   (a) Defendant Ciavarella's motion on judicial immunity is **GRANTED** only for the courtroom adjudications and sentences imposed. The remainder of Defendant Ciavarella's motion on judicial immunity is **DENIED.**

   (b) Defendant Ciavarella's motion to dismiss is **DENIED** as to Count I for Claims brought by Bruce and Iraida Clark for violations of Procedural Due Process occurring **on or after** January 1, 2003, and **GRANTED** as to Count I for the remaining claims.

   (c) Defendant Ciavarella's motion to dismiss is **GRANTED** as to Count I for claims brought by Raul Clark for Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **before** January 1, 2003, but **DENIED** for all Eighth Amendment claims and **DENIED** for all Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **on or after** January 1, 2003.

   (d) Defendant Ciavarella's motion to dismiss is **GRANTED** as to Counts IV and V for claims brought by Raul Clark, but **DENIED** as to Counts IV and V for claims brought by Bruce and Iraida Clark

   (e) Defendant Ciavarella's motion to dismiss is **GRANTED** as to Counts VI and VII.

(2) Defendant Michael T. Conahan's Motion to Dismiss (Doc. 28) is **GRANTED in part and DENIED in part** as follows:

   (a) Mr. Conahan's motion on judicial immunity is **GRANTED** only for the

        courtroom adjudications and sentences imposed. The remainder of Mr. Conahan's motion on judicial immunity is **DENIED**.

- (b) Mr. Conahan's motion on legislative immunity is **DENIED**.
- (c) Defendant Conahan's motion to dismiss is **DENIED** as to Count I for Claims brought by Bruce and Iraida Clark for violations of Procedural Due Process occurring **on or after** January 1, 2003, and **GRANTED** as to Count I for the remaining claims.
- (d) Defendant Conahan's motion to dismiss is **GRANTED** as to Count I for claims brought by Raul Clark for Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **before** January 1, 2003, but **DENIED** for all Eighth Amendment claims and **DENIED** for all Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **on or after** January 1, 2003.
- (e) Defendant Conahan's motion to dismiss is **GRANTED** as to Counts IV and V for claims brought by Raul Clark, but **DENIED** as to Counts IV and V for claims brought by Bruce and Iraida Clark
- (f) Defendant Conahan's motion to dismiss is **GRANTED** as to Counts VI and VII.

(3) Defendant Sandra Brulo's Motion to Dismiss (Doc. 59) is **GRANTED in part and DENIED in part** as follows:

- (a) Ms. Brulo's motion on quasi-judicial immunity is **GRANTED** only for activity regarding pre-sentence recommendations. The remainder of Brulo's motion on sovereign immunity, qualified immunity and quasi-judicial immunity is **DENIED**.
- (b) Defendant Brulo's motion to dismiss is **DENIED** as to Count I for Claims brought by Bruce and Iraida Clark for violations of Procedural Due Process occurring **on or after** January 1, 2003, and **GRANTED** as to Count I for the remaining claims.
- (c) Defendant Brulo's motion to dismiss is **GRANTED** as to Count I for claims brought by Raul Clark for Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **before** January 1, 2003, but **DENIED** for all Eighth Amendment claims and **DENIED** for all Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **on or after** January 1, 2003.
- (d) Defendant Brulo's motion to dismiss is **GRANTED** as to Counts IV, V, VI, and VII.

(4) Defendants Mericle Construction and Robert K. Mericle's Motion to Dismiss (Doc. 68) is **GRANTED in part and DENIED in part** as follows:

- (a) Defendant Mericle Construction and Robert K. Mericle's motion to dismiss is **DENIED** as to Count III for Claims brought by Bruce and Iraida Clark for violations of Procedural Due Process occurring **on or after** January 1, 2003, and **GRANTED** as to Count III for the remaining claims.
- (b) Defendant Mericle Construction and Robert K. Mericle's motion to

   dismiss is **GRANTED** as to Count III for claims brought by Raul Clark for Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **before** January 1, 2003, but **DENIED** for all Eighth Amendment claims and **DENIED** for all Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **on or after** January 1, 2003.

  (c) Defendant Mericle Construction and Robert K. Mericle's motion to dismiss is **GRANTED** as to Counts IV and V for claims brought by Raul Clark, but **DENIED** as to Counts IV and V for claims brought by Bruce and Iraida Clark

  (d) Defendant Mericle Construction and Robert K. Mericle's motion to dismiss is **GRANTED** as to Counts VI and VII.

  (e) Defendant Mericle Construction and Robert K. Mericle's motion to dismiss punitive damages will be **DENIED**.

