Neither Magistrate Maas in his Recommendation and Report ("Report") nor Judge Holwell in his Memorandum mentions the criminal acts of Wasserman cited by Plaintiff in her Second Amended Complaint ("SAC") as the backbone and fuel of the RICO discovered by Plaintiff in 2006 after her hospital stay. Indeed, the Memorandum reflects the horror of the Unified Court System at the uncovering of all the RICO acts by Plaintiff after she got out of the hospital in 2006, and how the Defendants want to punish Plaintiff for her dedication to truth and justice.

Holwell's decision to dismiss Plaintiff's case against all Defendants with prejudice shows such extreme disregard for the constitutional rights of Plaintiff in the case cited herein that there must be a vacatur of the decision in order to satisfy relevant Federal Rules of Civil Procedure as well as the United States Constitution. Plaintiff asserts her right to be heard on the issue of judicial immunity and how, from 1999 until today, the Defendants named in the Second Amended Complaint ("SAC") and this Court, have used the issue of judicial immunity to plunder and steal property and deny Plaintiff her lawfully given rights to the property of her mother. It is abundantly clear that Defendants and this Court have collaborated to obstruct justice and maliciously harm Plaintiff for their own personal (and private) gain.

Judge Holwell's Memorandum and Order serves only one purpose, and that is to silence Plaintiff, and crush Plaintiff for daring to stand up to the Defendants' colleagues at the top of the Unified Court System of New York State, namely Chief Judge Jonathan Lippman and the Justices at the First Department Appellate Division, as well as Defendant Eliot Spitzer – now Andrew Cuomo - who should have disqualified himself at

the beginning of litigation, as Plaintiff requested during the October 28, 2009 conference before Magistrate Judge Maas. Her request was denied.

Judge Holwell made too many errors of fact and law in his Memorandum for there to be any justice taken from his decision, and reconsideration is Plaintiff's remedy for the clearly erroneous and baseless decision. When a judge acts intentionally and knowingly to deprive a person of her constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a minister of his own prejudices. (386 U.S. 547, 568). A judge is liable for injury caused by a ministerial act, to have immunity the judge must be performing a judicial function. See Ex Parte Virginia, 100 U.S. 339; Law of Torts. The presence of malice and the intention to deprive a person of her civil rights is wholly incompatible with the judicial function. When the state in the instant case is one of the perpetrators and violators, there can be no expectation of just, indeed any, relief from it. The State cannot cause a federal violation, and then try to prohibit litigants from seeking redress in the federal courts for those same violations.

"We have long recognized that a state cannot create a transitory cause of action and at the same time destroy the fight to sue on that transitory cause of action in any court having jurisdiction." Tennessee Coal, Iron &R, Co. v George, 233 U.S. 354, 360 (1914) cited in Marshall v Marshall (2006).

Holwell's decision to dismiss with prejudice Plaintiff's Second Amended Complaint, without considering relevant state law and without consideration of Plaintiff's pro se status so that she could re-plead, is malicious and prejudicial. Plaintiff successfully documented  the acts of the RICO as the injured party to the ongoing malicious, reckless, and lawless association-in-fact enterprise established by the State and non-State actors

19

cited in the matter "Combier v the State of New York" with Index number 09-CIV-5314 ("COMBIER"). The fundamental cause of action in COMBIER is Defendants' successful denial of the Constitutional and lawful rights of Plaintiff to due process, to freedom of speech, to petition the government for assertion of these rights, and to the right to ownership of the property left to Plaintiff in her mother's Will executed on November 21, 1997(SAC EX. 8). Each Defendant named in COMBIER has a unique, relevant and necessary part to play in the scheme to intervene and prevent the validation of Julia Taschereau's Will, invalidate the claim of Plaintiff to this property, and prevent it's probate for almost twelve years and counting. Only by Defendants' joining together and acting in concert did they succeed in permitting the deterioration of the Taschereau property in a garage in Croton,  where it remains today, under the control of Ethel Griffin, the Public Administrator, (Second Amended Complaint, "SAC" EX 2) without law or fact,  justification or jurisdiction to do so. Plaintiff's complaint is pled with the specificity required by the RICO statute and it's requirements for an association-in-fact enterprise. In fact, Plaintiff's four-year investigation shows that the larceny, perjury, defamation, and other unlawful acts cited and proven by the documentation provided in the matter brought herein are the predicate acts showing a nexus of two racketeering enterprises: (1) Presbytery of New York-Guide One Insurance Company-Madison Avenue Presbyterian Church (Dr. Fred Anderson)-City of New York; (2) State of New York- New York State Unified Court System (including the Public Administrator)-Manhattan Surrogate Court-Kenneth Wasserman-Eli Uncyk-Jeff Kofsky-Jonathan Landsman. Each separate enterprise has the same business plan: making money through real estate deals. The strategy used by this new RICO enterprise has been to prevent the

probate of Plaintiff's mother's Will and take control over the valuable property left to

Plaintiff, then defame her, scream at her, and harass her for eleven years in the hope that

she will either simply go away (stop investigating the people involved) or die.

