SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————— x

JULIA DANGER

                                       **REPLY TO PLAINTIFF'S
DEFAULT**

                                        Index No.  606259/98

         -against –

ELIZABETH COMBIER

———————————————————————— x

I, Elizabeth Combier, swear that I am fully familiar with the facts and circumstances of

this case, and hereby affirm the following under penalty of perjury:

1. I submit this Motion under duress and as a courtesy to this court, yet make no

admission of fact or validity in the case captioned above which does not exist, and this

Court has no personal jurisdiction over me and no subject matter jurisdiction over any

matter concerning the Trust of Samuel Strauss, which ended in 1999 and does not exist

nor is a Trustee or fiduciary named by Plaintiff because there is none.

2. This case must be dismissed:

a) No oral argument can take place at any time due to this court's lack of subject matter

jurisdiction and Plaintiff's Attorney Kenneth T. Wasserman having no standing, and has

submitted no papers to this court in opposition to the Motion to Dismiss.

b) This Court must stop any and all proceedings in this matter due to the following facts:

     1. The Samuel Strauss Trust was ended by Julia Danger and myself in 1999, and we
        both signed an agreement to approve the final accounting at Banker's Trust, and
        never hold either Banker's Trust or me, Elizabeth Combier, liable for any reason.

     2. Julia Danger cannot sue as an individual.

3. I never agreed that Julia Danger could sue me; she agreed, in 1999, to not hold either me or Banker's Trust liable for any reason; there was never any conversion.

4. Julia Danger could sue only if the agreement had not been signed relinquishing all rights to hold me or the Trustee liable, and if the Trust had not been ended, if, in addition, she had applied to the Court to be named as a substitute Trustee, which she never did. Ms. Danger beat and abused our mother her entire life.

5. The Trustee is a necessary party in the case, and is not named.

6. The Stipulation dated 2000 signed by Mr. Kenneth T. Wasserman and Jeffrey Kofsky is a fraud due to the fact that I have no knowledge of this stipulation, it was signed after the Trust ended, there is no judge involved, and the case died in Civil Court in 1999. This stipulation is a fraud and null and void.

7. Julia Taschereau was competent at the time of her death.

8. Julia Taschereau despised her daughter Julia Danger for constant physical and emotional abuse.

9. Julia Danger is mentally incompetent and has been under psychiatric care, but nevertheless never filed a Verification, and Mr. Wasserman cannot represent her.

10. Judge Beatrice Shainswit had no subject matter jurisdiction to "take back" and "recall" the case from Civil Court in 2000; there was no trust, as per items 1-5 above.

11. Judge Renee Roth never had subject matter jurisdiction over the case, and has no authority to "restore" or demand anything as far as any dispute, however false this is (there is no dispute, my sister is not involved);

12. Judge R. Roth cannot at any time make any orders or rulings in this case due to lack of subject matter jurisdiction.

13. This court cannot hear the matter Danger v Combier due to res judica, collateral estoppel, defensive estoppel, estoppel by laches and estoppel by misrepresentation.

14. This court cannot hear a derivative trust action and cannot make any orders or rules for any party in the case captioned above.

15. Elizabeth Combier was never served, and this Court has no personal jurisdiction over her.

16. Judge Beatrice Shainswit's dismissal of the case in 1999 and the end of the Trust as well as the distribution of funds is the law of the case; the case has a final disposition.

17. A full and complete argument has been given to this court :

## ARGUMENT

[1] This Court must give no life to the case cited above, "Danger v Combier" which does not exist. As a courtesy to this Court I have made an appearance in this court as a courtesy to this court. I OBJECT to any personal jurisdiction over me.

[2] The time within which to have appealed is over and Jill Danger's motion to reargue and renew Judge Shainswit's July 23, 1999 decision can not, as a matter of law, be renewed under any provision of CPLR § 2221. Accordingly, there can be no jurisdiction of Judge Karla Moskowitz to summon this writer to a conference on a case over which Judge Moskowitz has no jurisdiction, as follows below.

[3] **This letter is not a motion asking for relief, but is simply a statement that there is no subject matter or personal jurisdiction to summon Elizabeth Combier to a status conference of a case that does not exist, and of which no papers have been served on Ms. Combier.**

[4] On August 27, 2006 I received a letter, with no signature from any judge and no date of signature, from Room 158 of the Supreme Court claiming that I was summoned to appear for a conference in <u>Danger v. Combier</u>. The form I received was on a jury summons notice. This form of notice was obviously chosen so that it would appear official, although still without a jurisdiction-less judge having to have signed his or her name to a jurisdiction-less summons. Additionally, and equally bizarre, my address was handwritten over another address which was semi-erased using white-out (see attached pages, an exact copy of the Notice received).

[5] On July 23, 1999, in a derivative claim on behalf of Banker's Trust, Judge Shainswit, of the Supreme Court of the State of New York, New York County, ordered the entry of a decision and order granting defendant's motion to dismiss the complaint in <u>Danger v</u> Combier, stating;

    [a1] that the complaint failed to name Banker's Trust as a nominal trustee,

    [a2] that plaintiff did not make a demand directly on Banker's Trust and that the claim had been refused,  and

    [a3] that the complaint failed to acknowledge that the damages which plaintiff sought to recover were for the benefit of an entity other than the plaintiff.

[6] The July 23, 1999 decision also denied plaintiff's cross-motion to amend the complaint. Mr. Wasserman, allegedly Plaintiff's attorney, never filed an appeal in the higher Court, the Appellate Division. His time to do so has expired, but he could not have reargued his invalid points in any court.

3

[7] CPLR § 5513 mandates that the time within which to file a notice of appeal is 30 days. August 22, 1999 was the last day to file a notice of appeal on the Judge Shainswit's July 23, 1999 decision dismissing the complaint. There was no notice of appeal filed within the CPLR § 5513 statute of limitation. The case could not have been renewed under CPLR § 5513.

[8] There is no Note of Issue that creates a case for "Danger v Combier" in Civil Court, no Judge took jurisdiction, and this case could not have been restored by order of Supreme Court Judge Beatrice Shainswit, who has no jurisdiction in Civil Court. Mr. Wasserman served no papers on me, nor did he make a motion to reargue the case he allegedly had new evidence for.

