CLOSED

U.S. District Court
Southern District of New York - Civil Database (Foley Square)

CRIMINAL DOCKET FOR CASE #: 99-CR-250-1

USA v. Bankers Trust Co.                                    Filed: 03/11
Case Assigned to:  Judge John G. Koeltl
Dkt# in other court: None

BANKERS TRUST COMPANY                  Samuel W. Seymour
       defendant                          [term  07/27/99]
    [term  07/27/99]                      [COR LD NTC ret]
                                          125 Broad Street
                                          New York, NY 10004-2498
                                          (212) 558-4000

                                       Carey R. Dunne
                                          [term  07/27/99]
                                          [COR LD NTC ret]
                                          Davis, Polk & Wardwell
                                          450 Lexington Avenue
                                          New York, NY 10128
                                          (212) 450-4000

Pending Counts:                        Disposition

18:1005.F BANK ENTRIES,                The defendant shall pay a fine
REPORTS AND TRANSACTIONS               of $60,000,000.00.
(MAKING      FALSE ENTRIES IN          (1 - 3)
BANK BOOKS AND RECORDS)
(1 - 3)

Offense Level (opening): 4

Terminated Counts:

   NONE

Complaints:

   NONE

U. S. Attorneys:

   Alex Young K. Oh
   [COR LD NTC]
   Assistant United States

Proceedings include all events.                                    CLOSE
1:99cr250-1 USA v. Bankers Trust Co.

Attorney
Mary Jo White, United States
Attorney
Criminal Division
One St. Andrew's Plaza
New York, NY 10007
USA
(212) 791-1991

Docket as of August 4, 2000 3:38 pm                    Page 2

Proceedings include all events.
1:99cr250-1 USA v. Bankers Trust Co.                                    CLOSED

| 3/11/99 | 1 | WAIVER OF INDICTMENT by Bankers Trust Co. (bh) [Entry date 03/15/99] |
|---|---|---|

3/11/99   2   SEALED INFORMATION as to Bankers Trust Co. (1) count(s
              1-3 (bh) [Entry date 03/15/99]

3/11/99   3   NOTICE of Appearance for Bankers Trust Co. by Attorney
              Samuel Seymour (bh) [Entry date 03/15/99]

3/11/99   4   NOTICE of Appearance for Bankers Trust Co. by Attorney
              Carey R. Dunne (bh) [Entry date 03/15/99]

3/11/99  --   Arraignment as to Bankers Trust Co. held. Deft pres w/a
              Carey Dunne and Samuel Seymour pres, AUSA Alex Oh pres.
              Deft pleads not guilty Bankers Trust Co. (1) count(s) 1
              before Magistrate Judge Michael H. Dolinger. Case assig
              to Judge Koeltl for all purposes. (bh) [Entry date 03/15

3/11/99  --   ORAL ORDER as to Bankers Trust Co. , Unsealing
              Information ( Entered by Judge John G. Koeltl ) (bh)
              [Entry date 03/16/99]

3/11/99  --   Change of Plea Hearing as to Bankers Trust Co. held.
              Defendant Bankers Trust Company present with attorneys
              Samuel Seymour and Cary Dunne. AUSA's Alex Oh and Andrea
              Weiss. Reporter Steven Griffing present. Defendant change
              plea of not guilty and pleads guilty to count 1 through
              of information. Sentence date set for 5/12/99 at 5:00 pm
              (mr) [Entry date 03/17/99]

3/11/99  --   Change of Not Guilty Plea to Guilty Plea by Bankers Trust
              Co. Bankers Trust Co. (1) count(s) 1-3 (mr)
              [Entry date 03/17/99]

3/11/99  --   PLEA entered by Bankers Trust Co. . Court accepts plea.
              Guilty: Bankers Trust Co. (1) count(s) 1-3 (Terminated
              motions - ) (mr) [Entry date 03/17/99]

3/11/99  --   Sentencing set for 5:00 5/12/99 for Bankers Trust Co. ,
              Bankers Trust Co. (1) count(s) 1-3 (mr)
              [Entry date 03/17/99]

5/13/99   5   TRANSCRIPT of record of proceedings as to Bankers Trust Co
              filed before Judge Koeltl for dates of 3/11/99. (sac)
              [Entry date 05/13/99]

6/4/99    6   ORDER as to Bankers Trust Co., The Court received the
              enclosed correspondence that was not copied to all parties
              It is therefore attached. The action seeks a Government
              inquiry and no action is called for by the Court. ( Signed
              by Judge John G. Koeltl ); Copies mailed. (mr)
              [Entry date 06/10/99]

Proceedings include all events.                                    CLOSED
1:99cr250-1 USA v. Bankers Trust Co.