(5) Defendant PACC's Motion to Dismiss (Doc. 70) is **GRANTED in part and DENIED in part** as follows:

  (a) Defendant PACC's motion to dismiss is **DENIED** as to Count III for Claims brought by Bruce and Iraida Clark for violations of Procedural Due Process occurring **on or after** January 1, 2003, and **GRANTED** as to Count III for the remaining claims.

  (b) Defendant PACC's motion to dismiss is **GRANTED** as to Count III for claims brought by Raul Clark for Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **before** January 1, 2003, but **DENIED** for all Eighth Amendment claims and **DENIED** for all Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **on or after** January 1, 2003.

  (c) Defendant PACC's motion to dismiss is **GRANTED** as to Counts IV and V for claims brought by Raul Clark, but **DENIED** as to Counts IV and V for claims brought by Bruce and Iraida Clark

  (d) Defendant PACC's motion to dismiss is **DENIED** as to Count VI as to false imprisonment claims made by Raul and **GRANTED** as to Count VI for claims made for false imprisonment by Bruce and Iraida Clark and **GRANTED** as to Count VII.

(6) Defendants Vision Holdings and Robert Powell's Motion to Dismiss (Doc. 72) is **GRANTED in part and DENIED in part** as follows:

  (a) Defendant Vision Holdings and Robert Powell's motion to dismiss is **DENIED** as to Count III for Claims brought by Bruce and Iraida Clark for violations of Procedural Due Process occurring **on or after** January 1, 2003, and **GRANTED** as to Count III for the remaining claims.

  (b) Defendant Vision Holdings and Robert Powell's motion to dismiss is **GRANTED** as to Count III for claims brought by Raul Clark for Fifth Amendment, Sixth Amendment, and Fourteenth Amendment claims for activities occurring **before** January 1, 2003, but **DENIED** for all Eighth Amendment claims and **DENIED** for all Fifth Amendment, Sixth

|     |     |
| --- | --- |
|     | Amendment, and Fourteenth Amendment claims for activities occurring **on or after** January 1, 2003. |
| (c) | Defendant Vision Holdings and Robert Powell's motion to dismiss is **GRANTED** as to Counts IV and V for claims brought by Raul Clark, but **DENIED** as to Counts IV and V for claims brought by Bruce and Iraida Clark |
| (d) | Defendant Vision Holdings and Robert Powell's motion to dismiss is **DENIED** as to Count VI as to false imprisonment claims made by Raul against Defendant Powell and **GRANTED** as to Count VI for claims made for false imprisonment by Bruce and Iraida Clark against Powell, **GRANTED** as to all false imprisonment claims against Defendant Vision, and **GRANTED** as to Count VII. |
| (e) | Defendant Vision Holdings and Robert Powell's motion to dismiss punitive damages will be **DENIED**. |

(7)   Defendants Barbara Conahan and Cindy Ciavarella's Motion to Dismiss (Doc. 78) is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ELIZABETH COMBIER,

                        Plaintiff        DOCKET NO. 09 CIV 5314 (RJH)(FM)

-against-                   **AFFIRMATION OF SERVICE**

THE STATE OF NEW YORK, SUPREME COURT OF THE STATE OF NEW YORK APPELLATE DIVISION FIRST DEPARTMENT, HON, JOHN T. BUCKLEY, in his individual and official capacity, HON. KARLA MOSKOWITZ, in her individual and official Capacity, ELIOT SPITZER, in his individual and official Capacity, ERIC REISS, in his individual and official Capacity, LAUREN HOLMES, in her individual and official capacity, DAN RAMOS, in his individual and official capacity, HON. JONATHAN LIPPMAN, in his individual and official capacity as the former Presiding Judge of the New York Supreme Court, Appellate Division, First Department, HON RENEE R. ROTH, in her individual and official capacity as the former Manhattan Surrogate Court Judge, HON. TROY WEBBER, in her individual and official capacity, BARBARA LEVITAN, in her individual and official capacity, MARY SANTAMARINA, Esq., in her individual and official capacity, ETHEL GRIFFIN, in her individual and official capacity, PETER SCHRAM, in his individual and official capacity, DR. FRED ANDERSON, in his individual and professional capacity, KENNETH WASSERMAN, in his official and individual capacity, FRANCESCA SABADIE, individually, LAWRENCE MARK, individually, JULIA DANGER, individually, ELI UNCYK, in his individual and professional capacity, JEFF KOFSKY, in his individual and professional capacity, JONATHAN LANDSMAN, in his individual and professional capacity, DOROTHY HENDERSON in her individual and professional capacity, GUIDE ONE INSURANCE COMPANY, PRESBYTERY OF NEW YORK CITY,

                        Defendants

---------------------------------------------------------------x