**WHEREFORE** as the Court overlooked evidence, facts, and laws that would compel a

different result than that previously reached, this Motion for Reconsideration and

Disqualification should be granted, with any further relief that is just and proper.

Dated: October 13, 2010

      New York, NY

Elizabeth Combier
Plaintiff Pro Se
315 East 65th Street
New York, NY 10065

21

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:       Hon.   KARLA MOSKOWITZ                    PART   03

Justice

------------------------------------------------------------------x

DANGER, JULIA

                         Plaintiff,

       - against -

COMBIER, ELIZABETH

Defendant.

------------------------------------------------------------

INDEX NO.  606259/1998

MOTION DATE _____

MOTION SEQ. NO.____005____

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                         | PAPERS NUMBERED |
|-------------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits _____  | _____ |
| Answering Affidavits — Exhibits _____        | _____ |
| Replying Affidavits _____        | _____ |

# Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is

     **ORDERED** that this motion is decided in accordance with the accompanying
Decision and Order.

Dated: December 2, 2007

                                       _____

                         **KARLA MOSKOWITZ**          *J.S.C.*

Check one:          ☒ FINAL DISPOSITION          ☐ NON-FINAL DISPOSITION

Check if appropriate:      ☐ DO NOT POST          REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x

DANGER, JULIA

                     Plaintiff,                        Index No. 606259/1998

         - against -

                                           **DECISION and ORDER**

COMBIER, ELIZABETH

                     Defendant.
-----------------------------------------------------------------------x

**MOSKOWITZ, J.**

      Plaintiff moves to dismiss this action or as she styles it: moves" to take judicial notice and dismiss all proceedings, to vacate all orders and note of issue on grounds of plaintiff's perjury and lack of judicial subject matter jurisdiction and to sanction plaintiff."

      This case has a convoluted history. In 1998, plaintiff Julia Danger ("Danger") sued her sister, defendant Elizabeth Combier ("Combier") in this court for conversion of moneys from a trust for their mother, Julia Tascherau's, benefit.   According to the complaint, the Banker' Trust Company ("Bankers Trust") was the sole trustee of the trust with the absolute and sole discretion to pay out to the mother.  Bankers Trust relied on accountings by the mother and defendant Combier during the mother's lifetime for the amount of the distributions.  Plaintiff alleges that from 1992 until her mother's death in1998, defendant utilized the trust monies for her own benefit by threatening her mother, signing hecks  and other means.

      After their mother's demise, Bankers Trust distributed the remaining principal and accrued interest to the two sisters.

      Besides the first cause of action for conversion, plaintiff demands an accounting of moneys that defendant received from the trust before the final distribution in the second cause  of action and, on behalf of Bankers Trust as well as plaintiff, appears to assert negligent misrepresentation in

the third cause of action.

Justice Shainswit dismissed the complaint on July 19, 1999 stating" The complaint alleges a derivative claim on behalf of Bankers Trust Company as trust, but fails to acknowledge that the damages which plaintiff seeks to recover are for the benefit of an entity other than plaintiff. Further, the complaint fails to name Bankers Trust Company as a nominal defendant. Finally, the complaint fails to allege that plaintiff has made a demand on Bankers Trust Company to pursue the claim directly and that such demand has been refused."

On December 17, 1999, Justice Shainswit recalled the July 19, 1999 Order in granting plaintiff's motion to renew/reargue and denied without prejudice the motion to dismiss the complaint and plaintiff's cross motion to amend and transferred the action to the Surrogate's Court where a related probate contest was pending. By mistake, Justice Shainswit signed a CPLR 325(d) order transferring the action to Civil Court that she immediately recalled and then transferred the action to Surrogate's Court (Order filed March 9, 2000).