[9] His claim of "new evidence" must be rejected outright. Consent to an informal accounting of a bank holding a trust is no more than a statement by the remainderman that the bank holding the trust did not take fees it was not authorized to take. It is simply irrational, logically inconceivable, and unsupported by any case or statute, to suggest that simply stating that a bank did not steal trust money {which is all a consent to an informal accounting is} tends to prove or disprove improprieties by the remainderman.

If, in and of itself, stating that a bank did not steal money from a trust were prima facie evidence of fraud, no remainderman would be able to collect a trust without self-incriminating him or herself in a crime. The Fifth Amendment would be violated by equating stating a bank did not steal trust money with stating a remainderman stole trust money

[10] The law in this case (a doctrine of intra-action res judicata, see Siegel, New York Practice 2d Ed. 8448) is the July 1999 decision by Supreme Court Judge Beatrice Shainswit, attached, and may not be undone indirectly through the inconsistent activity of a coordinate judge. Judge Shainswit's decision is a final disposition. See George W. Collins, Inc., v Olsker-McLain Industries, Inc., 22 A.D. 2d 485, 257 N.Y.S. 2d 201 (4th Dep't 1965).

[11] Nothing in CPLR §2217(a) authorizes Judge Moskowitz to decide a motion argued by Judge Shainswit, as this "shopping for judges" is disallowed by all Courts. A judge of a court of original instance cannot review – like an appellate court – a colleague's determination. See Lansingburgh Realties Inc. v Commissioner of Assessments and Taxation of the City of Troy, 42 A.D.2d 646, 345 N.Y.S. (3d Dep't 1973).

[12] CPLR 2217(b) requires that moving papers contain an affidavit attesting to whether any earlier motion sought "similar relief" and if so, how it was disposed of, what new facts had arisen, etc. The purpose, of course, is to avoid "judge shopping" generally, and, more specifically, to enable judges to avoid the risk of Appellate censure for purporting to sit in review of a colleague's act.

[13] Any act by this Court that is inconsistent with what Judge Shainswit ordered risks Appellate Court censure.

[14] I have received no documents in a case that was disposed of in 1999. Basic considerations of constitutional due process require that a Motion be made on Notice to all parties with supporting documentation. See General Rule 25. This has not been done, and any restoration of a case that has no Motion papers, no evidence, and has been abandoned for seven years cannot be valid. In re Nudelman 1950, 196 misc. 1058, 95 N.Y.S. 2d 783.

[15] Consequently, this Court has no jurisdiction over this case or me. See Papacostopulos v Morrelli, 1984, 122 misc 2d 938, 472 N.Y.S. 2d 284. I would be greatly prejudiced by this Court if any action is taken in the case "Danger v Combier", which never named the trustee, Banker's Trust and could not have been valid in 1999, nor is it valid today. The Trust was closed in 1999, and both Julia Danger and Elizabeth Combier, the two remaindermen, received 50% of the Trust, each. Julia Danger approved the accounting. No money remains, the Trust is ended seven years ago, and the claims made seven years ago were never proven by any evidence.

[16] CPLR §2219(a) : An order determining a motion relating to a provisional remedy must be made within 20 days, and an order determining any other motion must be made within sixty days, after the Motion is submitted for a decision. See Matter of Greenfield N.Y. 2d, 1990. The order must be in writing and shall be the same in form whether made by a Court or a judge out of court. There are no papers that can make Judge Roth's alleged order sending this case back to the original court, valid, and, as the Surrogate Court never had subject matter or personal jurisdiction over the case "Danger v Combier", the order of that Court sending the above mentioned non-existant case must be designated null and void. Rule derived from C.P.A. 1920 §127, 823; R.C.P. 70; §767 amended L.1911, c 368; L. 1912, c.66; C.P. 1848, §400.

[17] Failure to settle an order requires that the order be declared null and void, and abandoned. See Rule 202.48. CPLR 2220 (a) requires the entry and filing of the order in which the Motion results, along with all papers on which the motion is based…failure to fulfill this requirement is the order "may be vacated as irregular" and deemed abandoned. Mr. Wasaserman never entered any of the alleged orders of Shainswit sending the case "Danger v Combier" to Civil Court nor in the transfer to Surrogate Court, where he knew there was no subject matter jurisdiction, but he left it there anyway, for seven years, without motion or appeal or entry of anything. The case is abandoned. See Estate of Germain, 138 A.D. 2d 918, 526 N.Y.S. 2d 662 (1988); Le Blanc v Ploss, 1987 131 A.D. 2d 441, 516 N.Y.S. 2d 86. Lyons v Butler, 1987, 134, A.D. 2d 576, 521 N.Y.S. 2d 477 Cultural Center Com'n v Kokoritsis 1984, 103; A.D. 2d 1018, 478 N.Y.S. 2d 199.

[18] The order to return "Danger v Combier" is also barred by laches from re-litigation of any issues.

[19] CPLR §2221 states that all efforts must be made to prevent one *nisi prius* judge from in effect sitting as a court of appeals over a colleague, and reviewing what a judge has done. In (a), the disposition made in the original order is the "law of the land" (see

attached decision of Judge Shainswit in July, 1999), and any party not happy with this disposition – except in a motion to reargue that has been denied – may make a motion to the appellate court under CPLR 5504. Mr. Wasserman never did this. "Consequently, the decision of Judge Beatrice Shainswit stands, and is "binding on all courts of co-ordinate jurisdiction and they may not arrogate to themselves powers of appellate review". George Collins Inc. v Olsker-McLain Industries, supra.

[20] p. 7 of the order of Judge Roth mentioning a transfer having already taken place of the case "Danger v Combier" has no validity. Judge Roth states, "…the action is one between living parties and is therefore not within this court's jurisdiction…the court still would not have subject matter jurisdiction." CPLR 2221(a) states: "If there was no jurisdiction…a particular party had never been subjected to the Court's jurisdiction in the action itself, [therefore] CPLR 2221 does not apply…the order is void" C2221:3, p. 180-181, McKinney's 7B

[21] Mr. Wasserman has never made any attempt to prove the introduction of new evidence in the case "Danger v Combier." The signing of the stip releasing the funds held by Banker's Trust to Ms. Danger and myself, Ms. Combier, is not actionable as new evidence, as the accounting had already been done when Mr. Wasserman file the case above, and both parties had copies. Julia Danger signed the stip closing the Trust, as did Ms. Combier, and no objections to the accounting were made by either party. The CPLR does not condone a party arguing for renewal by using the same old arguments, which is what Mr. Wasserman did and was denied. If the movant has nothing new to offer the court except arguments which are essentially the same proof in the original motion, the appellate court will not be "fooled" and this renewal/reargument is not appealable.