7/17/99   7    ORDER as to Bankers Trust Co., The Court forwards to the
               parties the attached letter from Mr. Supinski because it
               not clear that the letter was sent to both parties. No
               action is called for from the Court. ( Signed by Judge
               John G. Koeltl ); Copies mailed. (mr) [Entry date 06/24/9!

7/12/99   8    ORDER as to Bankers Trust Co., The Court has received the
               attached letter which is being forwarded to the parties.
               Signed by Judge John G. Koeltl ); Copies mailed. (mr)
               [Entry date 07/13/99]

7/26/99   --   Sentencing held Bankers Trust Co. (1) count(s) 1-3  (mr)
               [Entry date 07/29/99]

7/27/99   9    FILED JUDGMENT in a CRIMINAL CASE. Defendant present with
               attorney Samuel Seymour. The defendant Bankers Trust Co.
               pleaded guilty to count(s) 1-3. The defendant is sentence
               as provided in pages 2 through 4 of this judgment. The
               sentence is imposed pursuant to the Sentencing Reform Act
               1984. It is ordered that the defendant shall notify the
               United States Attorney for this district within 30 days o
               any change of name, residence, or mailing address until a
               fines, restitution, costs, and special assessments impose
               by this judgment are fully paid. The defendant shall pay
               fine of $60,000,000.00. The fine shall be payable, togeth
               with interest, by thursday, 7/29/99 from the funds alread
               in Escrow with the Federal Reserve Bank of New York. The
               Court imposes no restitution because fashioning and order
               restitution will unnecessarily prolong and complicate the
               sentencing process. Statement of reasons attached. Judgme
               and Commitment issued to U.S. Marshal ( Signed by Judge Jc
               G. Koeltl ); [ Docketed as a Judgment #99,1797 on 7/30/99.
               (mr) [Entry date 07/29/99] [Edit date 08/02/99]

7/28/99   10   ORDER as to Bankers Trust Co., The Court has received the
               attached letter which is being forwarded to the parties.
               ( Signed by Judge John G. Koeltl ); Copies mailed. (mr)
               [Entry date 07/29/99]

7/31/99   --   Payment of Fine in the amount of $61,025,852.75 by Bankers
               Trust Co. Date received: 7/30/99 (bw) [Entry date 08/04/99

8/20/99   --   Payment of Fine in the amount of $60,600,000.00 by Bankers
               Trust Co.Date received: 7/30/99 (sl) [Entry date 08/20/99]

9/10/99   11   TRANSCRIPT of record of proceedings as to Bankers Trust Cc
               for dates of 7/26/99 before Judge Koeltl. (mr)
               [Entry date 09/10/99]

10/6/99   12   ORDER as to Bankers Trust Co. The Court forwards to the
               parties correspondence dated September 28, 1999. ( Signed
               on 10/4/99 by Judge John G. Koeltl ); Copies mailed. (bw)
               [Entry date 10/07/99]

Docket as of August 4, 2000 3:38 pm                    Page 4

Certified as a true copy
this date 8-4-0[?]
By _____
( ) Cl[?]
[?]De[?]

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon. __KARLA MOSKOWITZ__ PART __03__

Justice

--------------------------------------------------------------x

DANGER, JULIA

         Plaintiff,       INDEX NO. __606259/1998__

   - against -          MOTION DATE _____

COMBIER, ELIZABETH        MOTION SEQ. NO. __005__

               MOTION CAL. NO. _____

Defendant.

-------------------------------------------------

**FILED**

JAN 02 2008

NEW YORK
COUNTY CLERK'S OFFICE

The following papers, numbered 1 to _____ were read on this motion to/for _____

                            PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

# Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is

   ORDERED that this motion is decided in accordance with the accompanying Decision and Order.

Dated: December 2̶0̶, 2007

                 __KARLA MOSKOWITZ__    *J.S.C.*

Check one: ☒ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST     ☐ REFERENCE



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 11, 1999

BY HAND

Samuel W. Seymour, Esq.
Sullivan & Cromwell
125 Broad Street
New York, New York  10004

Carey R. Dunne, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10017

Re:   United States v. Bankers Trust Company
99 Cr. ____

Dear Messrs. Seymour and Dunne:

1.      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York (the "Office") will accept a guilty plea from BANKERS TRUST COMPANY ("BANKERS TRUST") to Counts One through Three of the above-referenced Information.  Counts One through Three each charge BANKERS TRUST with making false entries in bank books and records, in violation of Title 18, United States Code, Section 1005.