The Surrogate dealt with discovery as well as other issues over time. On July 19, 2006 the Surrogate returned this action to the Supreme Court, New York County. The Surrogate held that "the relief sought in the complaint as framed . . ., can affect neither decedent's estate nor the now terminated trust ...since such relief would be obtained only against Elizabeth [Combier] individually. Moreover, even if Julia's [Danger] pleading could be viewed as seeking damages from Elizabeth on decedent's behalf, the court still would not have subject matter jurisdiction. Only a fiduciary of decedent's estate has standing to seek such relief, and Julia never requested limited letters for this purpose... . Similarly, to the extent that Julia's complaint could be read to seek damages on behalf of the trustee, her claims would also fail since she has no standing to make a claim on behalf of the trustee and, in any event , as noted above, she released the trustee from

liability in connection with its acts as fiduciary. Accordingly, the action is between living parties and is therefore not within this court's jurisdiction."

Because the action had been before Justice Shainswit who sat in the Commercial Part, the action was randomly reassigned to my part. Rather than set forth in detail what thereafter occurred, all of which is reflected in my orders and court reporter transcripts, suffice it to say, I struck defendant's answer for failure to attend an EBT and deliberately refusing to participate in the action.( Order dated April 25, 2007). Plaintiff filed a note of issue and this action appeared on the Part 3 Trial Calendar for an inquest and assessment of damages (Trial Cal. No. 606259/1998).

Even though I struck defendant's answer because of her noncompliance with discovery orders and technically defendant has admitted the allegations of the complaint, this court still has an obligation to examine the complaint to see if it has any merit whatsoever. During defendant's failures to comply with this court's orders and her orally asking this court to dismiss the action, I had asked defendant to ask for such relief in a motion on notice to plaintiff's attorney. Defendant has finally made this motion to dismiss, allowing plaintiff to respond and this court to carefully review the complaint and prior proceedings.

In doing so, I find that plaintiff does not have standing to bring this action, for any recovery would belong to the trust and the Trustee, Bankers Trust. As Justice Shainswit held in her recalled decision the claims are derivative on behalf of the trustee and plaintiff alleged no demands on the trustee to make the claims itself. None of the causes of action are plaintiffs to assert directly. All damages, if proven, inure to the benefit of the Trust. That defendant, in a stipulation dated April 14, 2000, waived her right to assert as a defense or raise in any form that Bankers Trust should have been named as a party is irrelevant. Further, as the Surrogate also recognized, the claims Danger makes here are not hers individually to make.

The Surrogate also noted that plaintiff released the trustee from liability in connection with its acts as a fiduciary. In that same "Instrument Settling Account"("Instrument") of the Trustee Bankers Trust, plaintiff released defendant "from all liability or damages for any monies left in the Trust after the March 16, 1998, the day of death of our mother..." and that she has examined the "account of proceedings, in all respects approve, ratify and confirm the same, as a final and conclusive account stated with respect to the period from June 23, 1995 to August 19, 1998 and waive further accounting for said period." Plaintiff executed the Instrument on June 4, 1999. The Instrument recited in it that the Surrogate's Court had judicially settled and allowed the previous intermediate accountings.

The remainder of the motion, including a request for sanctions, is denied.

The Clerk is directed to dismiss the action with prejudice, without costs or disbursements, accordingly.

Dated: December 2 7, 2007

ENTER:

_____
J.S.C.

*Kenneth T. Wasserman*

ATTORNEY AT LAW

EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4810
NEW YORK, NEW YORK 10118
ktw@kenwasserman.com

(212) 244-3399
FAX (212) 244-0980

November 14, 2005

By Federal Express
Ms. Betsy Combier
315 East 65th Street, Apt. 4C
New York, NY 10021

      Re: Will of Julia Tascherau
          Danger v. Combier
          Index No. 1042/98

Dear Ms. Combier:

      I have tried unsuccessfully to contact you by telephone.

      Ms. Santamarina has asked to have a telephone conference with us both. She is available tomorrow, November 15th.

      I enclose a proposed stipulation to authorize the trial of the probate proceeding before the trial of the trust case. I also enclose a copy of the stipulation, dated October 28, 2003, signed by your then attorney, Jonathan Landsman, and me, and is filed with the court. Ms. Santamarina discussed this October 28, 2003 stipulation with us at our last conference on October 11, 2005.

      Please advise me if you are willing to sign the stipulation authorizing the trial of the probate proceeding before the trial of the trust case.

      Kindly call me upon your receipt of this letter.