[22] AS Motion to reargue, involving no new facts, may not be made after the period for appealing the prior order has expired: "…there must be an end to lawsuits and the time to take an appeal cannot forever be extetnded." In re Huie, 20 N.Y. 2d 568, 285; N.Y.S. 2d 610, 232 N.E.2d 642 (1967)

"…neither can the time for reargument of a Motion be indefinitely extended". Liberty National Bank & Trust Co. v Bero Const. Corp., 29 A.D. 2d 627, 286 N.Y.S. 2d 287 (4th Dep't 1967). "A Motion to reargue cannot be used to extend the time to appeal and such a motion must, therefore, be made before the time to appeal has expired…renewal must be based on material facts which existed at the time the prior motion was made". Holad v motor Vehicle Acc. Indem. Corp., 53 misc. 2d 952, 280 N.Y.S. 2d 87 (1967).

Rule 2221 requires that a motion to renew a previous motion must be based upon additional evidence which existed at the time prior to that when the motion was made but were not then known to the party seeking leave to renew (Rule 2221, Book 7B McKinney's, p. 194-5, p. 201). See Silverman v. Leucadia Inc., 1990 A.D. 2d 522 N.Y.S. 2d 248.

[22] Newly discovered evidence after property has been distributed is null and void: Donnelly v Donnelly, 1985, 114 A.D. 2d 671, 494 N.Y.S. 2d 245 appeal dismissed 67 N.Y. 2d 607, 502 N.Y.S. 2d 1025, 494 N.E. 2d 112.

18. JUDICIAL NOTICE of this case as null and void has been requested:

1.In a letter that you asked me to write for clarification on the history of the case "Julia Danger v Elizabeth Combier" and which I provided your Court in good faith on September 13 and October 3, 2006 as a courtesy to you, I provided the facts that the case "Danger v Combier" was dismissed by NY State Supreme Court Judge Beatrice Shainswit in July, 1999. ·

**JUDICIAL NOTICE: The case "Danger v Combier" was dismissed and disposed of in 1999. This Court has no subject matter jurisdiction over this matter, and has no standing to order depositions or trials.**

2. These papers also show that the case was dismissed because there can be no case filed against a Trust without a Trustee/fiduciary being named. Banker's Trust was the Co-Trustee with Julia Taschereau of the Trust of Samuel Strauss. Mr. Wasserman never named Banker's Trust in the case.

**JUDICIAL NOTICE: The New York State Supreme Court has no subject matter jurisdiction over a "derivative trust case" that does not name a Trustee/Fiduciary, and cannot pursue a "Derivative Trust Case" because there is no such thing.**

3. The Commercial Part of the NYS Supreme Court has no jurisdiction to pursue a "Derivative Trust " case; no such action is provided under Section 202.70 Rules of the Commercial Division of the Supreme Court, as the following description of cases handled by the Commercial Division shows.

**JUDICIAL NOTICE: NYS Supreme Court, Commerciial Part, or any other Part, has no subject matter jurisdiction over a case involving a Trust where the Trustee/fiduciary is not named, and there is no Trust.**

4. I, Elizabeth Combier, and my sister, Julia Danger, were remaindermen of the Samual Strauss Trust held at Banker's Trust from 1953 to 1999. Neither Julia Danger nor myself were ever designated substitute trustees, representatives of the Fiduciary/Trustee, or given any other title that would give either of us powers to assume accountability for any of the funds in the Trust or given to our mother Julia Taschereau.

**JUDICIAL NOTICE: Neither Julia Danger nor Elizabeth Combier were ever given a right to sue the Trust or allocation of Trust money, without Banker's Trust, because neither of us were ever designated as substitute Trustees/fiduciaries.**

**JUDICIAL NOTICE:  Former NYS Supreme Court Judge Beatrice Shainswit dismissed the case "Danger v Combier" on July 19, 1999, with the following comments which have not been cured: " The complaint alleges a derivative claim on behalf of Bankers Trust Company as Trustee, but fails to acknowledge that the damages which plaintiff seeks to recover are for the benefit of an entity other than the plaintiff. Further, the complaint fails to allege that plaintiff has made a demand on Bankers Trust Company to pursue the claim directly...Defendant's application for attorney's fees, pursuant to 22 NYCRR §130-1.1 (c) (2) is granted..."**

5. Julia Danger and Elilzabeth Combier were given more than the legal limit of 30 days to object to the final accounting of Banker's Trust in the Samuel Strauss Trust following the death of Julia Taschereau and the settling of fees. Neither objected, the money in the Trust was distributed in equal shares to both sisters, and the Trust was ended in June, 1999.

**JUDICIAL NOTICE: Julia Danger never objected to the final accounting of the Samuel Strauss Trust, and signed away her rights to object, or making Elizabeth Combier ever liable for any errors in the allocations.**

6. After Julia Danger signed the agreement to accept the final accounting of the Trust, all money was distributed in equal shares, and the Trust ended. There is no Trust, and there has been no Trust since 1999.

**JUDICIAL NOTICE: After Julia Danger signed the agreement to accept the final accounting in June 1999, she agreed to release Elizabeth Combier from any liability, the Samuel Strauss Trust was dissolved and closed, and both sisters received equal shares of the remainder funds. Ms. Danger never objected to the final accounting, and wanted the money, so she released Banker's Trust and Ms. Combier from any liability in her notarized statement of 1999.**

**WHEREFORE:** this Court has no subject matter jurisdiction and cannot call Ms.

Combier for an appearance; this court must cease and desist in it's malicious and

harassing pursuit of Ms. Elizabeth Combier, and dismiss this proceeding immediately,

with costs and sanctions against Mr. Kenneth Wasserman being awarded to Ms. Combier.