2.      It is understood and agreed that BANKERS TRUST's allocution at the time of the plea shall include, in haec verba, the statement included as Exhibit A hereto, the accuracy of which BANKERS TRUST hereby affirms.  BANKERS TRUST agrees that the total amount of unclaimed funds unlawfully recorded as BANKERS TRUST's income or reserves, including an unlawful transfer of $1.3 million in outstanding customer checks in 1989, is $19.1 million.  Any additional statements by BANKERS TRUST shall be consistent in all material respects with the statements contained in Exhibit A.

3.      This Agreement is contingent upon the sentencing judge accepting this Agreement.  Should the Court reject the terms of this Agreement, this Agreement shall be void, and neither this Office nor BANKERS TRUST shall be bound by its terms.  It is further understood and agreed that the parties will request that the Court accept the terms of this

Exhibit E

Samuel W. Seymour, Esq.                    2                    March 11, 1999
Carey R. Dunne, Esq.

Agreement pursuant to Fed. R. Crim. P. 11(e)(1)(C), 11(e)(2), 11(e)(3), and Sentencing
Guidelines § 6B1.2(c).

4.      The parties have reached a stipulation concerning the appropriate amount
of the criminal fine in this case pursuant to United States Sentencing Guidelines §§ 8C2.3,
8C2.4, 8C2.5, 8C2.6 and 8C2.8. This Office and BANKERS TRUST therefore stipulate
pursuant to Sentencing Guidelines § 6B1.4 that Sixty Million dollars ($60,000,000) is the
appropriate sentence and fine in this case.

5.      It is understood and agreed that the Court:  (i) will impose a total
criminal fine of Sixty Million dollars ($60,000,000) pursuant to Fed. R. Crim. P. 11(e)(1)(C);
and (ii) will retain jurisdiction to enforce the terms and conditions of this Agreement. The
parties understand that this Agreement reflects the particular facts of this case and is not
intended as precedent for other cases.

6.      It is understood and agreed that BANKERS TRUST shall pay the sum of
Sixty Million dollars ($60,000,000) to the Federal Reserve Bank of New York as escrow agent
within 48 hours of the entry of its guilty plea, which shall then be wire transferred to the
United States, as directed by this Office, on the date of imposition of sentence. All of this
amount shall constitute a criminal penalty payable to the United States. It is further
understood and agreed that, thereafter, under no circumstances shall BANKERS TRUST be
entitled to a refund of any monies paid pursuant to this Agreement. BANKERS TRUST shall
also pay a special assessment of $200 per count at sentencing.

7.      The parties agree to sentencing without preparation of a Presentence
Report. It is further understood and agreed that the parties will seek a finding from the Court
pursuant to Fed. R. Crim. P. 32(b)(1) and the policy statement set forth in Sentencing
Guidelines § 6A1.1 that the information in the record, including the allocution of BANKERS
TRUST attached hereto as Exhibit A, is sufficient to enable the Court to exercise its sentencing
authority meaningfully under Title 18, United States Code, Section 3553, and that the
preparation of a Presentence Report pursuant to Fed. R. Crim. P. 32 is not necessary.
BANKERS TRUST has requested, and the Office agrees to, a two-month adjournment of
sentencing in order to permit other regulatory agencies to evaluate BANKERS TRUST's
request for regulatory approval to continue to engage in certain businesses. The parties also
agree that sentencing will proceed on or before May 12, 1999, unless the Government consents
to a further extension.

8.      It is understood that BANKERS TRUST will continue to cooperate in
connection with the Government's investigation of this and related matters. This cooperation
requires that BANKERS TRUST (a) shall truthfully and completely disclose, to the extent
permitted by law, all information with respect to the activities of BANKERS TRUST and its
officers and employees concerning all matters about which this Office inquires of BANKERS

Samuel W. Seymour, Esq.                    3                      March 11, 1999
Carey R. Dunne, Esq.

TRUST, which information can be used for any purpose; (b) shall cooperate fully with this
Office, the Federal Bureau of Investigation, the Federal Reserve Bank of New York ("Federal
Reserve") and any other government agency designated by this Office; (c) shall develop a plan
within 30 days from the date of this plea, which shall be subject to the approval of the Federal
Reserve, to make full restitution of all moneys derived from the conduct described in
paragraph 9 below; (d) shall submit to the Federal Reserve for its review and approval, within
30 days of the date of this plea, the written internal compliance procedures which the bank
already has implemented for the strengthening and maintenance of its records, systems, and
internal audit and controls, in order to ensure that such misconduct will not recur in the future;
(e) shall attend all meetings at which this Office requests BANKERS TRUST officers' and
employees' presence; (f) shall provide to this Office, upon request, any document, record, or
other tangible evidence relating to matters about which this Office or any designated law
enforcement agency inquires of BANKERS TRUST, to the extent permitted by law; (g) shall
truthfully testify before the grand jury and at any trial and other court proceeding with respect
to any matters about which this Office may request BANKERS TRUST officers' and
employees' testimony; (h) shall bring to this Office's attention all crimes which BANKERS
TRUST has committed, all criminal proceedings, investigations, or prosecutions in which
BANKERS TRUST has been or is a subject, target or party, and all administrative proceedings
in which BANKERS TRUST is likely to be charged for misconduct; and (i) shall commit no
further crimes whatsoever. Moreover, any assistance BANKERS TRUST may provide under
this Agreement to federal criminal investigators shall be pursuant to the specific instructions
and control of this Office and designated investigators.