                    Very truly yours,

                    Kenneth T. Wasserman

Enclosure



**eLAW**  eDocket   eWatch   eCalendar   eServe   My eL

Elizabeth
Combier

Logout

Search
Appearances
Conferences
Alerts

### COMBIER, ELIZABETH
### v.
### ANDERSON, FRED

Appellate Division
1st Dept
Supreme NEW YORK Index :
115354 / 1999
App. Div. Index : 2006-01360,
2006-00802

**Date:** 7/20/2006 8:00:13 PM

**Subject:** eLaw: COMBIER, ELIZABETH v. ANDERSON, FRED eWatch Alert!

**Message:** This eWatch alert is provided to you by e-Law.com. The following development has occurred in:

Court System: New York Appellate Division
Department: 1st Dept
Supreme NEW YORK Index: 115354/1999
Name: COMBIER, ELIZABETH v. ANDERSON, FRED
App. Div. Index Number: 2006-01360, 2006-00802

*** Appearance Scheduled ***

On SEPTEMBER 5, 2006 At 02:00 PM , an Argument on the APPEAL is scheduled.

Home · eWatch · eCalendar · eDocket · eCopy
My Profile · Make Payments · Account History
Help · Contact Us · Privacy Statement · Press Releases

Copyright © 2000-2006 eLaw, LLC. All rights reserved.
All trademarks and registered trademarks are the property of their respective owners
and are used for identification or reference purpose only with no intent to infringe on copyrights.

Elizabeth Combier
315 East 65th Street
New York, NY 10065
212-794-8902

September 16, 2009

**BY HAND DELIVERY**
John McConnell
Chief Clerk
Appellate Division, First Department
27 Madison Avenue
New York, NY 10010

RE: Danger v Combier
    606259/98

Dear Mr. McConnell:

Would you kindly distribute copies of this letter to each of the five judges who were
participating at the oral argument on September 15, 2009 – Justices Tom, Andrias,
DeGrasse, Friedman, and Nardelli. I have enclosed five copies of this letter. I was never
told by anyone that there was oral argument yesterday, which proves the unequal rights a
pro se person has before this court. Moreover, as the papers were never served on me in
the lower Court, there was never a Trustee named, a binding agreement was signed in
1999 ending the Trust and there has been no motion to undo the end of the Trust or to
undo the agreement to hold neither Bankers Trust nor me, Elizabeth Combier liable, there
is no legal reason for me to argue the case cited above. This Court cannot rule on this
matter either, as there is no subject matter or personal jurisdiction to do so.

The Trustee, Banker's Trust, was always in total control of all monies yet was never
named in the action cited above. Indeed, Banker's Trust demanded that Mr. Kenneth
Wasserman stop his delaying tactics in costing the Trust money by his not returning the
signature of my sister Julia Danger to them so that the Trust could be closed, as my sister
and I specified were our wishes. Therefore, if anyone is to be given relief it would be me.
As I write above, neither this Court nor the Court below has any jurisdiction to rule in
this matter. Please review all the other reasons which I submitted in support of the final
dismissal of the case that never could have been heard.

I have previously submitted to you a copy of the taped conversation between me and Mr.
Wasserman, taped when he called me on January 2, 2007, demanding my presence at a
deposition in the matter "Danger v Combier" despite the lack of a Trustee defendant. On
this tape is the police detective at the 19th precinct telling me that indeed, Judge Karla
Moskowitz and her law clerk were paying Mr. Wasserman to harass me, and that is the
basis for the matter "Danger v Combier" to be placed into the New York State Supreme
Court computer. This tape is currently being made into a CD for a television news show
in California, and this recorded conversation will be online for you to download soon.

My sister and I closed the Trust by agreement and contract in 1999, and we both received equal money as the remaindermen of the Trust. Neither she nor I know what Mr. Wasserman is writing about in his error-filled, improper papers. No one ever made a Motion to stop the Trust from being closed, or to break the binding contract signed by Julia Danger and Elizabeth Combier. We -- my sister and I -- wanted to close the Trust, and we did, and we agreed that neither Bankers Trust nor I would be liable in the future. My sister knew that Mr. Wasserman changed her agreement without telling her, and in violation of that agreement, a violation pursuant to Judiciary Law §487, wherein Mr. Wasserman deceived four courts over a period of nine years. Julia Danger never understood his actions and he is not working for her, but for himself.

This Court cannot hear a "Derivative Trust Action. Ms. Danger should have objected before the distribution rather than after the Trust ended, and the signing of the notarized agreement to approve the dissolution of the Trust.

Kenneth T. Wasserman of 360 Prospect Street in South Orange, New Jersey is deceiving this Court. The case noted above in the caption with Index number 606259/98 was dismissed in 1999, has no substantive or probative value, and must be dismissed due to Plaintiff's perjury, res judicata, and the facts of this case: [i] there is no Trust; [ii] a Trustee is not named and must be named; [iii] no Court may entertain a "derivative trust case"; [iv] Plaintiff is not paying Mr. Wasserman, who has no standing to bring this case in and Plaintiff signed away her right to pursue Ms Combier in order to obtain the money in the Samuel Strauss Trust, which she obtained in 1999 in equal amount to her sister.