### RELIEF REQUESTED

The matter known as "Danger v Combier" must be dismissed permanently, and Plaintiff

must pay the sanctions ordered by Judge Beatrice Shainswit in 1999; all orders against

Ms. Combier for not appearing in this Court must be vacated and declared null and void

8

as this Court has no personal or subject matter jurisdiction over any matter concerned with Elizabeth Combier or the Trust of Samuel Strauss ended in 1999 with the approval of Julia Danger; the Note of Issue must be vacated and this Court must take Judicial Notice of the perjury of Plaintiff and Mr. Kenneth Wasserman in their submissions to this Court, changing the Index number to pursue their extortion of Elizabeth Combier and their commission of crimes of aggravated harassment, defamation and violation of Ms. Combier's due process rights and Constitutional right to speak in her defense without retaliation and to have a fair hearing before an impartial judge; this Court must take Judicial Notice of the Law and facts in this case and the violation of all professional responsibilities by Mr. Kenneth Wasserman; and, Plaintiff and Mr. Wasserman must be sanctioned for lies to this Court and give Ms. Combier all other relief that is just and proper.

Dated: July 17, 2007
New York, New York

Elizabeth Combier

Mr. Kenneth T. Wasserman
350 Fifth Avenue
New York, NY 10118

CHIVON C PACHECO
Notary Public - State of New York
NO. 01PA6165480
Qualified in Queens County
My Commission Expires 5/7/2011

exceed "one full business day" as previously agreed unless leave of court is granted.

Finally, a recent development in the Trust Proceeding now pending in Supreme Court warrants mention. Elizabeth, despite a court direction, refused to appear for a deposition. As a sanction for what the court described as her "deliberate and conscious disregard of court orders," the Supreme Court granted Julia's motion to strike Elizabeth's answer pursuant to CPLR 3124 and CPLR 3126 (Danger v Combier, Sup Ct, New York County, Apr. 25, 2007 [Moskowitz, J.]). An inquest and assessment of damages are scheduled to take place shortly.

Elizabeth is advised that should she fail (without prior consent of the court) to appear for the deposition in this proceeding, she risks dismissal of her probate petition.

The Clerk of the Court is directed to send, by certified mail, a copy of this decision, which constitutes the order of the court, to Elizabeth Combier.

_____

S U R R O G A T E

Dated: June/?, 2007

6

trial; the ultimate test is one of "usefulness and reason" (O'Neill v Oakgrove Constr., 71 NY2d 521, 526; Allen v. Crowell-Collier Publ. Co., 21 NY2d 403)  Thus, pre-trial disclosure extends not only to proof that is admissible, but also, to matters that may lead to the disclosure of admissible proof (see e.g. Pell v Presbyterian Hosp., 98 AD2d 624).

Within this framework, the discovery Julia seeks is relevant to her claims of undue influence and lack of testamentary capacity in this proceeding.  Although this court does not have jurisdiction over the Trust Proceeding, that fact does not, as

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____x

JULIA DANGER                                    REPLY TO PLAINTIFF'S
                                                DEFAULT

                                                Index No.  606259/98

        -against —


ELIZABETH COMBIER

_____x

I, Elizabeth Combier, swear that I am fully familiar with the facts and circumstances of

this case, and hereby affirm the following under penalty of perjury:

1. I submit this Motion under as a courtesy to this court, yet make no admission of fact or

validity in the case captioned above which does not exist, and this Court has no personal

jurisdiction over me and no subject matter jurisdiction over any matter concerning the

Trust of Samuel Strauss, which ended in 1999 and does not exist nor is a Trustee or

fiduciary named by Plaintiff because there is none.

2. This case must be dismissed:

a) No oral argument can take place at any time due to this court's lack of subject matter

jurisdiction and Plaintiff's Attorney Kenneth T. Wasserman having no standing, and has

submitted no papers to this court in opposition to the Motion to Dismiss.

b) This Court must stop any and all proceedings in this matter due to the following facts:

    1. The Samuel Strauss Trust was ended by Julia Danger and myself in 1999, and we
       both signed an agreement to approve the final accounting at Banker's Trust, and
       never hold either Banker's Trust or me, Elizabeth Combier, liable for any reason.

    2. Julia Danger cannot sue as an individual.

1

3. I never agreed that Julia Danger could sue me; she agreed, in 1999, to not hold either me or Banker's Trust liable for any reason; there was never any conversion.

4. Julia Danger could sue only if the agreement had not been signed relinquishing all rights to hold me or the Trustee liable, and if the Trust had not been ended, if, in addition, she had applied to the Court to be named as a substitute Trustee, which she never did. Ms. Danger beat and abused our mother her entire life.

5. The Trustee is a necessary party in the case, and is not named.

6. The Stipulation dated 2000 signed by Mr. Kenneth T. Wasserman and Jeffrey Kofsky is a fraud due to the fact that I have no knowledge of this stipulation, it was signed after the Trust ended, there is no judge involved, and the case died in Civil Court in 1999. This stipulation is a fraud and null and void.

7. Julia Taschereau was competent at the time of her death.

8. Julia Taschereau despised her daughter Julia Danger for constant physical and emotional abuse.

9. Julia Danger is mentally incompetent and has been under psychiatric care, but nevertheless never filed a Verification, and Mr. Wasserman cannot represent her.

10. Judge Beatrice Shainswit had no subject matter jurisdiction to "take back" and "recall" the case from Civil Court in 2000; there was no trust, as per items 1-5 above.

11. Judge Renee Roth never had subject matter jurisdiction over the case, and has no authority to "restore" or demand anything as far as any dispute, however false this is (there is no dispute, my sister is not involved);

12. Judge R. Roth cannot at any time make any orders or rulings in this case due to lack of subject matter jurisdiction.

13. This court cannot hear the matter Danger v Combier due to res judica, collateral estoppel, defensive estoppel, estoppel by laches and estoppel by misrepresentation.

14. This court cannot hear a derivative trust action and cannot make any orders or rules for any party in the case captioned above.

15. Elizabeth Combier was never served, and this Court has no personal jurisdiction over her.

16. Judge Beatrice Shainswit's dismissal of the case in 1999 and the end of the Trust as well as the distribution of funds is the law of the case; the case has a final disposition.