          9.      It is understood that this Office cannot, and does not, agree not to
prosecute BANKERS TRUST for criminal tax violations. However, if BANKERS TRUST
fully complies with the understandings specified in this Agreement, no testimony or other
information given by BANKERS TRUST (or any other information directly or indirectly
derived therefrom) will be used against BANKERS TRUST in any criminal tax prosecution.
Moreover, if BANKERS TRUST fully complies with the understandings specified in this
Agreement, neither BANKERS TRUST nor any of its corporate affiliates will be further
prosecuted criminally by this Office for any crimes, except for criminal tax violations,
concerning (A) the activities, from 1986 to 1996, of BANKERS TRUST officers and
employees in the Client Processing Services division relating to: (i) the wrongful conversion
of unclaimed customer funds and/or funds that were escheatable in due course to various states
as abandoned property; or (ii) the false and misleading recording of such unclaimed funds in
BANKERS TRUST's books and records as income or reserves; or (B) any statements that
were made or any conduct that occurred in the course of this Office's and the Federal
Reserve's investigation in 1996, to the extent that BANKERS TRUST has disclosed the
specified activities in paragraph 9(A) and 9(B) to this Office as of the date of this Agreement.
This Agreement does not provide any protection against prosecution for any crimes except as
set forth above and does not provide any protection for any natural persons against prosecution
for any crimes, including those specified in this paragraph.

Samuel W. Seymour, Esq.                    4                        March 11, 1999
Carey R. Dunne, Esq.

      10.    It is understood and agreed that the Office shall be free to prosecute BANKERS TRUST or any of its corporate affiliates for the conduct set forth in paragraph 9 above: (i) should the Court reject this Agreement, including the stipulated fine of Sixty Million dollars ($60,000,000); (ii) should the allocution of BANKERS TRUST fail to incorporate, in haec verba, Exhibit A; (iii) should the Court not accept the plea of guilty of BANKERS TRUST; (iv) should any motion to withdraw the plea of guilty, or to attack collaterally a conviction based upon such a plea, be granted and become final; (v) should BANKERS TRUST fail to pay the criminal fine in accordance with this Agreement; or (vi) should BANKERS TRUST violate any other provision of this Agreement. BANKERS TRUST agrees to waive any and all defenses based upon the passage of time that might exist with respect to the matters enumerated in paragraph 9, including, but not limited to, the statute of limitations with respect to any such prosecutions that are not time-barred on the date this Agreement is signed by BANKERS TRUST.

      11.    It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of BANKERS TRUST to the attention of other prosecuting offices, if requested by BANKERS TRUST.

      12.    It is understood that, should BANKERS TRUST commit any further crimes or should it be determined that BANKERS TRUST has given false, incomplete, or misleading testimony or information, or should BANKERS TRUST otherwise violate any provision of this Agreement, BANKERS TRUST shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against BANKERS TRUST, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

      13.    It is understood that in the event that it is determined that BANKERS TRUST has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by BANKERS TRUST and its officers and employees to this Office or other designated law enforcement agents, and any testimony given by BANKERS TRUST and its officers and employees before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against BANKERS TRUST; and (b) BANKERS TRUST shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is

Samuel W. Seymour, Esq.
Carey R. Dunne, Esq.                              5

                                                                    March 11, 1999

the intent of this Agreement to waive all rights in the foregoing respects.