Also, the time within which to have appealed is over and Jill Danger's motion to reargue and renew Judge Shainswit's July 23, 1999 decision can not, as a matter of law, be renewed under any provision of CPLR § 2221. Accordingly, there can be no jurisdiction of Judge Karla Moskowitz to summon this writer to a conference on a case over which Judge Moskowitz has no jurisdiction.

**This letter is not a motion asking for relief, but is simply a statement that there is no subject matter or personal jurisdiction to summon Elizabeth Combier to any conference of a case that does not exist, and of which no papers have been served on Ms. Combier.**

WHEREAS Mr. Wasserman has no personal knowledge of the issues, never perfected an appeal, never served papers or entered any decision renewing a case that was dismissed in 1999, the case is permanently abandoned and is not appealable to any court. I request that this court not waste time on furthering the pursuit of alternative routes to prejudicing the alleged defendant, myself, in the case "Danger v Combier", and declare lack of jurisdiction and dismiss this case permanently, and sanction Mr. Wasserman for frivolous motion practice.

Pursuant to Part 130 Section 130-1.1 (c) of the Rules of the Chief Administrator of the Courts [22 NYCRR] I certify that the following statements are not frivolous, are not

made without merit in law, are not made to prolong, delay or harass anyone, and do not assert factual statements that are false. I have documented testimony to prove what I have written below. The proceeding that this Court has pursued in violation of the CPLR, State and Federal Rules of Procedure and my Civil Rights, must be dismissed immediately and Mr. Kenneth Wasserman must be sanctioned for his actions. In fact, he is acting as the substitute Trustee for Banker's Trust, a role he was never given. The current proceeding has never been verified by my sister, whose name appears in the caption. She is aware of the false claims being made by Mr. Wasserman.

The case "Julia Danger v Elizabeth Combier" does not exist except in the computer at the New York State Supreme Court, placed there by a coalition of Court personnel working for interested parties who want financial gain.

You must cease and desist, and I demand that you take **Judicial Notice** of the following:

1. **JUDICIAL NOTICE: The case "Danger v Combier" was dismissed and disposed of in 1999. This Court has no subject matter jurisdiction over this matter, and has no standing to order depositions or trials.**

2. **JUDICIAL NOTICE: The New York State Supreme Court has no subject matter jurisdiction over a "derivative trust case" that does not name a Trustee/Fiduciary, and cannot pursue a "Derivative Trust Case" because there is no such thing.**

3. **JUDICIAL NOTICE: NYS Supreme Court, Commercial Part, or any other Part, has no subject matter jurisdiction over a case involving a Trust where the Trustee/fiduciary is not named, and there is no Trust.**

4. **JUDICIAL NOTICE: Neither Julia Danger nor Elizabeth Combier were ever given a right to sue the Trust or allocation of Trust money, without Banker's Trust, because neither of us were ever designated as substitute Trustees/fiduciaries.**

**JUDICIAL NOTICE: Former NYS Supreme Court Judge Beatrice Shainswit dismissed the case "Danger v Combier" on July 19, 1999, with the following comments which have not been cured: " The complaint alleges a derivative claim on behalf of Bankers Trust Company as Trustee, but fails to acknowledge that the damages which plaintiff seeks to recover are for the benefit of an entity other than the plaintiff. Further, the complaint fails to allege that plaintiff has made a demand on Bankers Trust Company to pursue the claim directly...Defendant's application for attorney's fees, pursuant to 22 NYCRR §130-1.1 (c) (2) is granted..."**

5. **JUDICIAL NOTICE: Julia Danger never objected to the final accounting of the Samuel Strauss Trust, and signed away her rights to object, or making Elizabeth Combier ever liable for any errors in the allocations.**

6. **JUDICIAL NOTICE: After Julia Danger signed the agreement to accept the final accounting in June 1999, she agreed to release Elizabeth Combier from any liability,**

the Samuel Strauss Trust was dissolved and closed, and both sisters received equa[l] shares of the remainder funds. Ms. Danger never objected to the final accounting, and wanted the money, so she released Banker's Trust and Ms. Combier from an[y] liability in her notarized statement of 1999 (see attached).

The matter known as "Danger v Combier" must be dismissed permanently.

Thank you for your attention and consideration of this matter.