17. A full and complete argument has been given to this court :

## ARGUMENT

[1] This Court must give no life to the case cited above, "Danger v Combier" which does not exist. As a courtesy to this Court I have made an appearance in this court as a courtesy to this court. I OBJECT to any personal jurisdiction over me.

[2] The time within which to have appealed is over and Jill Danger's motion to reargue and renew Judge Shainswit's July 23, 1999 decision can not, as a matter of law, be renewed under any provision of CPLR § 2221. Accordingly, there can be no jurisdiction of Judge Karla Moskowitz to summon this writer to a conference on a case over which Judge Moskowitz has no jurisdiction, as follows below.

[3] **This letter is not a motion asking for relief, but is simply a statement that there is no subject matter or personal jurisdiction to summon Elizabeth Combier to a status conference of a case that does not exist, and of which no papers have been served on Ms. Combier.**

[4] On August 27, 2006 I received a letter, with no signature from any judge and no date of signature, from Room 158 of the Supreme Court claiming that I was summoned to appear for a conference in <u>Danger v. Combier</u>. The form I received was on a jury summons notice. This form of notice was obviously chosen so that it would appear official, although still without a jurisdiction-less judge having to have signed his or her name to a jurisdiction-less summons. Additionally, and equally bizarre, my address was handwritten over another address which was semi-erased using white-out (see attached pages, an exact copy of the Notice received).

[5] On July 23, 1999, in a derivative claim on behalf of Banker's Trust, Judge Shainswit, of the Supreme Court of the State of New York, New York County, ordered the entry of a decision and order granting defendant's motion to dismiss the complaint in <u>Danger v</u> Combier, stating;

      [a1] that the complaint failed to name Banker's Trust as a nominal trustee,

      [a2] that plaintiff did not make a demand directly on Banker's Trust and that the claim had been refused,  and

      [a3] that the complaint failed to acknowledge that the damages which plaintiff sought to recover were for the benefit of an entity other than the plaintiff.

[6] The July 23, 1999 decision also denied plaintiff's cross-motion to amend the complaint. Mr. Wasserman, allegedly Plaintiff's attorney, never filed an appeal in the higher Court, the Appellate Division. His time to do so has expired, but he could not have reargued his invalid points in any court.

[14] I have received no documents in a case that was disposed of in 1999. Basic considerations of constitutional due process require that a Motion be made on Notice to all parties with supporting documentation. See General Rule 25. This has not been done, and any restoration of a case that has no Motion papers, no evidence, and has been abandoned for seven years cannot be valid. In re Nudelman 1950, 196 misc. 1058, 95 N.Y.S. 2d 783.

[15] Consequently, this Court has no jurisdiction over this case or me. See Papacostopulos v Morrelli, 1984, 122 misc 2d 938, 472 N.Y.S. 2d 284. I would be greatly prejudiced by this Court if any action is taken in the case "Danger v Combier", which never named the trustee, Banker's Trust and could not have been valid in 1999, nor is it valid today. The Trust was closed in 1999, and both Julia Danger and Elizabeth Combier, the two remaindermen, received 50% of the Trust, each. Julia Danger approved the accounting. No money remains, the Trust is ended seven years ago, and the claims made seven years ago were never proven by any evidence.

[16]  CPLR §2219(a) : An order determining a motion relating to a provisional remedy must be made within 20 days, and an order determining any other motion must be made within sixty days, after the Motion is submitted for a decision. See Matter of Greenfield N.Y. 2d, 1990. The order must be in writing and shall be the same in form whether made by a Court or a judge out of court. There are no papers that can make Judge Roth's alleged order sending this case back to the original court, valid, and, as the Surrogate Court never had subject matter or personal jurisdiction over the case "Danger v Combier", the order of that Court sending the above mentioned non-existant case must be designated null and void. Rule derived from C.P.A. 1920 §127, 823; R.C.P. 70; §767 amended L.1911, c 368; L. 1912, c.66; C.P. 1848, §400.

[17] Failure to settle an order requires that the order be declared null and void, and abandoned. See Rule 202.48. CPLR 2220 (a) requires the entry and filing of the order in which the Motion results, along with all papers on which the motion is based…failure to fulfill this requirement is the order "may be vacated as irregular" and deemed abandoned. Mr. Wasaserman never entered any of the alleged orders of Shainswit sending the case "Danger v Combier" to Civil Court nor in the transfer to Surrogate Court, where he knew there was no subject matter jurisdiction, but he left it there anyway, for seven years, without motion or appeal or entry of anything. The case is abandoned. See Estate of Germain, 138 A.D. 2d 918, 526 N.Y.S. 2d 662 (1988); Le Blanc v Ploss, 1987 131 A.D. 2d 441, 516 N.Y.S. 2d 86. Lyons v Butler, 1987, 134, A.D. 2d 576, 521 N.Y.S. 2d 477 Cultural Center Com'n v Kokoritsis 1984, 103; A.D. 2d 1018, 478 N.Y.S. 2d 199.

[18] The order to return "Danger v Combier" is also barred by laches from re-litigation of any issues.

[19] CPLR §2221 states that all efforts must be made to prevent one *nisi prius* judge from in effect sitting as a court of appeals over a colleague, and reviewing what a judge has done. In (a), the disposition made in the original order is the "law of the land" (see

attached decision of Judge Shainswit in July, 1999), and any party not happy with this disposition – except in a motion to reargue that has been denied – may make a motion to the appellate court under CPLR 5504. Mr. Wasserman never did this. "Consequently, the decision of Judge Beatrice Shainswit stands, and is "binding on all courts of co-ordinate jurisdiction and they may not arrogate to themselves powers of appellate review". George Collins Inc. v Olsker-McLain Industries, supra.

[20] p. 7 of the order of Judge Roth mentioning a transfer having already taken place of the case "Danger v Combier" has no validity. Judge Roth states, "...the action is one between living parties and is therefore not within this court's jurisdiction...the court still would not have subject matter jurisdiction." CPLR 2221(a) states: "If there was no jurisdiction...a particular party had never been subjected to the Court's jurisdiction in the action itself, [therefore] CPLR 2221 does not apply...the order is void" C2221:3, p. 180-181, McKinney's 7B

[21] Mr. Wasserman has never made any attempt to prove the introduction of new evidence in the case "Danger v Combier." The signing of the stip releasing the funds held by Banker's Trust to Ms. Danger and myself, Ms. Combier, is not actionable as new evidence, as the accounting had already been done when Mr. Wasserman file the case above, and both parties had copies. Julia Danger signed the stip closing the Trust, as did Ms. Combier, and no objections to the accounting were made by either party. The CPLR does not condone a party arguing for renewal by using the same old arguments, which is what Mr. Wasserman did and was denied. If the movant has nothing new to offer the court except arguments which are essentially the same proof in the original motion, the appellate court will not be "fooled" and this renewal/reargument is not appealable.