14.   This Agreement supersedes any prior understandings, promises, or conditions between this Office and BANKERS TRUST. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

MARY JO WHITE
United States Attorney

By:   _____
      ALEX YOUNG K. OH
      Assistant United States Attorney
      (212) 637-2218

APPROVED:

      _____
      MARK F. POMERANTZ
      Chief, Criminal Division

AGREED AND CONSENTED TO:
BANKERS TRUST COMPANY

_____          _____
By: DAVID D. BROWN, IV             March 11, 1999
Pursuant to Authority Conveyed     DATE
By Resolution of the Board of
Directors of BANKERS TRUST COMPANY

APPROVED:

_____          _____
SAMUEL W. SEYMOUR, ESQ.            DATE
Counsel to BANKERS TRUST

APPROVED:

_____          _____
CAREY R. DUNNE, ESQ.               3/11/99
Counsel to BANKERS TRUST           DATE



**BRION D. TRAVIS**
**CHAIRMAN**

STATE OF NEW YORK
EXECUTIVE DEPARTMENT
**DIVISION OF PAROLE**
97 CENTRAL AVENUE
ALBANY, NEW YORK 12206

MARTIN CIRINCIONE
EXECUTIVE DIRECTOR

December 2, 1999

Samuel W. Seymour, Esq.
Sullivan and Cromwell
125 Broad Street
New York, NY    10004-2498

                    Re:  Bankers Trust Company

Dear Mr. Seymour:

Enclosed is the original of the Certificate of Relief From Disabilities issued by the Board of Parole for your client, Bankers Trust Company.

                    Sincerely,


                    JAMES V. MURRAY
                    Director
                    Executive Clemency Bureau


Enclosure
JVM:crc

bc:  Martin Cirincione


AN EQUAL OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYER
PRINTED ON RECYCLED PAPER



STATE OF NEW YORK

CERTIFICATE OF RELIEF FROM DISABILITIES ~~COPY~~

**FOR COURT OR BOARD OF PAROLE**
Docket, File, or other Identifying No.
99CR250
CR-99-164

This certificate is issued to the holder to grant relief from all or certain enumerated disabilities, forfeitures, or bars to his employment automatically imposed by law by reason of his conviction of the crime or of the offense specified herein.
**This certificate shall NOT be deemed nor construed to be a pardon.**
SEE REVERSE SIDE FOR EXPLANATION OF THE LAW GOVERNING THIS CERTIFICATE
The Original Certificate is to be presented to the person to whom awarded. One copy is to be retained by the issuing agency, one copy is to be filed with the N.Y.S. Div. of Criminal Justice Services, Executive Park, Stuyvesant Plaza, Albany, N.Y. 12203

| 1. For use by DCJS | 2. Last Name | HOLDER OF CERTIFICATE First Name | Middle Initial | 3. NYSID Number (if not known, and fingerprints to DCJS. If fingerprints are unobtainable, complete item 15-18 below.) |
|---|---|---|---|---|
| | Bankers Trust Company | | | |

| 4. Crime or offense for which convicted | 5. Date of arrest | 6. Date of sentence |
|---|---|---|
| Making False Entries in Bank Books and Records (3 counts) | N/A | 7/26/99 |

| 7. Court of disposition (Court, Part, Term, Venue) | 8. Certificate issued by: |
|---|---|
| United States District Court Southern District of New York | a ☐ COURT INDICATED IN NO. 7   b ☒ STATE BOARD OF PAROLE |

| 9. Date this certificate issued | 10. If this Certificate replaces Certificate of Relief From Disabilities previously issued, give date of previous Certificate. Date: ☒ Not Applicable |
|---|---|

**11. CHECK ONE BOX ONLY**

This certificate shall:

a ☐ Relieve the holder of all forfeitures, and of all disabilities and bars to employment, excluding the right to retain to be eligible for public office, by virtue of the fact that this certificate is issued at the time of sentence. The Date of Sentence in this case must agree with the Date Certificate Issued.

b ☐ Relieve the holder of all disabilities and bars to employment, excluding the right to be eligible for public office

c ☒ Relieve the holder of the forfeitures, disabilities or bars hereinafter enumerated S.C.P.A. Section 707(1

12. ☒ This certificate shall be considered permanent.

☐ This certificate shall be considered temporary until _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ After, this date, unless revoked earlier by the issuing court or parole board, this certificate shall be considered permanent. A person who knowingly uses or attempts to use a revoked certificate in order to obtain or exercise any right or privilege that he would not be entitled to obtain or to exercise without valid certificate shall be guilty of a misdemeanor.

| 13. Signature of issuing official(s) | Print or type name(s) | | 14. Title(s) |
|---|---|---|---|
| *[signature]* | Joseph J. Gawloski | 11-19-99 | COMMISSIONER |
| *[signature]* | Daizzee D. Bouey | 11-19-99 | COMMISSIONER |
| *[signature]* | R. Guy Vizzie | 11-22-99 | COMMISSIONER |

Complete the following for DCJS, only if fingerprints are not obtainable

| 15. Sex | 16. Color | 17. Height | | 18. Date of Birth (Month, Day, Y. |
|---|---|---|---|---|
| ☐ Male   ☐ Female | | ft. | in. | |

Form DP-53 (Rev. 9/72)

Form DP-53 (Reverse)

## LAWS GOVERNING THE ISSUANCE OF CERTIFICATES OF RELIEF FROM DISABILITIES

(The laws governing the issuance of certificates of relief from disabilities are set forth in Article 23 of the New York State Correction Law. The excerpts below summarize certain portions of those laws and are set forth merely for convenience. They are not intended as administrative interpretations and they do not relieve any party of full knowledge of and compliance with the applicable provisions of law.)