Dated: September 17, 2008
New York, NY

Elizabeth Combier
Pro Se
315 East 65th Street
New York, NY 10065

cc: Mr. Kenneth Wasserman
Judge Troy Webber

```
            CCOAMINI           SUPREME COURT - STATE OF NEW YORK      DATE: 01/18/2008
     INDEX NO: 606259 1998          NEW YORK COUNTY CLERK            TIME: 16:40:53
     PURCHASE: 12221998         CIVIL INDEX MINUTE BOOK INQUIRY

     PLAINTIFF NAME: DANGER JULIA     DEFENDANT NAME: COMBIER ELIZABETH
              ATTORNEY: KENNETH T. WASSERMA      ATTORNEY: UNKNOWN
                        350 FIFTH AVENUE
                        NEW YORK, N.Y.
                        (212) 244-3399
     SEQ  DATE                    MINUTES
     0001 12221998                SUMMONS AND COMPLAINT


     0001 03171999                AFFIDAVIT OF SERVICE


     0001 07231999                ORDER IAS PART 10 SEQ001-GRANTED


     0001 11011999                CONSENT


     0001 11241999                NOTICE OF APPEAL # 3627


     0001 12091999                APPELLATE DIVISION RECEIPT


     0001 12221999                325 (0) ORDER


     0001 12291999                ORDER IAS PART 10 SEQ 2 & 3
                                  DECISION MEMORANDUM

     0001 03092000                SHORT FORM ORDER IAS PART 10 SEQ? SEE
                                  DISPOSITION

     0001 10062006                COMPLIANCE CONFERENCE ORDER


     0001 03092007                INTERIM ORDER PT 3M SEQ 004


     0001 05012007                ORDER IAS PART 3M SEQ 004 GRANTED


     0001 05182007                COPY ORDER/NOTICE OF ENTRY


     0001 07182007                REPLY


     0001 01022008                ORDER IAS PART 03 SEQ 005 MOTION IS
                                  DECIDED IN ACCORD.WITH THE ACCOMP.
                                  DECISION AND ORDER.

                          PAGE -   1
```

The E-Accountability Foundation
Parentadvocates.org
www.wespeakup.org
WithoutAPrayerForRelief.com
MadisonavePresbyterian.info

October 3, 2006

Supreme Court Judge Karla Moskowitz
60 Centre Street
New York, NY 10007

RE: JUDICIAL NOTICE OF SPECIAL APPEARANCE
    And OBJECTION TO PERSONAL OR SUBJECT MATTER JURISDICTION

Dear Judge Moskowitz:

I, Elizabeth Combier, have been ordered without jurisdiction by this court to appear at a
SECOND status conference of a case that does not exist. Therefore, I OBJECT to any
personal jurisdiction being given to this Court over me. Please take Judicial Notice of this
objection and demand. All proceedings on October 3, 2006 and on September 3, 2006
must be seen as outside of any jurisdiction of Judge Karla Moskowitz, as the alleged
case, "Danger v Combier" does not exist.

The appearance of Elizabeth Combier in the Courtroom of Judge Karla Moskowitz is
simply a courtesy appearance to present the fraud that Mr. Kenneth Wasserman has
committed in the case he calls "Julia Danger v Elizabeth Combier", with any of the three
INDEX numbers he is using: #606259/98; 606258/99; 1042/98. None of these Index
numbers have cases that are active at this point, but Mr. Wasserman desperately wants
this court to believe that there is some life, somewhere, to his false, and unproven claims
on behalf of Banker's Trust, who, as the Trustee of the Trust of Samuel Strauss, must be
a named party to a lawsuit alleging conversaion or fraud…but have never been named,
and are not parties. Also, the Samuel Strauss Trust had nothing whatsoever to do with the
estate of Julia Taschereau, and was closed down in 1999. All funds were distributed
equally to the two remainderman, – Elizabeth Combier and Julia Danger – and releases
were signed by both sisters, ending the Trust, and any legal proceedings that could be
dreamed up by Mr. Wasserman. And dream he did. Please read below, and this
information will go out with all supporting documents to all news wires in America on
October 4, 2006. The E-Accountability Foundation will be filing charges against Mr.
Wasserman in the appropriate venue.

INVESTIGATION OF THE E-ACCOUNTABILITY FOUNDATION

At the September 13, 2006, Ms Combier told the court that the Court Clerk, Mr. Eric
Reece, had called Mr. Wasserman on or about August 21, and told him that a new Judge,
Supreme Court Judge Karla Moskowitz, had been found who "restored" the case "Danger
v Combier" ("Danger"). Ms. Combier found that the word "restored" was on the

1

The E-Accountability Foundation
Parentadvocates.org
315 East 65th Street
New York, NY 10021
Betsy Combier, President and Editor
betsy@parentadvocates.org

April 23, 2007

New York State Supreme Court
Judge Karla Moskowitz
60 Center Street
New York, NY 10007

RE: Mr. Kenneth Wasserman

Dear Judge Moskowitz,

According to a detective at the 19th Precinct, since September you have been paying Mr. Kenneth Wasserman, an Attorney, to harass me into succumbing to his demand to admit to actions that never happened, in a case that he and you, with the help of your law clerk Eric Reiss, have made up in order to obtain fees and to keep the stolen property from my mother that Mr. Wasserman took in 1998.