[22] AS Motion to reargue, involving no new facts, may not be made after the period for appealing the prior order has expired: "...there must be an end to lawsuits and the time to take an appeal cannot forever be extetnded." In re Huie, 20 N.Y. 2d 568, 285; N.Y.S. 2d 610, 232 N.E.2d 642 (1967)

"...neither can the time for reargument of a Motion be indefinitely extended". Liberty National Bank & Trust Co. v Bero Const. Corp., 29 A.D. 2d 627, 286 N.Y.S. 2d 287 (4th Dep't 1967). "A Motion to reargue cannot be used to extend the time to appeal and such a motion must, therefore, be made before the time to appeal has expired...renewal must be based on material facts which existed at the time the prior motion was made". Holad v motor Vehicle Acc. Indem. Corp., 53 misc. 2d 952, 280 N.Y.S. 2d 87 (1967).

Rule 2221 requires that a motion to renew a previous motion must be based upon additional evidence which existed at the time prior to that when the motion was made but were not then known to the party seeking leave to renew (Rule 2221, Book 7B McKinney's, p. 194-5, p. 201). See Silverman v. Leucadia Inc., 1990 A.D. 2d 522 N.Y.S. 2d 248.

[22] Newly discovered evidence after property has been distributed is null and void: Donnelly v Donnelly, 1985, 114 A.D. 2d 671, 494 N.Y.S. 2d 245 appeal dismissed 67 N.Y. 2d 607, 502 N.Y.S. 2d 1025, 494 N.E. 2d 112.

18. JUDICIAL NOTICE of this case as null and void has been requested:

1.In a letter that you asked me to write for clarification on the history of the case "Julia Danger v Elizabeth Combier" and which I provided your Court in good faith on September 13 and October 3, 2006 as a courtesy to you, I provided the facts that the case "Danger v Combier" was dismissed by NY State Supreme Court Judge Beatrice Shainswit in July, 1999.

**JUDICIAL NOTICE: The case "Danger v Combier" was dismissed and disposed of in 1999. This Court has no subject matter jurisdiction over this matter, and has no standing to order depositions or trials.**

2. These papers also show that the case was dismissed because there can be no case filed against a Trust without a Trustee/fiduciary being named. Banker's Trust was the Co-Trustee with Julia Taschereau of the Trust of Samuel Strauss. Mr. Wasserman never named Banker's Trust in the case.

**JUDICIAL NOTICE: The New York State Supreme Court has no subject matter jurisdiction over a "derivative trust case" that does not name a Trustee/Fiduciary, and cannot pursue a "Derivative Trust Case" because there is no such thing.**

3. The Commercial Part of the NYS Supreme Court has no jurisdiction to pursue a "Derivative Trust " case;  no such action is provided under Section 202.70 Rules of the Commercial Division of the Supreme Court, as the following description of cases handled by the Commercial Division shows.

**JUDICIAL NOTICE: NYS Supreme Court, Commerciial Part, or any other Part, has no subject matter jurisdiction over a case involving a Trust where the Trustee/fiduciary is not named, and there is no Trust.**

4. I, Elizabeth Combier, and my sister, Julia Danger, were remaindermen of the Samual Strauss Trust held at Banker's Trust from 1953 to 1999. Neither Julia Danger nor myself were ever designated substitute trustees, representatives of the Fiduciary/Trustee, or given any other title that would give either of us powers to assume accountability for any of the funds in the Trust or given to our mother Julia Taschereau.

**JUDICIAL NOTICE: Neither Julia Danger nor Elizabeth Combier were ever given a right to sue the Trust or allocation of Trust money, without Banker's Trust, because neither of us were ever designated as substitute Trustees/fiduciaries.**

7

**JUDICIAL NOTICE: Former NYS Supreme Court Judge Beatrice Shainswit dismissed the case "Danger v Combier" on July 19, 1999, with the following comments which have not been cured: " The complaint alleges a derivative claim on behalf of Bankers Trust Company as Trustee, but fails to acknowledge that the damages which plaintiff seeks to recover are for the benefit of an entity other than the plaintiff. Further, the complaint fails to allege that plaintiff has made a demand on Bankers Trust Company to pursue the claim directly...Defendant's application for attorney's fees, pursuant to 22 NYCRR §130-1.1 (c) (2) is granted..."**

5. Julia Danger and Elilzabeth Combier were given more than the legal limit of 30 days to object to the final accounting of Banker's Trust in the Samuel Strauss Trust following the death of Julia Taschereau and the settling of fees. Neither objected, the money in the Trust was distributed in equal shares to both sisters, and the Trust was ended in June, 1999.

**JUDICIAL NOTICE: Julia Danger never objected to the final accounting of the Samuel Strauss Trust, and signed away her rights to object, or making Elizabeth Combier ever liable for any errors in the allocations.**

6. After Julia Danger signed the agreement to accept the final accounting of the Trust, all money was distributed in equal shares, and the Trust ended. There is no Trust, and there has been no Trust since 1999.

**JUDICIAL NOTICE: After Julia Danger signed the agreement to accept the final accounting in June 1999, she agreed to release Elizabeth Combier from any liability, the Samuel Strauss Trust was dissolved and closed, and both sisters received equal shares of the remainder funds. Ms. Danger never objected to the final accounting, and wanted the money, so she released Banker's Trust and Ms. Combier from any liability in her notarized statement of 1999.**

**WHEREFORE:** this Court has no subject matter jurisdiction and cannot call Ms.

Combier for an appearance; this court must cease and desist in it's malicious and

harassing pursuit of Ms. Elizabeth Combier, and dismiss this proceeding immediately,

with costs and sanctions against Mr. Kenneth Wasserman being awarded to Ms. Combier.