This certificate is issued to relieve the holder, an "eligible offender" as defined in § 700 of the Correction Law, of all or of enumerated forfeitures, disabilities, or bars to employment automatically imposed by law by reason of his conviction of the crime or offense specified on the face of this certificate.

This certificate shall be considered a "temporary certificate" where (1) issued by a court to a holder who is under a "revocable sentence" as defined in § 700 of the Correction Law and the court's authority to revoke such sentence has not expired, or (2) issued by the State Board of Parole and the holder is still under the supervision of the Board. Where the holder is under a revocable sentence, this certificate may be revoked by the court for violation of the conditions of such sentence and shall be revoked by the court if it revokes the sentence and commits the holder to an institution under the jurisdiction of the State Department of Correctional Services. Where the holder is subject to the supervision of the State Board of Parole, this certificate may be revoked by the Board for violation of the conditions of parole or release. Any such revocation shall be upon notice and after an opportunity to be heard. If this certificate is not so revoked, it shall become a permanent certificate upon expiration or termination of the court's authority to revoke the sentence or upon termination of the jurisdiction of the Board of Parole over the holder.

## RIGHTS OF RELIEF FROM DISABILITIES

A. Where the certificate is issued by a court at the time sentence is pronounced, it covers forfeitures as well as disabilities. In any other case the certificate applies only to disabilities.

B. A conviction of the crime or the offense specified on the face of this certificate shall NOT cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and covered by the certificate. Nor shall such conviction be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate. Provided, however, that no such certificate shall apply, or be construed so as to apply, to the right of such person to retain or to be eligible for public office.

C. A conviction of the crime or the offense specified on the face of this certificate shall NOT prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified on the reverse side of this certificate as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or renew any license, permit or other authority or privilege.



STATE OF NEW YORK    CORRECTED COPY
CERTIFICATE OF RELIEF FROM DISABILITIES

FOR COURT OR BOARD OF PAROLE
Docket, File, or other identifying no.
99CR250
CR-99-164

This certificate is issued to the holder to grant relief from all or certain enumerated disabilities, forfeitures, or bars to his employment automatically imposed by law by reason of his conviction of the crime or of the offense specified herein.
This certificate shall NOT be deemed nor construed to be a pardon.
SEE REVERSE SIDE FOR EXPLANATION OF THE LAW GOVERNING THIS CERTIFICATE

The Original Certificate is to be presented to the person to whom awarded. One copy is to be retained by the issuing agency, and one copy is to be filed with the N.Y.S. Div. of Criminal Justice Services, Executive Park, Stuyvesant Plaza, Albany, N.Y. 12203.

| 1. For use by DCJS | HOLDER OF CERTIFICATE | | | 3. NYSID Number (If not known, supply fingerprints to DCJS. If fingerprints are unobtainable, complete items 15-18 below.) |
|---|---|---|---|---|
| | 2. Last Name | First Name | Middle Initial | |
| | Bankers Trust Company | | | |

| 4. Crime or offense for which convicted | 5. Date of arrest | 6. Date of sentence |
|---|---|---|
| Making False Entries in Bank Books and Records (3 counts) | N/A | 7/26/99 |

| 7. Court of disposition (Court, Part, Term, Venue) | 8. Certificate issued by: |
|---|---|
| United States District Court Southern District of New York | [ a ] COURT INDICATED IN NO. 7 <br><br> [a][X] STATE BOARD OF PAROLE |

| 9. Date this certificate issued | 10. If this certificate replaces Certificate of Relief From Disabilities previously issued, give date of previous Certificate. |
|---|---|
| December 2, 1999 | Date:                    [X] Not Applicable |

**11. CHECK ONE BOX ONLY**
This certificate shall:

[ a ]   Relieve the holder of all forfeitures, and of all disabilities and bars to employment, excluding the right to retain or to be eligible for public office, by virtue of the fact that this certificate is issued at the time of sentence. The Date of Sentence in this case must agree with the Date Certificate Issued.