The case "Julia Danger v Elizabeth Combier" does not exist except in the computer as you had Gloria Smyth post it and you have no subject matter jurisdiction to pursue it under the law or under any statute, rule, or regulation in any Court of this State.

You must cease and desist, and I demand that you take **Judicial Notice** of the following:

1. In a letter that you asked me to write for clarification on the history of the case "Julia Danger v Elizabeth Combier" and which I provided your Court in good faith on September 13 and October 3, 2006 as a courtesy to you, I provided the facts that the case "Danger v Combier" was dismissed by NY State Supreme Court Judge Beatrice Shainswit in July, 1999.

**JUDICIAL NOTICE: The case "Danger v Combier" was dismissed and disposed of in 1999.**

2. The case was dismissed because there can be no case filed against a Trust without a Trustee/fiduciary being named. Banker's Trust was the Co-Trustee with Julia Taschereau of the Trust of Samuel Strauss. Mr. Wasserman never named Banker's Trust in the case.

**JUDICIAL NOTICE: The New York State Supreme Court has no subject matter jurisdiction over a "derivative trust case" that does not name a Trustee/Fiduciary, and cannot pursue a "Derivative Trust Case" because there is no such thing.**

1

3. I, Elizabeth Combier, and my sister, Julia Danger, were remaindermen of the Samual Strauss Trust held at Banker's Trust from 1953 to 1999. Neither Julia Danger nor myself were ever designated substitute trustees, representatives of the Fiduciary/Trustee, or given any other title that would give either of us powers to assume accountability for any of the funds in the Trust or given to our mother Julia Taschereau.

**JUDICIAL NOTICE: Neither Julia Danger nor Elizabeth Combier were ever given a right to sue the Trust or allocation of Trust money, without Banker's Trust, because neither of us were ever designated as substitute Trustees/fiduciaries.**

4. Julia Danger and Elilzabeth Combier were given more than the legal limit of 30 days to object to the final accounting of Banker's Trust in the Samuel Strauss Trust following the death of Julia Taschereau and the settling of fees. Neither objected, the money in the Trust was distributed in equal shares to both sisters, and the Trust was ended in June, 1999.

**JUDICIAL NOTICE: Julia Danger never objected to the final accounting of the Samuel Strauss Trust, and signed away her rights to object, or making Elizabeth Combier ever liable for any errors in the allocations.**

5. After Julia Danger signed the agreement to accept the final accounting of the Trust, all money was distributed in equal shares, and the Trust ended. There is no Trust, and there has been no Trust since 1999.

**JUDICIAL NOTICE: After Julia Danger signed the agreement to accept the final accounting in June 1999, she agreed to release Elizabeth Combier from any liability, the Samuel Strauss Trust was dissolved and closed, and both sisters received equal shares of the remainder funds..**

2

The E-Accountability Foundation
Parentadvocates.org
315 East 65th Street
New York, NY 10021
Betsy Combier, President and Editor
betsy@parentadvocates.org

April 23, 2007

New York State Supreme Court
Judge Karla Moskowitz
60 Center Street
New York, NY 10007

RE: Mr. Kenneth Wasserman

Dear Judge Moskowitz,

According to a detective at the 19th Precinct, since September you have been paying Mr. Kenneth Wasserman, an Attorney, to harass me into succumbing to his demand to admit to actions that never happened, in a case that he and you, with the help of your law clerk Eric Reiss, have made up in order to obtain fees and to keep the stolen property from my mother that Mr. Wasserman took in 1998.

The case "Julia Danger v Elizabeth Combier" does not exist except in the computer as you had Gloria Smyth post it and you have no subject matter jurisdiction to pursue it under the law or under any statute, rule, or regulation in any Court of this State.

You must cease and desist, and I demand that you take **Judicial Notice** of the following:

1. In a letter that you asked me to write for clarification on the history of the case "Julia Danger v Elizabeth Combier" and which I provided your Court in good faith on September 13 and October 3, 2006 as a courtesy to you, I provided the facts that the case "Danger v Combier" was dismissed by NY State Supreme Court Judge Beatrice Shainswit in July, 1999.