## RELIEF REQUESTED

The matter known as "Danger v Combier" must be dismissed permanently, and Plaintiff

must pay the sanctions ordered by Judge Beatrice Shainswit in 1999; all orders against

Ms. Combier for not appearing in this Court must be vacated and declared null and void

as this Court has no personal or subject matter jurisdiction over any matter concerned with Elizabeth Combier or the Trust of Samuel Strauss ended in 1999 with the approval of Julia Danger; the Note of Issue must be vacated and this Court must take Judicial Notice of the perjury of Plaintiff and Mr. Kenneth Wasserman in their submissions to this Court, changing the Index number to pursue their extortion of Elizabeth Combier and their commission of crimes of aggravated harassment, defamation and violation of Ms. Combier's due process rights and Constitutional right to speak in her defense without retaliation and to have a fair hearing before an impartial judge; this Court must take Judicial Notice of the Law and facts in this case and the violation of all professional responsibilities by Mr. Kenneth Wasserman; and, Plaintiff and Mr. Wasserman must be sanctioned for lies to this Court and give Ms. Combier all other relief that is just and proper.

Dated: July 17, 2007
New York, New York



_____
Elizabeth Combier


Mr. Kenneth T. Wasserman
350 Fifth Avenue
New York, NY 10118

## CITIZEN'S COMPLAINT
## AGAINST MANHATTAN SURROGATE COURT
## JUDGE RENEE ROTH, MS. ALICIA WEISMEIER,
## SENIOR LAW CLERK DOROTHY HENDERSON, AND
## ATTORNEY MARY SANTAMARINA

To the 5th Precinct:

On October 26, 2007, at approximately 11:15AM, Surrogate Judge Renee Roth, Alicia Weissmeier, Dorothy Henderson, and Mary Santamarina imprisoned me against my will and in violation of my constitutional rights and medical needs in her courtroom located at 31 Chambers Street, New York City.

The Attorney who is fraudulently pursuing bringing harm to me, Mr. Kenneth Wasserman, obtained by means of fraud and corruption, to get an order to depose me in the courtroom of Judge Roth on Friday, October 26, 2007.

Mr. Wasserman has been harassing me for 9 years, since March 17, 1998, the day after my mother's death. A restraining order was filed against him in 2000, and a complaint of Aggravated Harassment was filed at the Precinct against him in August 2006.

In July, 2006, his harassment, in collusion with Judge Roth and Supreme Court Judge Karla Moskowitz, brought about my hospitalization for heart failure. I was in the Lenox Hill Hospital for 3 days, July 22-24, 2007.

On October 16, 2007 Judge Roth ordered me into her courtroom to be deposed in a matter that has no jurisdiction in Surrogates Court, so stated by her on July 24, 2006. Knowing that I was in danger of heart problems, I asked two people to come to the deposition to observe, not speak, but just to be there.

When I entered the courtroom on October 26, 2007 at approximately 11:10AM, I informed Ms. Weismeier that two people would be coming to the deposition to observe, and I showed her a note that my doctor had written, advising the Court that I must not be alone at any time with Mr. Wasserman. Ms. Weismeier immediately spoke with the Judge and Ms. Henerson and Ms. Santamarina, and, unknown to me, they decided to block my exit from the courtroom and prevent me from contacting my two observers, who were on their way to Manhattan.

Suddenly, a Court officer blocked the door into the hallway and he told me that I could not leave the room (badge number 2713) and another court officer grabbed my cell phone out of my hand and told me that I would get it back when I finished the deposition. (badge number 4689). Neither officer would give me his name, and they both sneered at me when I asked for it.

I will be preparing a report with all supporting documentation about how Surrogate Court Judge Renee roth has stolen my property, and has intentionally put me in harm's way.

1

She has told me that if I do not do this deposition for as many days as Mr. Wasserman wants to keep me, then she will never probate my mother's Will dated November 23, 1997.

I request your help. I have been ordered back to the Courtroom on Monday, November 5, 2007, 10AM. I require my two observers remain with me at all times, and that I obtain a restraining order against Mr. Kenneth T. Wasserman, who is being paid by Supreme Court Judge Karla Moskowitz (taped statement from my home telephone, as said by Detective A'Hearn who works out of the 19th precinct).

Please help me from the deliberate attempts to harm me .

Elizabeth Combier
212-794-8902
315 East 65th Steret
New York, NY 10021

2

# EXHIBIT 2



BEIS-

I need you to get The
LeTTers back from Jill
PLEASE

ME

# EXHIBIT 3

DEPARTMENTAL DISCIPLINARY COMMITTEE
SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT
61 BROADWAY
NEW YORK, N.Y. 10006

(212) 401-0800
FAX: (212) 401-0810

PAUL J. CURRAN, ESQ.
CHAIRMAN

HALIBURTON FALES, 2D., ESQ.
HON. THOMAS B. GALLIGAN
MARTIN R. GOLD, ESQ.
DENIS McINERNEY, ESQ.
ROY L. REARDON, ESQ.
STEPHEN L. WEINER, ESQ.
SPECIAL COUNSEL

LAWRENCE J. BANKS
SALLY W. BERG
DOUGLAS W. BRANDRUP, ESQ.
CHRISTOPHER E. CHANG, ESQ.
ANN J. CHARTERS
BRIAN M. COGAN, ESQ.
DENIS F. CRONIN, ESQ.
TELESFORO DEL VALLE JR., ESQ.
CHARLES E. DORKEY III, ESQ.
PAUL F. DOYLE, ESQ.
PATRICIA FARREN, ESQ.
MARION T. ETHEREDGE
STEVEN N. FEINMAN, ESQ.
ROSALIND S. FINK, ESQ.
CHARLOTTE MOSES FISCHMAN, ESQ.
BEATRICE S. FRANK, ESQ.
MARANDA E. FRITZ, ESQ.
WILLIAM A. GALLINA, ESQ.
ROBERT L. HAIG, ESQ.
RICHARD J. HOLWELL, ESQ.
SUSAN M. KARTEN, ESQ.
JOHN J. KENNEY, ESQ.
DAVID G. KEYKO, ESQ.
MYRON KIRSCHBAUM, ESQ.
LENORE KRAMER, ESQ.
WILLIAM FRANCIS KUNTZ II, ESQ.
MICHAEL A. LACHER, ESQ.
DEBORAH E. LANS, ESQ.
MARVIN LEFFLER
BURTON N. LIPSHIE, ESQ.
HENRIETTA LYLE
MARY B. MAGUIRE
CHARLES C. MARINO
DOUGLASS B. MAYNARD, ESQ.
LAWRENCE D. McGOVERN, ESQ.
CHARLES G. MOERDLER, ESQ.
MATHIAS E. MONE, ESQ.
MERCEDES A. NESFIELD
JANE W. PARVER, ESQ.
ANTHONY M. RADICE, ESQ.
ANDREW W. REGAN, ESQ.
TIMOTHY G. REYNOLDS, ESQ.
MICHAEL J. ROSENBERG
REUBEN SAMUEL, ESQ.
AUGUSTIN J. SAN FILIPPO, ESQ.
SAMUEL W. SEYMOUR, ESQ.
DANIEL E. SIFF, ESQ.
MARIAN E. SILBER, ESQ.
EUGENE P. SOUTHER, ESQ.
JOHN L. WARDEN, ESQ.
ERIC J. WARNER, ESQ.
SUSAN WELSHER
COMMITTEE MEMBERS