[ b ]   Relieve the holder of all disabilities and bars to employment, excluding the right to be eligible for public office

[c][X]   Relieve the holder of the forfeitures, disabilities or bars hereinafter enumerated S.C.P.A. Section 707(1)(e)

**12. [X] This certificate shall be considered permanent.**

[ ] This certificate shall be considered temporary until _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ After, this date, unless revoked earlier by the issuing court or parole board, this certificate shall be considered permanent. A person who knowingly uses or attempts to use a revoked certificate in order to obtain or exercise any right or privilege that he would not be entitled to obtain or to exercise without valid certificate shall be guilty of a misdemeanor.

| 13. Signature of issuing official(s) | Print or type name(s) | 14. Title(s) |
|---|---|---|
| *[signatures]* | Joseph J. Gawloski <br><br> Daizzee D. Bouey <br><br> R. Guy Vizzie | COMMISSIONER <br><br> COMMISSIONER <br><br> COMMISSIONER |

Complete the following for DCJS, only if fingerprints are not obtainable

| 15. Sex | 16. Color | 17. Height | 18. Date of Birth (Month, Day, Year) |
|---|---|---|---|
| [ ] Male   [ ] Female | | ft.          in. | |

I HEREBY CERTIFY, PURSUANT TO SECTION 2105 OF THE C.P.L.R. THAT I AM AN ATTORNEY ADMITTED TO PRACTICE BEFORE THE COURTS OF THE STATE OF NEW YORK, THAT I HAVE COMPARED THIS COPY WITH THE [____] N.Y. THEREOF, AND THAT IT IS A TRUE AND COMPLETE COPY OF THAT ORIGINAL.

Form BP-53 (Rev. 9/72)

*[signature]*

Exhibit J

Form DP-53 (Reverse)

## LAWS GOVERNING THE ISSUANCE OF CERTIFICATES OF RELIEF FROM DISABILITIES

(The laws governing the issuance of certificates of relief from disabilities are set forth in Article 23 of the New York State Correction Law. The excerpts below summarize certain portions of those laws and are set forth merely for convenience. They are not intended as administrative interpretations and they do not relieve any party of full knowledge of and compliance with the applicable provisions of law.)

This certificate is issued to relieve the holder, an "eligible offender" as defined in § 700 of the Correction Law, of all or of enumerated forfeitures, disabilities, or bars to employment automatically imposed by law by reason of his conviction of the crime or offense specified on the face of this certificate.

This certificate shall be considered a "temporary certificate" where (1) issued by a court to a holder who is under a "revocable sentence" as defined in § 700 of the Correction Law and the court's authority to revoke such sentence has not expired, or (2) issued by the State Board of Parole and the holder is still under the supervision of the Board. Where the holder is under a revocable sentence, this certificate may be revoked by the court for violation of the conditions of such sentence and shall be revoked by the court if it revokes the sentence and commits the holder to an institution under the jurisdiction of the State Department of Correctional Services. Where the holder is subject to the supervision of the State Board of Parole, this certificate may be revoked by the Board for violation of the conditions of parole or release. Any such revocation shall be upon notice and after an opportunity to be heard. If this certificate is not so revoked, it shall become a permanent certificate upon expiration or termination of the court's authority to revoke the sentence or upon termination of the jurisdiction of the Board of Parole over the holder.

## RIGHTS OF RELIEF FROM DISABILITIES

A.  Where the certificate is issued by a court at the time sentence is pronounced, it covers forfeitures as well as disabilities. In any other case the certificate applies only to disabilities.

B.  A conviction of the crime or the offense specified on the face of this certificate shall <u>NOT</u> cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and <u>covered</u> by the certificate. Nor shall such conviction be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate. Provided, however, that no such certificate shall apply, or be construed so as to apply, to the right of such person to retain or to be eligible for public office.

C.  A conviction of the crime or the offense specified on the face of this certificate shall <u>NOT</u> prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified on the reverse side of this certificate as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or renew any license, permit or other authority or privilege.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

IN THE MATTER OF THE APPLICATION OF          x
BANKERS TRUST COMPANY OF NEW YORK
(f.k.a. DEUTSCHE BANK TRUST COMPANY) and     :
BANKERS TRUST COMPANY,

                              Petitioners,    :

For substitution of fiduciary relationships pursuant to
New York Banking Law §154.
                                              x
_____

Index No. 99 | 121 823

VERIFIED PETITION

NYS SUPREME COURT
R E C E I V E D

OCT 2 9 1999

I. A. S. MOTION
SUPPORT OFFICE

Bankers Trust Company of New York and Bankers Trust Company, by their

attorneys, White & Case LLP, for their Verified Petition (the "Petition"), allege as follows upon

information and belief:

1.    Petitioner Bankers Trust Company of New York ("Trust Co.") (f.k.a.

Deutsche Bank Trust Company) is a trust company organized under the laws of the State of New

York with its principal place of business at 31 West 52nd Street, New York, New York 10019.