**JUDICIAL NOTICE: The case "Danger v Combier" was dismissed and disposed of in 1999.**

2. The case was dismissed because there can be no case filed against a Trust without a Trustee/fiduciary being named. Banker's Trust was the Co-Trustee with Julia Taschereau of the Trust of Samuel Strauss. Mr. Wasserman never named Banker's Trust in the case.

**JUDICIAL NOTICE: The New York State Supreme Court has no subject matter jurisdiction over a "derivative trust case" that does not name a Trustee/Fiduciary, and cannot pursue a "Derivative Trust Case" because there is no such thing.**

1

3. I, Elizabeth Combier, and my sister, Julia Danger, were remaindermen of the Samual Strauss Trust held at Banker's Trust from 1953 to 1999. Neither Julia Danger nor myself were ever designated substitute trustees, representatives of the Fiduciary/Trustee, or given any other title that would give either of us powers to assume accountability for any of the funds in the Trust or given to our mother Julia Taschereau.

**JUDICIAL NOTICE: Neither Julia Danger nor Elizabeth Combier were ever given a right to sue the Trust or allocation of Trust money, without Banker's Trust, because neither of us were ever designated as substitute Trustees/fiduciaries.**

4. Julia Danger and Elilzabeth Combier were given more than the legal limit of 30 days to object to the final accounting of Banker's Trust in the Samuel Strauss Trust following the death of Julia Taschereau and the settling of fees. Neither objected, the money in the Trust was distributed in equal shares to both sisters, and the Trust was ended in June, 1999.

**JUDICIAL NOTICE: Julia Danger never objected to the final accounting of the Samuel Strauss Trust, and signed away her rights to object, or making Elizabeth Combier ever liable for any errors in the allocations.**

5. After Julia Danger signed the agreement to accept the final accounting of the Trust, all money was distributed in equal shares, and the Trust ended. There is no Trust, and there has been no Trust since 1999.

**JUDICIAL NOTICE: After Julia Danger signed the agreement to accept the final accounting in June 1999, she agreed to release Elizabeth Combier from any liability, the Samuel Strauss Trust was dissolved and closed, and both sisters received equal shares of the remainder funds..**

The E-Accountability Foundation
Parentadvocates.org
315 East 65th Street
New York, NY 10021
Betsy Combier, President and Editor

July 17, 2007

**BY PERSONAL SERVICE**
Hon. Karla Moskowitz
60 Centre Street
New York, NY 10013

Dear Judge Moskowitz,

In the Matter that has been brought to your attention, a matter called Danger v Combier, your court has no subject matter jurisdiction as the Trust that is the basis for this non-case ended in 1999 and both parties agreed to the final accounting. Ms. Danger also signed away any right to hold either me, Elizabeth Combier, or the Trustee, Bankers Trust, liable, at any time. I have attached once again the Law in this case as a courtesy.

Mr. Kenneth T. Wasserman is not a representative for Ms. Danger, nor does he have standing to appear before you in any matter that concerns me or the Samuel Strauss Trust.

On July 2, 2007, his papers in opposition to my Motion To Dismiss were to be submitted, but he submitted nothing and did not appear, nor did anyone appear for him. These facts, together with the fact that he has no standing to submit any papers in this case as he is not a Trustee nor a substitute Trustee, are compelling reasons for you to finally and permanently dismiss this matter, and grant me the relief requested. I have served my papers which accompany this letter and the letter to Commissioner Kelly on him.

I am not able to appear on July 19, 2007 due to critical work-related activities that must be attended to and you do not have subject matter jurisdiction to order an appearance either, as I understand the rules of the Court.

Please see the letter sent to Police Commissioner Ray Kelly, with a copy of the tape in which a detective from the NYPD tells me that you are paying Mr. Wasserman to harass me.

Respectfully,

Mr. Kenneth Wasserman

The E-Accountability Foundation
Parentadvocates.org
315 East 65th Street
New York, NY 10021
Betsy Combier, President and Editor

July 17, 2007

Mr. Kenneth T. Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Dear Mr. Wasserman,

Kindly take note of my papers

You have no standing to pursue any matter concerning me, and I will be asking the US Attorney and Police Commissioner to investigate you and Ms. Julia Danger to the full extent of the Law.

Please cease and desist in your aggravated harassment of me, now going on for 9 years. I am sending the copy of all papers and the tape that you have been sent to the Police Commissioner and the US Attorney.

I cannot appear in court on July 19, 2007, as you have no standing and Judge Moskowitz has no subject matter jurisdiction.

Thank you for your consideration.

Betsy Combier
Editor, Parentadvocates.org