THOMAS J. CAHILL
CHIEF COUNSEL

SHERRY K. COHEN
FIRST DEPUTY CHIEF COUNSEL

ANDRAL N. BRATTON
DEPUTY CHIEF COUNSEL

CHRISTINE C. ANDERSON
ROBERTA N. KOLAR
ANGELA CHRISTMAS
NICOLE CORRADO
JORGE DOPICO
MADY J. EDELSTEIN
JEREMY S. GARBER
NAOMI F. GOLDSTEIN
JOSEPH J. HESTER
JUN HWA LEE
VITALY LIPKANSKY
STEPHEN P. McGOLDRICK
BIANCA MICHELIS
KEVIN E.F. O'SULLIVAN
JAMES T. SHED
EILEEN J. SHIELDS
JUDITH N. STEIN
RAYMOND VALLEJO
LA TRISHA A. WILSON
STAFF COUNSEL

July 12, 2004

BY HAND

PERSONAL AND CONFIDENTIAL

Ronald Uzenski, Motion Clerk
Supreme Court, Appellate Division
First Judicial Department
27 Madison Avenue
New York, New York 10010

> **Re: Matter of Steven C. Krane, Esq.**
> **Motion to Transfer**

Dear Mr. Uzenski:

Please find submitted herewith an original and seven (7) copies of a Notice of Motion and Affirmation to transfer the complaint against the above referenced attorney to another Judicial Department. The motion is returnable August 2, 2004.

Please note the affidavit of service upon the parties on the blueback of the original Motion.

Very truly yours,

Thomas J. Cahill

TJC/nkd
Encls:
cc:  Steven C. Krane, Esq.
     Eliot I. Bernstein
     P. Stephen Lamont

I:\Tjc\2004\uzenski2.kra.wpd

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION :   FIRST DEPARTMENT

----------------------------------------X

In the Matter of an Attorney and
Counselor-at-Law:                                    NOTICE OF MOTION

Departmental Disciplinary Committee
for the First Judicial Department,

                    Petitioner.

----------------------------------------X


        PLEASE TAKE NOTICE that upon the annexed affirmation of

Thomas J. Cahill, Esq., Chief Counsel to the Departmental

Disciplinary Committee for the Appellate Division, First

Judicial Department (the "Committee"), a motion will be

submitted to this Court at the Appellate Division Courthouse,

27 Madison Avenue, New York, New York 10010, on August 2, 2004

at 10:00 A.M. or as soon thereafter as counsel can be heard,

for an order granting the Committee permission to transfer the

investigation and disposition of a complaint (Docket No.

2004.1883) to another Judicial Department for assignment to a

grievance committee that this Court deems appropriate, on the

conflict of interest and appearance of impropriety.

3.  On or about June 29, 2004 Eliot I. Bernstein filed a complaint against Steven C. Krane, Esq., who on April 19, 2004 was appointed a Referee to hear evidence in a matter brought by the Departmental Disciplinary Committee.  In order to avoid the appearance of impropriety which could result from having the Committee determine the merits of the complaint, this matter should be transferred to another jurisdiction.

4.  On June 17, 2004 the Committee requested that this Court transfer two related complaints by Mr. Bernstein (Docket Nos. 2003.0531 and 2003.0532) to another Judicial Department based upon the same grounds of potential conflict or interest and appearance of impropriety.

◊   ◊   ◊

WHEREFORE, based upon the reasons set forth above, the Committee respectfully requests that this Court issue an order transferring Docket No. 2004.1883 to another Judicial Department for assignment to a grievance committee that this

-2-

Court deems appropriate, and for such other and different

relief as the Court deems just and proper.


Dated:   New York, New York
         July 12, 2004

                                    _____
                                       THOMAS J. CAHILL

I:\Tjc\2004\Krane2.aff.wpd

-3-

White & Case Celebrates its 100th Birthday on May 1

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:  (1-212) 354-8113

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

BAHRAIN
JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

# White & Case Celebrates
# Its 100ᵗʰ Birthday on May 1

## Firm Receives New York State Bar Association's Special Recognition Award for its Pro Bono Service on its 100ᵗʰ Anniversary

**New York, May 1, 2001 ...** White & Case LLP, the 1400 lawyer international law firm, turned 100 years old on May 1, 2001. The same day, the Firm was honored by the New York State Bar Association for its decades of pro bono service. White & Case received the Bar Association's Special Recognition Award, an award given on infrequent occasions to mark special or enduring pro bono service.

White & Case, which now has offices in 27 countries, was formed a century ago in New York City by two young attorneys, J. DuPratt White, then 31, and George B. Case, then 28, at the urging of some of the titans of finance of their time. Within a few years, White and Case had formed Bankers Trust Company, were representing the leading New York banks and were advising many of the emerging business giants of the 20ᵗʰ century.



*click* for History of Firm

The first major American law firm to embark upon a global strategy of client service and expansion, White & Case is now one of the leading international law firms in the world. Its lawyers concentrate in cross-border corporate and financial transactions and dispute resolution.

"We live in fascinating times as the global marketplace and the promise