Trust Co. is authorized to carry on trust activities pursuant to Section 100 of the New York

Banking Law ("NYBL"). A copy of the authorization certificate issued to Deutsche Bank Trust

Company (as Trust Co. was then known) by the New York State Banking Department is attached

hereto as Exhibit A.

2.    Trust Co. is, and since its inception has been, an indirect wholly owned

subsidiary of Deutsche Bank AG ("Deutsche Bank"), a banking corporation organized under the

laws of Germany with its principal place of business at Taunusanlange 12, D-60325 Frankfurt am

Main, Germany. Deutsche Bank, with consolidated assets of approximately $755 billion (as of

Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————— x

ELIZABETH COMBIER,

             Plaintiff           DOCKET NO. 09 CIV 5314 (RJH)(FM)


      -against-                    **AFFIRMATION OF SERVICE**

THE STATE OF NEW YORK,  SUPREME COURT
OF THE STATE OF NEW YORK APPELLATE
DIVISION FIRST DEPARTMENT, HON, JOHN T.
BUCKLEY, in his individual and official capacity, HON.
KARLA MOSKOWITZ, in her individual and official
Capacity, ELIOT SPITZER, in his individual and official
Capacity, ERIC REISS, in his individual and official
Capacity, LAUREN HOLMES, in her individual and official
capacity, DAN RAMOS, in his individual and official
capacity, HON. JONATHAN LIPPMAN,
in his individual and official capacity as the former
Presiding Judge of the New York Supreme Court,
Appellate Division, First Department, HON RENEE
R. ROTH, in her individual and official capacity
as the former Manhattan Surrogate Court Judge,
HON. TROY WEBBER, in her individual and
official capacity, BARBARA LEVITAN, in her
individual and official capacity, MARY SANTAMARINA, Esq.,
in her individual and official capacity, ETHEL GRIFFIN,
in her individual and official capacity, PETER SCHRAM,
in his individual and official capacity, DR. FRED
ANDERSON, in his individual and professional capacity,
KENNETH WASSERMAN, in his official and individual
capacity, FRANCESCA SABADIE, individually,
LAWRENCE MARK, individually, JULIA DANGER,
individually, ELI UNCYK, in his individual and
professional capacity, JEFF KOFSKY, in his individual
and professional capacity, JONATHAN LANDSMAN, in his
individual and professional capacity, DOROTHY HENDERSON
in her individual and professional capacity, GUIDE ONE
INSURANCE COMPANY, PRESBYTERY OF NEW YORK CITY,

                  Defendants

——————————————————————————— x

I, Elizabeth Combier, affirm under penalty of perjury that
I have served a copy of the MEMORANDUM OF LAW IN SUPPORT
OF RECONSIDERING THE MEMORANDUM AND ORDER DISMISSING
PLAINTIFF'S SECOND AMENDED COMPLAINT AND DISQUALIFYING JUDGE
HOLWELL AS A RESULT OF CONFLICTS OF INTEREST
and all exhibits, upon the Attorneys and Defendants named
in the caption at the addresses listed below by First Class
Mail by placing a true copy in a United States post office
box on October 14, 2010.

I declare under penalty of perjury that the foregoing is
true and correct.

Dated: New York, NY

October 14, 2010

315 East 65th Street
New York, NY 10065
212-794-8902

Jeffery H. Sheetz
Greenfield, Stein & Senior, LLP
600 Third Avenue
11th Floor
New York , NY 10016

Kenneth Wasserman
350 Fifth Avenue Suite 4810
New York, NY 10118

Eli Uncyk and Jeffrey Kofsky
555 Fifth Avenue, 18th fl
New York, NY 10017

Monica Anne Connell
New York State Office of the Attorney General (24th Floor)
120 Broadway, 24th Floor
New York , NY 10271

Julia Danger

47 Avenue Mathurin Moreau
Paris France 75019


Lawrence Mark
2110 Quaker Ridge Road
Croton-on-Hudson NY 10520

Francesca Sabadie
1 Walworth Avenue
Scarsdale, NY 10583

Carl J. Schaerf
Schnader Harrison Segal & Lewis LLP
Attorney for Guide One Insurance Company
140 Broadway, Suite 3100
New York, NY 10005-1101

Jonathan Landsman
260 Madison Avenue, 17th Fl.
New York, NY 10016

Original and Courtesy Copy to chambers of
United States District Judge Richard J. Holwell
500 Pearl Street Room 1950
New York, NY 10007

Courtesy copy to chambers of
Magistrate Judge Frank Maas
500 Pearl Street
New York, NY 10007